UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AMY ROTHBAUM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>vs.<br><br>**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,**<br><br>**Defendant.** | **CASE NO.: 11-CV-10509-MLW** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE HER SECOND AMENDED COMPLAINT**

Plaintiff Amy Rothbaum ("Plaintiff") respectfully requests leave of Court to file the [Proposed] Second Amended Class Action Complaint annexed to her Motion as Exhibit 1 (the "SAC"). As explained herein, Plaintiff's request for leave complies with the liberal standards under Fed. R. Civ. P. 15(a) ("Rule 15(a)"). Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff leave to file the SAC.

**Introduction**

On March 24, 2011, Plaintiff commenced this action on behalf of herself and all persons who purchased a new Samsung Phone manufactured, distributed, or sold by Samsung Telecommunications America, LLC ("Samsung") (the "Class"). Plaintiff originally defined the "Samsung Phones" as the following Smartphones that are manufactured by Samsung under the Galaxy S Smartphone family: Captivate™,

1

Vibrant™, Fascinate™, and Epic 4G™.[1]  On April 7, 2011, Plaintiff filed the Amended Complaint on behalf of the Class as defined above.

On May 17, 2011, pursuant to section 9 of the Massachusetts Consumer Protection Act ("MCPA"), M.G.L. c. 93A, Plaintiff sent a demand letter to Samsung (the "Demand Letter"), detailing Samsung's violations of the MCPA.  Plaintiff demanded that Samsung provide relief to her and all Class members.  On June 16, 2011, Samsung responded to the Demand Letter in writing stating that Samsung would not meet the demands set forth in the Demand Letter.  In particular, Samsung stated that it would not provide any relief for the millions of Class members who have been damaged by Samsung's unfair and deceptive business practices. Furthermore, Samsung stated that it only would provide to Plaintiff a replacement Samsung Phone, which suffers from the same defect as Plaintiff's current Samsung Phone.

Accordingly, Plaintiff seeks to amend her complaint to assert an allegation, individually, and on behalf of the Class for violations of the MCPA and to include the additional Samsung Phones referenced in footnote 1 herein.

## Argument

**I.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED PURSUANT TO RULE 15(A)**

**A. The Rule 15(a) Standard**

Rule 15 of the Federal Rule of Civil Procedure establishes a liberal standard for allowing a party to amend its pleadings. *Boston Scientific Corp. v. Radius Int'l, L.P.*, No. 06-10184, 2008 U.S. Dist. LEXIS 36012, at *3 (D. Mass. May 2, 2008) (citing FED. R. CIV. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").

---

[1] Plaintiff's continuing investigation has revealed that the Samsung Phones also include the following models: the Mesmerize™, the Showcase™, and the Continuum™.

Under this standard, Courts generally permit the amendment of pleadings "unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility." *Id.* at **3-4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).

### B. Samsung Cannot Show Undue Delay, Bad Faith, Undue Prejudice, or Futility

Plaintiff seeks to amend her complaint in order to add an MCPA claim and three Smartphone models to the class definition. Defendant cannot show that any of these changes are unduly prejudicial, futile, or made after undue delay or made in bad faith. Accordingly, Plaintiff's motion for leave to file the amended complaint should be granted.

#### 1. Undue Delay

Plaintiff has not unduly delayed the filing of this motion because she makes this motion less than three months after filing her amended complaint and only one month after sending the Demand Letter pursuant to the MCPA claim. *See O'Donnell v. Robert Half Intern., Inc.*, 429 F. Supp. 2d 246, 251 (D. Mass. 2006) (finding no undue delay or prejudice where litigation was "in the early stages and . . . not nearly ready for trial"); *cf. Human Res. Dev. Press, Inc. v. Ikon Office Solutions, Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) (denying Rule 15(a) motion when Plaintiff made the motion twenty months after filing its first amended complaint); *Acosta-Mestre v. Hilton Int'l of P.R.*, 156 F.3d 49, 52 (1st Cir. 1998) (denying Rule 15(a) motion when filed fifteen months after initial complaint and over a year after the first amendment); *Palmer v. Champion Mortg.*, 465 F.3d 24, 31 (1st Cir. 2006) (affirming denial of a motion to amend that was filed over

fifteen months after commencement of the action and more than nine months after initial amendment).

    2.    Undue Prejudice

In light of the fact that Plaintiff makes this motion before discovery has even begun, the proposed amended complaint would not prejudice Defendant. *See O'Donnell*, 429 F. Supp. 2d at 251; *Ikon Office Solutions, Inc.*, 246 F.R.D. at 87 (holding that the addition of a new claim after discovery has ended could prejudice the defendant); *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 20 (1st Cir. 1979) (holding an amendment to the complaint would be prejudicial when parties had already completed discovery).

    3.    Bad Faith

Plaintiff's motion is not made in bad faith because Plaintiff merely seeks to assert an additional claim and to expand the number of phones in the Class.

    4.    Futility

Under Rule 15(a), "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)); *Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend."); *see also Savoy*, 139 F.R.D. at 267 (D. Mass. 1991) ("A proposed amendment is futile if it serves no ligitimate purpose or is without legal merit.").

The addition of Plaintiff's MCPA 93A claims would not be futile because the initial complaint, as well as the proposed SAC, allege sufficient facts to state a MCPA claim on behalf of Plaintiff and the Class.  In any event, it is clear that Defendant will move to dismiss the SAC, if Court grants Plaintiff leave to file the SAC, thus it would be more efficient to address any issue regarding any alleged futility in connection with Defendant's anticipated motion to dismiss once all issues are fully briefed by both parties.

Furthermore, leave to amend is regularly granted when a plaintiff seeks to add MCPA claims.  *See, e.g.*, *Cabana v. Forcier*, 200 F.R.D. 9, 13 (D. Mass. 2001); *Valerio v. U.S. Bank, N.A.*, 716 F. Supp. 2d 124, 126 (D. Mass. 2010); *Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183, 184 (D. Mass. 2007).

Courts also have permitted plaintiffs to amend their complaints to expand the class definition.  *E.g.*, *Bruce v. Harley-Davidson Motor Co.*, No. CV 09-6588, 2010 U.S. Dist. LEXIS 65779, at **10-13 (C.D. Cal. June 10, 2010) (permitting Plaintiff to file a third amended complaint and expand the class from only California purchasers to purchasers of 24 states); *Hundt v. DirectSat USA, LLC*, No. 08 C 7238, 2010 U.S. Dist. LEXIS 50544, at **7-8 (N.D. Ill. May 17, 2010) (holding that expanding the scope of the class and adding defendants to the action would not be futile or prejudicial).

Thus, Plaintiff should be permitted to assert her rights under the MCPA and expand the scope of the Class.

## Conclusion

Therefore, Plaintiff's motion for leave to amend her complaint should be granted.

Dated: July 13, 2011					Respectfully submitted,

				**/s/ Adam M. Stewart**_____
				Edward F. Haber (BBO # 215620)
				Adam M. Stewart (BBO # 661090)
				SHAPIRO HABER & URMY LLP
				53 State Street
				Boston, MA 02109
				Tel: (617) 439-3939
				Fax: (617) 439-0134
				ehaber@shulaw.com
				astewart@shulaw.com

				*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

				**/s/ Adam M. Stewart**_____
				Adam M. Stewart