# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMY ROTHBAUM, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 11-CV-10509-MLW |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

By its attorneys,

Robert M. Buchanan, Jr. (BBO No. 545910)
   rbuchanan@choate.com
Brian A. Davis (BBO No. 546462)
   bad@choate.com
Margaret E. Ives (BBO No. 668906)
   mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tele:  (617) 248-5000
Fax:  (617) 248-4000

Date:  June 30, 2011

# TABLE OF CONTENTS

Page

Introduction.................................................................................................................. 1

Allegations Of The Plaintiff's Amended Complaint ................................................. 2

Procedural Posture ....................................................................................................... 4

The Standard To Be Applied To A Motion To Dismiss............................................. 4

Argument ..................................................................................................................... 5

I.   COUNT I OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
     ON BEHALF OF MS. ROTHBAUM AS AN INDIVIDUAL............................ 5

     A.   STA Has Not Been Given An Adequate Opportunity To Provide A Remedy. ...... 5

          1.   Plaintiff's Complaint Does Not Support The Allegation That
               Remedies Have Been "Provided By Samsung" And Have "Failed." .... 6

          2.   Plaintiff's Complaint Does Not Support The Allegation That She
               Gave Required Notice Of Her Claims To STA.............................. 8

          3.   Plaintiff's Apparent Strategic Decision To Bypass Her Available
               Contractual Remedies Further Supports Dismissal. ........................10

     B.   The AT&T "Internal Service Bulletin" Cited In The Plaintiff's Complaint
          Directly Undercuts, Rather Than Supports, Her Claims.......................... 12

     C.   The UCC Does Not Apply To The Plaintiff's Service Agreement With
          AT&T, And She Does Not Have A Claim Against STA Under Common
          Law. ................................................................................................... 13

II.  COUNT I OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
     ON BEHALF OF A CLASS, AND DOES NOT OTHERWISE SUPPORT
     FEDERAL COURT JURISDICTION. ..........................................................15

     A.   The Claim On Behalf Of A Class Fails For The Same Reasons. ......................... 15

     B.   Where The Class Claim Fails, Ms. Rothbaum's Individual Claim Does
          Not Support Diversity Jurisdiction. ................................................... 17

III. COUNT II OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A
     VIABLE CLAIM AGAINST STA UNDER TEXAS LAW..............................17

     A.   Plaintiff's UCC Claim Under Texas Law Fails For The Same Reasons. ............. 18

     B.   Plaintiff's Claims Against STA Simply Are Not Subject To Texas Law............. 18

Conclusion.................................................................................................................20

## TABLE OF AUTHORITIES

CASES

Arabian v. Sony Electronics, Inc.,
No. 05-1741, 2007 U.S. Dist. LEXIS 67769 (S.D. Cal. Sept. 13, 2007)....................17

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009) ............................................................. 4

AT&T Mobility, LLC v. Concepcion,
131 S. Ct. 1740 (April 27, 2011) ........................................10-14, 16

Atchole v. Silver Spring Imports, Inc.,
379 F. Supp. 2d 797 (D. Md. 2005) ...............................................11

Avritt v. Reliastar Life Insurance Company,
No. 07-1817, 2009 U.S. Dist. LEXIS 51524 (D. Minn. June 18, 2009)....................17

Basham v. Audiovox Corporation,
198 S.W.2d 9 (Ct. App. Texas) ...................................................11

Bedi v. Hewlett-Packard Co. and Staples, Inc.,
No. 07-12318, 2008 U.S. Dist. LEXIS 102672 (D. Mass. Nov. 17, 2008) ...............3, 5

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) ............................................................4-5

Blackstone Realty LLC v. FDIC,
244 F.3d 193 (1st Cir. 2001) ..................................................... 5

Boston Helicopter Charter, Inc. v. Agusta Aviation Corp.,
767 F. Supp. 363 (D. Mass. 1991)...............................................5, 7

Chestnut Hill Dev. Corp. v. Otis Elevator Co.,
653 F. Supp. 927 (D. Mass. 1987)................................................14

College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance
Company, 585 F.3d 33 (1st Cir. 2009)............................................17

Compaq Computer Corp. v. LaPray,
135 S.W.3d 657 (Tex. 2004).................................................. 19-20

Cooper v. Samsung Electronics America, Inc.,
374 Fed. App'x (3d Cir. March 30, 2010)........................................20

Delano Growers' Cooperative Winery v. Supreme Wine Co.,
393 Mass. 666 (1985)..........................................................9, 15

Drobnak v. Andersen Corp.,
    561 F.3d 778 (8th Cir. 2009)................................................................... 15-16

Faherty v. CVS,
    No. 09-12102, 2011 U.S. Dist. LEXIS 23547 (D. Mass. March 9, 2011) .............. 19-20

Gray v. Evercore Restructuring LLC,
    544 F.3d 320 (1st Cir. 2008) ........................................................................ 10

Greenray Industries, Inc. v. Charleswater Products, Inc.,
    No. 88-8566, 1990 U.S. Dist. LEXIS 2568 (D. Mass. Feb. 23, 1990) ...................... 19

Griffin v. Schneider,
    No. 93-1253, 1993 U.S. App. LEXIS 15147 (1st Cir. 1993) ............................. 8, 13

Harland M. Braun & Co. v. Drew Tanning of Brockton, Inc.,
    No. 81-2121, 1982 U.S. Dist. LEXIS 16676 (D. Mass. Nov. 18, 1982) .................. 6, 9

In re Bridgestone/Firestone, Inc.,
    288 F.3d 1012 (7th Cir. 2002) ...................................................................... 20

In re Erving Industries, Inc.,
    No. 09-30623, 2010 Bankr. LEXIS 1069 (D. Mass. April 7, 2010) .......................... 14

In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.,
    No. 05-1718, 2007 U.S. Dist. LEXIS 62483 (E.D. Mich. Aug. 24, 2007) .................. 16

In re Pilgrim's Pride Corp.,
    No. 08-45664, 2009 Bankr. LEXIS 2763 (N.D. Tex. Sept. 16, 2009) ...................... 14

In re TJX Companies Retail Security Breach Litigation,
    564 F.3d 489 (1st Cir. 2009) ........................................................................ 17

Jacobs v. Yamaha Motor Corp., U.S.A.,
    420 Mass. 323 (1995)................................................................................ 10

Klein v. MHM Correctional Services, Inc.,
    No. 08-11814, 2010 U.S. Dist. LEXIS 83818 (D. Mass. Aug. 16, 2010)
    (Wolf, J.)..........................................................................................3-5, 7-8

Knox v. Samsung Electronics America, Inc.,
    No. 08-4308, 2009 U.S. Dist. LEXIS 53685 (D.N.J. June 24, 2009)...................... 20

Laster v. T-Mobile United States, Inc.,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................................ 13

Muehlbauer v. Gen. Motors Corp.,
    No. 05-2676, 2009 U.S. Dist. LEXIS 26971 (N.D. Ill. Mar. 31, 2009)...................... 17

Pops Pancakes, Inc. v. NuCO2, Inc.,
    251 F.R.D. 677 (S.D. Fla. 2008) ................................................................ 17

Quaker State Oil Refining Corp. v. Garrity Oil Co.,
    884 F.2d 1510 (1st Cir. 1989) ................................................................ 19

Ralph Nugent v. Popular Markets, Inc.,
    353 Mass. 45 (1967) ................................................................................ 9

Reicher v. Berkshire Life Ins. Co. of Am.,
    360 F.3d 1 (1st Cir. 2004) ...................................................................... 19

Rule v. Fort Dodge Animal Health, Inc.,
    607 F.3d 240 (1st Cir. 2010) ......................................................... 10, 18

Sacramona v. Bridgestone/Firestone, Inc.,
    106 F.3d 444 (1st Cir. 1997) .............................................................. 8-9

Sebago v. Beazer East, Inc.,
    18 F. Supp. 2d 70 (D. Mass. 1998) (Wolf, J.) ...................... 6, 10, 13-14

SEC v. Tambone,
    597 F.3d 436 (1st Cir. 2010) (en banc) ................................................ 4

Smith v. Robertshaw Controls Co.,
    410 F.3d 29 (1st Cir. 2005) ................................................................... 8

Sosik v. Albin Marine, Inc.,
    No. 02-0539B, 2003 Mass. Super. LEXIS 160 (Mass. Super. Ct. May 28, 2003) ...... 6, 10

Stiegele v. Bailey,
    No. 05-10677, 2007 U.S. Dist. LEXIS 86469 (D. Mass. Aug. 23, 2007) (Wolf, J.) ....... 5

United California Bank v. Eastern Mountain Sports, Inc.,
    546 F. Supp. 945 (D. Mass. 1982) ....................................................... 9

Wilcox v. Hillcrest Memorial Park of Dallas,
    696 S.W.2d 423 (Tex. App. 1985) ..................................................... 18

Zeigler v. Sony Corp. of Am.,
    No. 01- 030181305S, 2004 Conn. Super. LEXIS 236 (Conn. Super. Ct. Jan. 26,
    2004) ............................................................................................ 15-16

## STATUTES

28 U.S.C. § 1332 ...................................................................................... 17

M.G.L. c. 106, § 2-314 .......................................................................... 5, 13

M.G.L. c. 106, § 2-318 .................................................................................................. 10

M.G.L. c. 106, § 2-607 .................................................................................................... 9

M.G.L. c. 106, § 2-714 ............................................................................................... 6, 8-9

M.G.L. c. 106, § 2-719(1) ................................................................................................ 6

Tex. Bus. & Com. Code § 2-607 ..................................................................................... 18

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws .................................................................... 19

Rule 12(b)(6) .................................................................................................................... 4

## Introduction

This is a putative class action brought by a single claimant involving allegedly defective "smartphones." Smartphones are essentially handheld computers that also function as mobile telecommunication devices. Plaintiff Amy Rothbaum ("Plaintiff" or "Ms. Rothbaum") alleges that her Samsung "Captivate" smartphone, which she acquired from an AT&T store in Holyoke, Massachusetts, is defective because it purportedly shuts down at random times. Ms. Rothbaum further alleges that Samsung's express warranty pertaining to her smartphone has "failed of [its] essential purpose," even though Ms. Rothbaum never has provided Samsung (as opposed to AT&T) with proper notice or the opportunity to inspect, repair or replace her smartphone. Rather, Ms. Rothbaum immediately commenced this federal court action under Massachusetts and Texas law purporting to represent a nationwide class "of all persons who purchased a new Samsung Phone manufactured, distributed, or sold by Samsung in the United States."

Plaintiff's claims, as alleged in her Amended Complaint ("Complaint" or "A.C."), necessarily fail as a matter of law. Even assuming that Ms. Rothbaum's Samsung smartphone is "defective" (an allegation that Samsung otherwise disputes), Ms. Rothbaum never gave the required notice to defendant Samsung Telecommunications America, LLC ("Samsung" or "STA") and never sought any remedy from STA before filing suit. Thus, there is no factual or legal basis for her conclusory allegation that the contractual remedies "provided by Samsung" have "failed." STA stands ready to provide the Plaintiff with a fully functioning replacement handset pursuant to the express warranty. This is a complete remedy. Ms. Rothbaum has no additional claims or rights, under either Massachusetts or Texas law, at the present time. The same defects affect the Plaintiff's putative class action claims. Accordingly,

Ms. Rothbaum's Complaint against STA should be dismissed in its entirety for the reasons discussed more fully below.

### Allegations Of The Plaintiff's Amended Complaint

The allegations of the Plaintiff's Complaint, which STA accepts as true solely for purposes of this Motion to Dismiss, are as follows:

Smartphones are mobile telecommunication devices that also provide "advanced computing ability and wireless internet connectivity." A.C., ¶ 13. Modern smartphone handsets "have many of the features possessed by computers," including sophisticated "operating system ('OS') . . . software, consisting of programs and data, that runs on computers and manages computer hardware resources and provides common services for efficient execution of various application software." *Id.*

Samsung's "Galaxy S" family of smartphones utilize the "Android" operating system. A.C., ¶ 14. Different models of Samsung's Galaxy S smartphones are sold by different independent wireless service providers, such as AT&T, Sprint, T-Mobile and Verizon, according to their own terms and conditions. *Id.*, ¶ 15. The "Captivate" model, sold by AT&T, is one such model. *Id.* To date, more than ten million Samsung Galaxy S smartphones of the various types have been sold around the world, including more than one million in the United States. *Id.*, ¶¶ 18-19.

Plaintiff Amy Rothbaum, a New York resident, allegedly acquired a Samsung Galaxy S "Captivate" smartphone from an AT&T store in Holyoke, Massachusetts, on October 16, 2010. A.C., ¶ 43. Plaintiff thereafter encountered problems with her Captivate. *Id.*, ¶ 44. She claims that her Captivate suffers from what she terms a "Random Shut Down Defect," which purportedly causes the handsets to "power off, completely, when the Samsung Phones are in the 'Standby' mode." *Id.*, ¶¶ 22, 44-45. (The "standby" mode means that the handset

is not in use.  A.C., ¶ 22.)   Plaintiff also claims that, when she "notified AT&T of the [alleged] defect" in her Captivate, she received, from AT&T, another Samsung Captivate that purportedly suffered from the same condition. *Id.*, ¶ 46.

On the basis of her particular experience with Samsung's Galaxy S "Captivate" model smartphone, as well as twenty-four anonymous Internet posts from other purported users of Galaxy S smartphones, Ms. Rothbaum claims that *all* Samsung Galaxy S smartphones suffer from the same "Random Shut Down Defect," which purportedly "prevents the Samsung Phones from being used for their intended purpose." *Id.*, ¶¶ 20, 30, 44-50.

Plaintiff further claims that STA is "aware of" and "admits" the pervasive "Random Shut Down Defect" alleged in her Complaint, citing a purported "internal service bulletin" that she apparently found on the Internet.  A.C., ¶ 32 ("On December 20, 2010, Samsung published an internal service bulletin that boldly admitted that 'some Captivate devices may experience power-off when in the standby mode.'").  A copy of that "bulletin" is appended to this Memorandum as <u>Exhibit A</u>.[1]  On its face, however, the cited document purports to be issued by AT&T, not by STA.[2]  Moreover, the AT&T document explicitly states that there is only a "*small group* of Samsung i897 Captivate devices which *may* experience" the issue described, and that "[m]ost customers are not expected to see an issue." <u>Exhibit A</u> (emphasis added).

---

[1]  "[I]n considering the merits of a motion to dismiss, the court may consider documents incorporated by reference in the complaint." <u>Bedi v. Hewlett-Packard Co. and Staples, Inc.</u>, No. 07-12318, 2008 U.S. Dist. LEXIS 102672, at *2-3 (D. Mass. Nov. 17, 2008) (*quoting* <u>Nollet v. Justices of the Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000)); *see also* <u>Klein v. MHM Correctional Services, Inc.</u>, No. 08-11814, 2010 U.S. Dist. LEXIS 83818, at *6 (D. Mass. Aug. 16, 2010) (Wolf, J.) (a document "merges into the pleadings" where the "factual allegations are expressly linked to – and admittedly dependent upon" the document).

[2]  Among other things, the document begins by referring to the other party as "Manufacturer(s): Samsung." *See* <u>Exhibit A</u>.  It also describes AT&T as the "Company," and it is directed to various categories of AT&T distributors (*i.e.*, "Company Owned Retail," "Dealers," and "Direct Fulfillment"). *Id.* Furthermore, if customers reportedly experience an issue, it directs AT&T's distributors to "please exchange their device." *Id.*

Nowhere in her Complaint does Ms. Rothbaum allege that she ever gave notice to, sought a remedy from, or even communicated with, STA before commencing this action.

## Procedural Posture

Ms. Rothbaum never gave STA notice of her reported problems or claims concerning her Captivate before filing this lawsuit on March 24, 2011. Her pleadings do not assert any breach of express warranty by STA, only breach of the implied warranty of merchantability. Plaintiff's initial Complaint invoked the law of Massachusetts in Count I, and invoked the law of New Jersey in Count II. Plaintiff filed an Amended Complaint on April 7, 2011, again invoking the law of Massachusetts in Count I, but now invoking the law of Texas in Count II.

Thereafter, on May 17, 2011, Ms. Rothbaum, through her legal counsel, sent STA a demand letter under Massachusetts General Laws c. 93A. STA responded on June 15, 2011. STA offered, in response to the Plaintiff's demand for relief, to provide Ms. Rothbaum with a fully functioning replacement handset pursuant to STA's express warranty. *See* page 7 and note 3, *infra*. As of this date, the Plaintiff has yet to accept, or even respond to, that offer.

## The Standard To Be Applied To A Motion To Dismiss

A complaint should be dismissed under Rule 12(b)(6) where it does not "contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The claim must rest on allegations of fact, not conclusory assertions. SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). A court considering a motion to dismiss is free to rely on its experience to identify pleadings "that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. The court "may disregard bald assertions, unsupportable conclusions, and opprobrious epithets." Klein, 2010 U.S. Dist. LEXIS 83818, at *6.

"[I]n considering the merits of a motion to dismiss, the court may consider documents incorporated by reference in the complaint." Bedi, 2008 U.S. Dist. LEXIS 102672, at *2-3 (quoting Nollet, 83 F. Supp. 2d at 208); see also Klein, 2010 U.S. Dist. LEXIS 83818, at *6 (a document "merges into the pleadings" where the "factual allegations are expressly linked to – and admittedly dependent upon" the document).   Likewise, the court may consider the operative legal documents that are "central to plaintiff's claim." Klein, 2010 U.S. Dist. LEXIS 83818, at *6 (citing Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993)).

Where an affirmative defense is "clear on the face of the plaintiff's pleadings," the complaint should be dismissed. Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (internal quotations and citations omitted).  Moreover, in light of Twombly, "[c]laims in a complaint need not only be possible but also plausible." Stiegele v. Bailey, No. 05-10677, 2007 U.S. Dist. LEXIS 86469, at *3 (D. Mass. Aug. 23, 2007) (Wolf, J.).

## Argument

## I.  COUNT I OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ON BEHALF OF MS. ROTHBAUM AS AN INDIVIDUAL.

Count I alleges breach, by STA, of the implied warranty of merchantability under M.G.L. c. 106, § 2-314, the Uniform Commercial Code ("UCC") as enacted in Massachusetts.  For the purposes of this motion, STA assumes, arguendo, that the law of Massachusetts governs, as Plaintiff has alleged.  Count I nonetheless fails to state a claim, for at least several reasons.

### A.  STA Has Not Been Given An Adequate Opportunity To Provide A Remedy.

The capstone of Count I is the Plaintiff's conclusory allegation that "[t]he remedies provided by Samsung have failed of their essential purpose." A.C., ¶ 65.  To succeed on this allegation, the Plaintiff must meet a high threshold of proof. See, e.g., Boston Helicopter Charter, Inc. v. Agusta Aviation Corp., 767 F. Supp. 363, 373-75 (D. Mass. 1991) ("Courts

have held that a repair-or-replace remedy fails of its essential purpose where the seller is either unwilling or unable to conform the goods to the contract."). Plaintiff cannot sustain that burden of proof, on the facts alleged, because STA has not been given an opportunity to provide a remedy and that opportunity is required by law.

> 1.    Plaintiff's Complaint Does Not Support The Allegation That Remedies Have Been "Provided By Samsung" And Have "Failed."

Ms. Rothbaum's Complaint makes it clear that she provided notice of her claims only to AT&T, not to STA. *See* A.C., ¶ 45 ("Plaintiff notified AT&T of the defect. . . ."); ¶ 46 ("On March 1 Plaintiff went to the AT&T store to inform AT&T. . . ."). As a result, there is no factual basis for the Plaintiff's conclusory assertion that remedies have been "provided by Samsung" and have "failed." A.C., ¶ 65.

Ms. Rothbaum alleges that her handset sometimes shuts down when it is not in use. Ms. Rothbaum does not allege personal injury, and she does not allege damage to any property other than the handset. She only alleges that the handset has not met her expectations, "or, in other words, that [she] has received insufficient product value." Sebago v. Beazer East, Inc., 18 F. Supp. 2d 70, 90-91 (D. Mass. 1998) (Wolf, J.) (*citing* East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 872 (1986)). This is a purely economic loss. *Id.*; *see also* Sosik v. Albin Marine, Inc., No. 02-0539B, 2003 Mass. Super. LEXIS 160, at *28 (Mass. Super. Ct. May 28, 2003). Where, as here, the Plaintiff's alleged injuries are strictly economic in nature, they could be fully resolved by means of a repair or replacement under STA's standard contractual warranty. *See* M.G.L. c. 106, § 2-719(1) (express warranty may be limited to repair or replacement); *see also* Harland M. Braun & Co. v. Drew Tanning of Brockton, Inc., No. 81-2121, 1982 U.S. Dist. LEXIS 16676, at *4 (D. Mass. Nov. 18, 1982) (under M.G.L. c. 106, § 2-714, the remedy for breach of warranty is "the difference . . .

between the value of the goods accepted and value they would have had if they had been as warranted"). In response to the Plaintiff's Chapter 93A demand letter, STA has offered to provide a fully functioning replacement pursuant to the express warranty. [3] This is a complete remedy. If the Plaintiff had sent her demand letter before filing suit, STA would have had the opportunity to provide this complete remedy without the need for litigation.

"Courts have held that a repair-or-replace remedy fails of its essential purpose where the 'seller is either unwilling or unable to conform the goods to the contract.'" Boston Helicopter, 767 F. Supp. at 373 (quoting Chatlos Sys., Inc. v. National Cash Register Corp., 635 F.2d 1081, 1085 (3d. Cir. 1980)). For example, a seller may be held "unwilling" to provide redress "where the seller completely refuses to honor its duty to repair or replace." Id. at 373-74 (citing Fiorito Bros., Inc. v. Fruehauf Corp., 747 F.2d 1309, 1313 (9th Cir. 1984)). There is no basis for such an allegation here. Although she alleges that she gave notice to AT&T (A.C., ¶¶ 45-46) of claimed difficulties with her Captivate, Ms. Rothbaum

---

[3] STA's express warranty is posted on-line, and it is stated in a booklet that comes with the product. The Court may consider the operative legal documents that are "central to plaintiff's claim," where their contents are not in dispute. Klein, 2010 U.S. Dist. LEXIS 83818, at *6 (citing Watterson, 987 F.2d at 3-4). We do not expect there will be a dispute about the wording of Samsung's express warranty. The terms of the express warranty may be useful to the Court by way of background. They state, in part, as follows:

> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date: Phone: 1 Year. . . .

> During the applicable warranty period, SAMSUNG will repair or replace, at SAMSUNG's sole option, without charge to Purchaser, any defective component part of Product. To obtain service under this Limited Warranty, Purchaser must return Product to an authorized phone service facility in and adequate container for shipping, accompanied by Purchaser's sales receipt. . . . All other repaired/replaced Product will be warranted for a period equal to the remainder of the original Limited Warranty on the original Product or for 90 days, whichever is longer.

> . . . .THIS LIMITED WARRANTY SHALL NOT EXTEND TO ANYONE OTHER THAN THE ORIGINAL PURCHASER OF THIS PRODUCT AND STATES PURCHASER'S EXCLUSIVE REMEDY. . . .

See   http://www.samsung.com/us/documentation/att/SGH-i897/ATT_SGHi897_Captivate_Virtual_User_Manual Guide/pubData/source/ATT_SGH-i897_Captivate_English_UM_KB1_WC_021611_F14_Web.pdf.

does not allege that she ever contacted *STA* before filing suit.  Thus, on the face of the

Complaint, the Plaintiff has no factual basis to assert that STA is "unwilling" to provide her

with an adequate remedy.

Likewise, Ms. Rothbaum has no factual basis to assert that STA is "unable" to provide

a remedy.  The "internal service bulletin" cited in the Plaintiff's Complaint states that only "a

small group of Samsung i897 Captivate devices" may experience the issue described, and adds

that "[m]ost customers are not expected to see an issue."  Exhibit A; *see* page 3, *supra*.  Ms.

Rothbaum has not asked STA to provide her with a conforming replacement, and she has no

basis to assert that STA is unable to do so.  Accordingly, the Amended Complaint should be

dismissed.  Klein, 2010 U.S. Dist. LEXIS 83818, at *6; *see also* Griffin v. Schneider, No. 93-

1253, 1993 U.S. App. LEXIS 15147, at *7-8 (1st Cir. 1993) (unpublished) (upholding

dismissal where the claim asserted "[a] purely conclusory statement, contradicted by the very

facts described in plaintiffs' complaint").

2.  Plaintiff's Complaint Does Not Support The Allegation That She Gave Required Notice Of Her Claims To STA.

The Amended Complaint alleges that Ms. Rothbaum purchased goods subject to the

UCC, and it seeks damages under the UCC.  A.C., ¶¶ 61, 68 (invoking M.G.L. c. 106, § 2-

714).  Assuming that the UCC applies (*but see* pages 13-15, *infra*), Ms. Rothbaum has failed

to meet its requirements.  "Because of its UCC origins, warranty liability in Massachusetts

contains certain technical requirements not found in strict tort liability."  Smith v. Robertshaw

Controls Co., 410 F.3d 29, 35 (1st Cir. 2005).  Among these, "a plaintiff must give

reasonably prompt notice of his warranty claim to the potential defendant; if he fails to do so,

and the defendant is thereby prejudiced, the warranty claim is barred. . . ."  Sacramona v.

Bridgestone/Firestone, Inc., 106 F.3d 444, 448-49 (1st Cir. 1997).  Moreover, once a

purchaser has accepted goods under the UCC, Section 2-714 provides that a claim for damages cannot arise unless the buyer has "given notification [under] subsection 3 of section 2-607." M.G.L. c. 106 § 2-714; *see also* M.G.L. c. 106, § 2-607(3) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy. . . .*") (emphasis added); Harland M. Braun & Co., 1982 U.S. Dist. LEXIS 16676, at *4; United California Bank v. Eastern Mountain Sports, Inc., 546 F. Supp. 945, 957-958 (D. Mass. 1982).

The purpose of the notice requirements that are incorporated in the UCC is to inform the seller "which sales are involved and that an identified buyer is asserting legal rights." Delano Growers' Cooperative Winery v. Supreme Wine Co., 393 Mass. 666, 675 (1985). The notice must "alert the seller to a claim of breach," so that communication between the parties can "lead to normal settlement through notification." Ralph Nugent v. Popular Markets, Inc., 353 Mass. 45, 50 (1967) (addressing a claim of personal injury). "Following these principles encourages the parties to seek compromise and promotes good faith. . . ." Delano, 393 Mass. at 674.[4]

In the present case, Ms. Rothbaum provided notice of her claims only to AT&T, not to STA. *See* A.C., ¶¶ 45, 46. Plaintiff's failure to provide prior notice to STA is fatal to her claim for breach of the implied warranty. *See, e.g.,* Sacramona, 106 F.3d at 449. Since the Plaintiff suffered a purely economic loss, STA would have had an opportunity to provide a complete remedy if the Plaintiff had given notice before filing suit. *See* pages 6-8, *supra.* Plaintiff's failure to provide notice has prejudiced STA by depriving STA of the opportunity to resolve the claim without the need for a lawsuit. Thus if STA is required to demonstrate

---

[4] For the same reason, notice must be provided to the supplier, where "an identified buyer is asserting legal rights" against it, so that the supplier will have an opportunity "to seek compromise." Delano. Where failure to give notice prejudices the supplier, the claim is barred. Sacramona, *supra.*

prejudice under any other provision of the UCC, such as Section 2-318, it is evident on the face of the Plaintiff's Complaint.[5] In such circumstances, the appropriate outcome is dismissal of the Plaintiff's claim. *See* Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008) (where an affirmative defense is ascertainable and established on the face of a complaint, the complaint should be dismissed).

3.    <u>Plaintiff's Apparent Strategic Decision To Bypass Her Available Contractual Remedies Further Supports Dismissal.</u>

STA respectfully submits that Ms. Rothbaum's decision not to give STA prior notice of her claims, as well as her decision not to pursue any claims against her wireless service provider, AT&T, reflect a strategic gambit by the Plaintiff to avoid a prompt remedy in favor of initiating a potentially more lucrative class action lawsuit. Had Ms. Rothbaum given STA notice and the opportunity to address her concerns before filing suit, she could have received a fully effective remedy without the need for litigation. Having her claim resolved by STA, however, would have destroyed the Plaintiff's standing to bring this action. *See* Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 240, 250, 252 (1st Cir. 2010). Similarly, if Ms. Rothbaum had chosen to further pursue her complaints with AT&T, she would have been precluded, by the terms of AT&T's standard customer agreement, from commencing and pursuing a class action proceeding. *See* AT&T Mobility, LLC v. Concepcion, 131 S. Ct.

---

[5] "The Massachusetts version of § 2-318 . . . was amended in 1971 to abolish the privity of contract requirement in [certain] breach of warranty cases." Sebago, 18 F. Supp. 2d at 79. It was "enacted with a focus on remedies for personal injuries caused by a breach of warranty." Jacobs v. Yamaha Motor Corp., U.S.A., 420 Mass. 323, 331 (1995). Massachusetts courts that have applied § 2-318 over the years have drawn distinctions between plaintiffs who suffered personal injury (or damage to other property) and plaintiffs who suffered purely economic loss (*i.e.*, harm to the product itself). Sebago, 18 F. Supp. 2d at 79-80. In Jacobs, which is the SJC's leading decision analyzing § 2-318, the plaintiff provided actual notice of his claim to the remote manufacturer. 420 Mass. at 325. There was, therefore, no prejudice to the manufacturer. More recently, the Massachusetts Superior Court has ruled that § 2-318 "only applies . . . for personal injury and property damage" and *does not* apply when the plaintiff "is only seeking economic damages." *See* Sosik, No. 02-0539B, 2003 Mass. Super. LEXIS 160, at *28.

1740 (April 27, 2011) (upholding provision barring class action proceedings in AT&T customer agreement).[6]

Courts have ruled that where the consumer avoids the remedy that is provided under the warranty, the consumer has not been injured by the failure of the warranty, and therefore lacks standing to sue for breach of warranty. The Court of Appeals of Texas considered such a case in Basham v. Audiovox Corporation, 198 S.W.2d 9 (Ct. App. Texas), for example, where a plaintiff consumer purchased a product that did not function as intended. The defendant supplier provided a warranty. Under the warranty the consumer had the opportunity to return the product. "But [the plaintiff] decided not to return the [product] for a refund. Instead, she filed a class action lawsuit. . . ." Id. at 11. Consequently, the Texas court explained, "[the supplier] did not fail to honor its 90-day warranty – it was never asked to do so." Id. at 13 The court therefore affirmed that the plaintiff did not have standing to sue. Id. at 14 (affirming dismissal of claim for breach of express warranty under the Magnuson-Moss Act). See also Atchole v. Silver Spring Imports, Inc., 379 F. Supp. 2d 797, 800 (D. Md. 2005) ("Plaintiff failed to provide Defendants with even a single opportunity to repair the nonconformities present in [the product]," and therefore claim failed under the Magnuson-Moss Act).

Litigation is not, or more appropriately should not be, an end in and of itself. Plaintiff apparently has made a strategic decision to bypass her available, and potentially fully effective contractual remedies for the alleged difficulties with her Captivate. See Concepcion, 131 S.

---

[6] AT&T's standard terms and conditions provide for repair and replacement of a defective wireless device. If the customer is not satisfied, the customer may complete and submit a one-page Notice of Dispute form posted on AT&T's website. Concepcion, 131 S. Ct. at 1744. If, within 30 days, AT&T does not offer to settle the claim or the dispute is not otherwise resolved, the customer may initiate an arbitration proceeding. Id. If the arbitrator awards to the customer more than AT&T had proposed in the last written settlement offer, then the customer may be awarded a $10,000 minimum recovery and twice the amount of the customer's attorney's fees. Id. As the Supreme Court affirmed, AT&T's arbitration agreement is "'quick, easy to use' and likely to 'promp[t] full or . . . even excess payment to the customer without the need to arbitrate or litigate' . . . [and it provides] 'a substantial inducement for the consumer to pursue the claim in arbitration.'" Id. at 1745, 1753 (emphasis in original). The full terms of AT&T's standard customer agreement can be found online at http://www.wireless.att.com/learn/articles-resources/wireless-terms.jsp.

Ct. at 1753 ("the Concepcions were *better off* under their arbitration agreement with AT&T than they would have been as participants in a class action") (emphasis in the original). These facts provide further support for the dismissal of her Complaint in its entirety.

**B.    The AT&T "Internal Service Bulletin" Cited In The Plaintiff's Complaint Directly Undercuts, Rather Than Supports, Her Claims.**

Plaintiff's Complaint also rests on the unsupported assumptions that: (1) all ten million plus Samsung Galaxy S handsets suffer from an alleged "Random Shut Down Defect" (*see, e.g.,* A.C., ¶ 20 ("To the dismay of consumers, the Samsung Phones were not ready for primetime use because . . . they suffer from a defect that prevents the Samsung Phones from being used for their intended purpose.")); (2) STA was and is aware that all of its Galaxy S smartphones suffer from an alleged "Random Shut Down Defect" (*see, e.g., id.,* ¶ 2 ("Samsung had knowledge that its Samsung Phones suffered from this design defect that was substantially certain to manifest within the useful life of the Samsung Phones.")); and (3) STA intentionally has instructed retailers to "sell defective inventory and exchange defective devices for defective devices" (*see id.,* ¶ 36). Plaintiff supports these assertions, in large part, by referencing an "internal service bulletin" that is cited in, but not attached to, the Complaint. *Id.,* ¶¶ 31-35; *see* Exhibit A hereto.

The "internal service bulletin" referenced in the Plaintiff's Complaint was issued by AT&T, not by Samsung. *See* page 3, *supra.* Thus, the document cannot fairly be cited by the Plaintiff as support for the proposition that *STA,* as opposed to AT&T, knew or instructed anything. Moreover, the text of the "internal service bulletin" – which states in part, that there is only a "small group of Samsung i897 Captivate devices which may experience power off when in standby mode" and that "[m]ost customers are not expected to see an issue" – actually undercuts, rather than supports, the propositions that all Galaxy S smartphones are

defective, and that Samsung has actual knowledge of such defects.  The Court, therefore, is free to disregard these conclusory allegations in assessing the Plaintiff's claims against STA. *See, e.g.,* Griffin, 1993 U.S. App. LEXIS 15147, at *7 n.4 (upholding dismissal where the claim asserted "[a] purely conclusory statement, contradicted by the very facts described in plaintiffs' complaint").

### C.   The UCC Does Not Apply To The Plaintiff's Service Agreement With AT&T, And She Does Not Have A Claim Against STA Under Common Law.

STA has demonstrated above that Ms. Rothbaum fails to state a claim under the UCC. In the alternative, STA next demonstrates that the UCC does not apply, and in its absence Ms. Rothbaum does not have a claim under the common law.  Count I invokes M.G.L. c. 106, § 2-314, which is part of the UCC as enacted in Massachusetts.  A.C., ¶ 59.  "[C]ontracts whose predominant factor, thrust, or purpose is the rendition of services are outside the scope of the UCC," as this Court has explained.  Sebago, 18 F. Supp. 2d at 97 & n.14 (*quoting* White v. Peabody Construction Co., 386 Mass. 121, 131-32 (1982)).  Ms. Rothbaum obtained her handset at an AT&T store, and contacted AT&T when she experienced problems.  A.C., ¶¶ 43-44.  AT&T is her telecommunications service carrier.  The Samsung handset makes it possible for Ms. Rothbaum to use advanced telecommunications services.  A.C., ¶ 13.  The U.S. Supreme Court recently described a common transaction with AT&T in Concepcion.  131 S. Ct. at 1744.  It said: "The Concepcions purchased AT&T service, which was advertised as including the provision of free phones; they were not charged for the phones. . . ."  *Id.*  The District Court of Southern California observed in an earlier case that wireless telecommunications products "are often sold as part of a 'bundled' transaction, whereby the consumer receives a free or significantly discounted cellular phone, in exchange for agreeing to a wireless service contract for a specified duration."  Laster v. T-Mobile United States, Inc.,

407 F. Supp. 2d 1181, 1183 (S.D. Cal. 2005).   Indeed, most consumers who have a "smartphone" obtain the handset when they enter a contract with a carrier of telecommunications services.[7]   In these transactions a high proportion of the dollars are paid to obtain telecommunications services, and only a small proportion of the dollars (or none at all, as in Concepcion) are paid to obtain the handset itself.

Telecommunications services are not "goods" subject to the UCC.   *See, e.g.*, In re Erving Industries, Inc., No. 09-30623, 2010 Bankr. LEXIS 1069, at *38-39 (D. Mass. April 7, 2010); In re Pilgrim's Pride Corp., No. 08-45664, 2009 Bankr. LEXIS 2763, at *16 (N.D. Tex. Sept. 16, 2009).   Where a consumer such as the Plaintiff enters a contract for telecommunications services that also includes the provision of a mobile device, the "predominant factor" in the transaction is "the rendition of services."   The UCC simply does not apply.   *See* Sebago, 18 F. Supp. 2d at 97 & n.14.   "Where the UCC does not apply, breach of warranty claims are governed by the common law."   *Id.*   In order to support a claim "for breach of warranty under the common law, [the plaintiff] must be in privity with [the defendant]."   Chestnut Hill Dev. Corp. v. Otis Elevator Co., 653 F. Supp. 927, 932 (D. Mass. 1987).   Ms. Rothbaum has not alleged privity of contract with STA.   For this additional reason, as well, the claim asserted in Count I of the Plaintiff's Complaint is not viable and should be dismissed.[8]   Sebago, 18 F. Supp. 2d at 82.

---

[7] *See generally,* The New York Times (June 9, 2011), page F7; "Cell Phone Buying Guide," CNET Reviews (April 1, 2011), http://reviews.cnet.com/cell-phone-buying-guide/ ("Unless you choose a prepaid plan . . . your carrier will ask you to sign a contract.").

[8] This is not to say that the Plaintiff lacks a remedy.   Plaintiff is in privity with AT&T, and she may pursue the dispute resolution process outlined in Concepcion, *supra*.   *See* page 10, note 5, *supra*.   Moreover, STA already has offered to provide the Plaintiff with a fully functioning replacement for her Captivate, consistent with the terms of its express warranty.   *See* pages 4, 7 and note 3, *supra*.   Thus, the Plaintiff has various alternative means to be made whole without the need for litigation.

II.  **COUNT I OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ON BEHALF OF A CLASS, AND DOES NOT OTHERWISE SUPPORT FEDERAL COURT JURISDICTION.**

Plaintiff's Complaint, in general, purports to bring suit on behalf of "all persons who purchased a new Samsung Phone." A.C., ¶ 51.  Count I, in particular, purports to bring suit on behalf of all such persons "who purchased a Samsung Phone in the Commonwealth of Massachusetts." A.C., ¶ 16.  For the same reasons that Count I fails to state a claim on behalf of Ms. Rothbaum, however, Count I fails to state a claim on behalf of any other consumers. In the absence of a class claim, federal diversity jurisdiction is lacking.

A.  <u>The Claim On Behalf Of A Class Fails For The Same Reasons.</u>

Ms. Rothbaum's claim for breach of the implied warranty of merchantability necessarily fails for lack of notice, and the mere fact that she has filed suit does not provide the required notice on behalf of any other consumer.  Where the UCC applies, Massachusetts law requires notice sufficient to communicate "that an *identified* buyer is asserting [a] legal right[]." <u>Delano</u>, 393 Mass. at 675 (emphasis added).  The purpose of notice is to provide an opportunity for the defendant to resolve the claim.  *Id.* at 674.  The UCC embodies a "policy of avoiding lawsuits by encouraging negotiation and promoting timely cure[s]." <u>Zeigler v. Sony Corp. of Am.</u>, No. 01- 030181305S, 2004 Conn. Super. LEXIS 236, at *11 (Conn. Super. Ct. Jan. 26, 2004).  Accordingly, courts in many jurisdictions have held that each individual consumer must provide notice before bringing suit.

For example, the U.S. Court of Appeals for the Eighth Circuit recently addressed a case in which the named plaintiffs argued they were not required to provide notice of their claims to the defendant because the defendant previously had received a similar demand from two other plaintiffs.  *See* <u>Drobnak v. Andersen Corp.</u>, 561 F.3d 778, 785 (8th Cir. 2009).  In

rejecting the plaintiffs' boot-strapping argument, the Eighth Circuit quoted Judge Learned Hand, stating:

> The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. . . .   The purpose of the notice is to advise the seller that he must meet a claim for damages. . . .

*Id.* (*quoting* Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Corp., 7 F.2d 565, 566 (2d Cir. 1925)).  "By choosing not to provide notice," the Eighth Circuit explained, the latter two plaintiffs "deprived [the manufacturer] of its opportunity to cure the alleged defect and failed to open the way for normal settlement through negotiation."   *Id.* (internal quotation and citation omitted).  This failure warranted dismissal, the Eighth Circuit held.   *Id.*; *see also* In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig., No. 05-1718, 2007 U.S. Dist. LEXIS 62483, at *17 (E.D. Mich. Aug. 24, 2007) (rejecting class action claim because "Plaintiff failed to provide individual notice to Defendants of the alleged defect").

The Eighth Circuit's analysis in Drobnak is compelling.  It also is entirely consistent with U.S. Supreme Court's recent ruling in Concepcion, which held that the legislative policy of encouraging speedy dispute resolution (as embodied in the Federal Arbitration Act in that case) overrides a plaintiff's desire to bring a class action.  131 S. Ct. at 1745, 1753.  The UCC, similarly, embodies a "policy of avoiding lawsuits by encouraging negotiation and promoting timely cures."  Zeigler, 2004 Conn. Super. LEXIS 236, at *11.  Where the UCC applies, any individual consumer who wishes to seek a remedy from STA must give notice to STA, so that STA will have an opportunity to address each person's claim.  Because the Plaintiff's Complaint does not allege that such notice has been provided to STA, it should be dismissed.

**B.    Where The Class Claim Fails, Ms. Rothbaum's Individual Claim Does Not Support Diversity Jurisdiction.**

For the foregoing reasons, among others, Count I of the Plaintiff's Complaint fails to state a claim on behalf of a class.    In the absence of a class claim, diversity jurisdiction requires an amount in controversy of at least $75,000.    28 U.S.C. § 1332.    Ms. Rothbaum's individual claim does not meet that requirement.    Therefore, even if the Plaintiff were capable of pleading a plausible claim as an individual (which she is not), Count I should be dismissed for lack of subject matter jurisdiction.    *See* Avritt v. Reliastar Life Insurance Company, No. 07-1817, 2009 U.S. Dist. LEXIS 51524, at *3-4 (D. Minn. June 18, 2009) (jurisdiction under CAFA does not exist once it is determined that the complaint does not state a class claim); Muehlbauer v. Gen. Motors Corp., No. 05-2676, 2009 U.S. Dist. LEXIS 26971, at *25-30 (N.D. Ill. Mar. 31, 2009) (dismissing for lack of jurisdiction where no class could be certified); Pops Pancakes, Inc. v. NuCO2, Inc., 251 F.R.D. 677, 688 (S.D. Fla. 2008); Arabian v. Sony Electronics, Inc., No. 05-1741, 2007 U.S. Dist. LEXIS 67769, at *8-10 (S.D. Cal. Sept. 13, 2007).[9]

**III.    COUNT II OF THE PLAINTIFF'S COMPLAINT FAILS TO STATE A VIABLE CLAIM AGAINST STA UNDER TEXAS LAW.**

Ms. Rothbaum's Count II purports to assert a nationwide class under the laws of the State of Texas.    This count also is subject to dismissal, however, both for the reasons that the Plaintiff's claim under Massachusetts law in Count I fails, and also because Texas law simply does not apply to the facts of this case.

---

[9] The First Circuit has not yet decided this issue, according to College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Company, 585 F.3d 33, 42 (1st Cir. 2009).  Several months earlier in 2009, in dictum, the First Circuit suggested that denial of class certification would defeat CAFA jurisdiction. In re TJX Companies Retail Security Breach Litigation, 564 F.3d 489, 492 (1st Cir. 2009).

### A.      Plaintiff's UCC Claim Under Texas Law Fails For The Same Reasons.

The central allegations of Plaintiff's UCC claim for breach of the implied warranty of merchantability under Texas law are the same as those of her comparable claim under Massachusetts law. *See* A.C., ¶ 69. The same defects and the same defenses exist in both instances.[10] Accordingly, Count II of the Plaintiff's Complaint fails, and should be dismissed, for the same reasons articulated in Sections I and II, *supra*.

### B.      Plaintiff's Claims Against STA Simply Are Not Subject To Texas Law.

Plaintiff Amy Rothbaum, a New York resident, allegedly purchased a Captivate smartphone from an AT&T store in Holyoke, Massachusetts in October 2010. A.C., ¶¶ 7, 43. In Count I of her Complaint, Ms. Rothbaum asserts that the laws of the Commonwealth of Massachusetts govern her claims arising out of that transaction. *Id.*, ¶¶ 59-68. After filing suit, the Plaintiff, through her counsel, sent a demand letter to STA under Mass. Gen. Laws c. 93A, which once again asserts that Massachusetts law governs.

Contradicting these various facts and assertions, Ms. Rothbaum asserts in Count II of her Complaint that Texas law governs her claims against STA. She is wrong.

The law on warranties varies from state to state, as the First Circuit recently explained. *See* Rule, 607 F.3d at 252: "Generalizing about warranty law should be done only with care: there are variations in state law, changes over time, modification by statutes like the Uniform Commercial Code, a mingling of tort and contract concepts, and variations relating to fault, type of interest protected and damage rules." In deciding which state's law to apply, where

---

[10] Under Section 2-607 of the UCC as enacted in Texas, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Tex. Bus. & Com. Code § 2-607. The buyer also "is required to notify the seller that a breach of warranty has occurred in order to give the seller an opportunity to inspect the product . . . and to allow the seller an opportunity to cure the breach, if any." Wilcox v. Hillcrest Memorial Park of Dallas, 696 S.W.2d 423 (Tex. App. 1985). As previously noted, the Plaintiff's Complaint in this case *does not* allege that she ever provided notice of her claims to STA or gave STA an opportunity to cure prior to filing suit.

the plaintiff has asserted diversity jurisdiction, this Court applies the choice of law rules of Massachusetts. Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004).

"Massachusetts choice-of-law analysis is guided by the Restatement (Second) of Conflict of Laws." Faherty v. CVS, No. 09-12102, 2011 U.S. Dist. LEXIS 23547 (D. Mass. March 9, 2011) (citing Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 632 (1985)). "In Massachusetts, breach of warranty claims seeking recovery for economic loss . . . are treated as contract-based claims." Greenray Industries, Inc. v. Charleswater Products, Inc., No. 88-8566, 1990 U.S. Dist. LEXIS 2568, at *3 (D. Mass. Feb. 23, 1990). In analyzing breach of warranty claims courts have often looked to Section 188 of the Restatement, which sets forth "the general principles that inform a choice of law determination on a contract issue." Compaq Computer Corp. v. LaPray, 135 S.W.3d 657, 680 (Tex. 2004). Among the factors to be considered are: "(1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the contract's subject matter; and (5) the domicile, residence, place of incorporation and place of business of the parties." Id. Consistent with the principles of the Restatement, in cases involving the sale of movable goods, Massachusetts courts generally apply "the law of the state where under the terms of the contract the seller is to deliver the chattel unless, with respect to the particular issue, some other state has a more significant relationship." Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1515 (1st Cir. 1989). Ms. Rothbaum obtained her handset in Holyoke, Massachusetts, not in Texas. Accordingly, Massachusetts choice-of-law analysis does not apply Texas law to the Plaintiff's claims in the Complaint.[11]

---

[11] Count II of the Plaintiff's Complaint purports to assert a claim arising from the sale of goods. A.C., ¶ 73. STA has demonstrated that, for most consumers, the acquisition of a wireless phone occurs in a transaction that is predominantly a purchase of services. See pages 13-15, supra. Analysis of the Plaintiff's services transaction likewise does not point to the law of Texas. Ms. Rothbaum entered into her transaction with AT&T in

Ms. Rothbaum nonetheless attempts to invoke Texas law by asserting that STA "is headquartered" in Texas. A.C., ¶ 70. The Supreme Court of Texas expressly has rejected the notion that Texas law governs nationwide when a consumer alleges breach of warranty concerning a product manufactured by a corporation in Texas. *See* Compaq, 135 S.W.3d at 680. It cited a leading decision by the Seventh Circuit, In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1016 (7th Cir. 2002), which noted that no "state has applied a uniform place-of-the-defendant's-headquarters rule to product-liability cases." This Court, likewise, has recently rejected the proposition that the law of the manufacturer's state should be applied to all purchasers nationwide. Faherty, 2011 U.S. Dist. LEXIS 23547 (applying Massachusetts choice-of-law principles). Other courts applying the Restatement principles also routinely reject arguments of this nature. *See, e.g.,* Cooper v. Samsung Electronics America, Inc., 374 Fed. App'x (3d Cir. March 30, 2010). They reason, quite logically, that "each plaintiff's home state has an interest in protecting its consumers from in-state injuries caused by foreign corporations and in delineating the scope of recovery for its citizens under its own laws." Knox v. Samsung Electronics America, Inc., No. 08-4308, 2009 U.S. Dist. LEXIS 53685, at *9 (D.N.J. June 24, 2009) (internal quotations and citations omitted). Accordingly, Count II of the Plaintiff's Complaint, alleging a claim under Texas law, also should be dismissed.

## Conclusion

For the foregoing reasons stated above, Plaintiff Amy Rothbaum's Amended Complaint should be dismissed in its entirety.

---

Holyoke, Massachusetts. A.C., ¶ 7. She resides in New York. *Id.* No reason is offered by the Plaintiff as to why the State of Texas has a strong interest in regulating this particular transaction.

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

By its attorneys,


/s/ Robert M. Buchanan, Jr.
Robert M. Buchanan, Jr. (BBO No. 545910)
    rbuchanan@choate.com
Brian A. Davis (BBO No. 546462)
    bad@choate.com
Margaret E. Ives (BBO No. 668906)
    mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tele:  (617) 248-5000
Fax:  (617) 248-4000

Date:  June 30, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants as of June 30, 2011.

/s/ Margaret E. Ives
Margaret E. Ives (BBO No. 668906)

4887518v8