### UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MASSACHUSETTS

_____
                                         )
AMY ROTHBAUM, individually and on        )
behalf of all others similarly situated, )
                                         )
                  Plaintiff,             )
                                         )
v.                                       )        NO. 11-CV-10509-MLW
                                         )
SAMSUNG TELECOMMUNICATIONS               )
AMERICA, LLC,                            )
                                         )
                  Defendant.             )
_____  )


## DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND


SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

By its attorneys,

Robert M. Buchanan, Jr. (BBO No. 545910)
    rbuchanan@choate.com
Brian A. Davis (BBO No. 546462)
    bad@choate.com
Margaret E. Ives (BBO No. 668906)
    mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tele: (617) 248-5000
Fax:  (617) 248-4000

Date:  July 27, 2011

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................... 1

Procedural Background ................................................................................. 1

The Relevant Standard ................................................................................. 3

The Plaintiff's Allegations ............................................................................ 5

Argument ...................................................................................................... 7

I.     PLAINTIFF'S MOTION TO FURTHER AMEND HER COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE THE REVISED ALLEGATIONS OF HER PROPOSED SECOND AMENDED COMPLAINT DO NOT CURE THE LEGAL DEFICIENCIES IN HER EXISTING CLAIMS .......... 7

     A.    Plaintiff's Claim For Breach of Warranty Under Mass. General Laws c. 106 Still Would Fail As A Matter Of Law. ............................................... 7

          1.    STA Still Was Not Given Proper Notice And An Opportunity To Resolve The Plaintiff's Claim. .................................................... 7

          2.    The "Internal Service Bulletin" On Which The Plaintiff Heavily Relies Still Refutes, Rather Than Supports, The Central Allegations Of Her Complaint. ................................................... 9

          3.    Plaintiff Still Has Not Alleged Sufficient Facts To Bring Her AT&T Transaction Within The Scope Of The UCC. ........................ 10

     B.    Plaintiff's Putative Class Claims Still Are Subject To Dismissal. .................... 12

     C.    Plaintiff's Claim For Breach Of Warranty Under Texas Law Still Fails For The Simple Reason That Texas Law Does Not Govern. ......................... 13

II.    PLAINTIFF'S MOTION TO FURTHER AMEND HER COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE THE ALLEGATIONS OF HER PROPOSED SECOND AMENDED COMPLAINT ARE INSUFFICIENT TO SUPPORT HER PROPOSED CLAIM UNDER CHAPTER 93A. ...................... 13

     A.    Plaintiff Cannot Recover Under Chapter 93A For Breach Of Warranty. ........... 14

     B.    Plaintiff Cannot Recover Under Chapter 93A Based On STA's Purported Failure To Disclose A So-Called "Random Shut Down Defect." ................... 14

     C.    Plaintiff Cannot Recover Under Chapter 93A When Effective Relief Is Available Without Need Of Litigation. ................................................. 16

Conclusion. ................................................................................................. 18

Request For Oral Argument .......................................................................... 19

## TABLE OF AUTHORITIES

CASES

Abraham v. Woods Hole Oceanographic Institute,
 533 F.3d 114 (1st Cir. 2009) ........................................................................ 4

Ashcroft v. Iqbal,
 129 S. Ct. 1937 (2009) ........................................................................... 4, 8

Aspinall v. Philip Morris Cos., Inc.,
 442 Mass. 381 (2004) .............................................................................. 15

AT&T Mobility, LLC v. Concepcion,
 131 S. Ct. 1740 (2011) ......................................................................... 17-18

Avritt v. Reliastar Life Ins. Co.,
 No. 07-1817, 2009 U.S. Dist. LEXIS 51524 (D. Minn. June 18, 2009) ..................... 12

Bedi v. Hewlett-Packard Co. and Staples, Inc.,
 No. 07-12318, 2008 U.S. Dist. LEXIS 102672 (D. Mass. Nov. 17, 2008) ............ 4, 6, 9

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) .......................................................................... 4, 5, 11

Blackstone Realty LLC v. FDIC,
 244 F.3d 193 (1st Cir. 2001) ....................................................................... 5

Boston & Me. Corp. v. Hampton,
 987 F.2d 855 (1st Cir. 1993) ....................................................................... 4

Brown v. Bank of America Corp.,
 No. 10-11085, 2011 U.S. Dist. LEXIS 36235 (D. Mass. Mar. 31, 2011) ................... 3

Burnham v. Mark IV Homes,
 387 Mass. 575 (1982) .............................................................................. 16

Delano Growers' Cooperative Winery v. Supreme Wine Co.,
 393 Mass. 666 (1985) .............................................................................. 18

Drobnak v. Andersen Corp.,
 561 F.3d 778 (8th Cir. 2009) ...................................................................... 12

Faherty v. CVS,
 No. 09-12102, 2011 U.S. Dist. LEXIS 23547 (D. Mass. Mar. 9, 2011) ................... 13

Fisher v. C.R. Bard, Inc.,
 No. 94-11324, 1996 U.S. Dist. LEXIS 823 (D. Mass. Jan. 3, 1996) (Wolf, J.) ............. 3

Glassman v. Computervision Corp.,
  90 F.2d 617 (1st Cir. 1996) ................................................................ 4

Griffin v. Schneider,
  No. 93-1253, 1993 U.S. App. LEXIS 15147 (1st Cir. June 24, 1993)........................ 10

Hershenow v. Enter. Rent-A-Car Co.,
  445 Mass. 790 (2006)...................................................................... 16

House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co.,
  No. 07-10839, 2011 U.S. Dist LEXIS 37298 (D. Mass. Apr. 5, 2011) ....................... 3

Iannacchino v. Ford Motor Co.,
  451 Mass. 623 (2008).................................................................. 14-16

In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.,
  No. 05-1718, 2007 U.S. Dist. LEXIS 62483 (E.D. Mich. Aug. 24, 2007) ................... 12

Klein v. MHM Correctional Services, Inc.,
  No. 08-11814, 2010 U.S. Dist. LEXIS 83818
  (D. Mass. Aug. 16, 2010) (Wolf, J.) .............................................. 4, 6, 9, 17

L.B. Corp. v. Schweitzer-Mauduit Int'l,
  121 F. Supp. 2d 147 (D. Mass. 2000) (Ponsor, J.) ..................................... 15

Markarian v. Connecticut Mutual Life Ins. Co.,
  202 F.R.D. 60 (D. Mass. 2001) (Wolf, J.)............................................. 16

Mercury Marine v. Clear River Constr. Co.,
  839 So. 2d 508 (Miss. 2003) .......................................................... 9

Ocasio-Hernandez v. Fortuño-Burset,
  640 F.3d 1 (1st Cir. 2011)........................................................... 11

Ralph Nugent v. Popular Market, Inc.,
  353 Mass. 45 (1967) .............................................................. 8, 18

Sebago, Inc. v. Beazer East, Inc.,
  18 F. Supp. 2d 70 (D. Mass. 1998) (Wolf, J.)...................................... 11-12

SEC v. Tambone,
  597 F.3d 436 (1st Cir. 2010) (en banc) ............................................ 4, 8

Stiegele v. Bailey,
  No. 05-10677, 2007 U.S. Dist. LEXIS 86469 (D. Mass. Aug. 23, 2007) (Wolf, J.) ....... 5

Towner v. Bennington Constr. Co.,
  No. 00-33B, 2005 Mass. Super. LEXIS 534 (Mass. Super. Ct. Oct. 12, 2005)............. 16

Uchitel v. Tripler & Co.,
    434 N.Y.S.2d 77 (N.Y. App. Term 1980) ......................................................... 9

Underwood v. Risman,
    414 Mass. 96 (1993) ................................................................................... 15

**STATUTES**

Massachusetts General Laws Chapter 93A ...................................................... Passim

**OTHER AUTHORITIES**

James J. White & Robert S. Summers, Uniform Commercial Code § 8-6 (5th ed. 2000) ........ 9

Restatement (Second) of Conflict of Laws............................................................ 13

940 C.M.R. Section 3.08(2) .............................................................................. 14

## Introduction

Defendant Samsung Telecommunications America, LLC ("STA") hereby opposes plaintiff Amy Rothbaum's ("Plaintiff" or "Ms. Rothbaum") Motion for Leave to Amend her Complaint in this action a second time (the "Motion to Further Amend").

This is a putative nationwide class action commenced by a single claimant, Ms. Rothbaum, involving allegedly defective "smartphones." Plaintiff already has amended her Complaint once as of right. STA recently moved to dismiss the Plaintiff's Amended Complaint ("A.C.") under Fed. R. Civ. P. 12(b)(6) on multiple, independent grounds. Rather than respond to STA's Motion to Dismiss, Plaintiff filed the present Motion to Further Amend and attached a proposed Second Amended Complaint ("S.A.C."). Plaintiff's proposed Second Amended Complaint, however, suffers from the same legal failings as her existing Amended Complaint and, if allowed, would be subject to dismissal on the same grounds. Thus, the Plaintiff's Motion to Further Amend is futile and should be denied for the reasons discussed more fully below.

## Procedural Background

Ms. Rothbaum claims to be the owner of an STA "Captivate" Galaxy S smartphone, which she reportedly purchased from an AT&T store in Holyoke, Massachusetts, in October 2010. Smartphones are essentially handheld computers that also function as mobile telecommunication devices. Ms. Rothbaum alleges that her STA smartphone is defective because it purportedly shuts down at random times. Ms. Rothbaum further alleges that STA's express warranty regarding her smartphone has "failed of [its] essential purpose," even though Ms. Rothbaum never has provided STA, as opposed to AT&T, with proper notice or the opportunity to inspect, repair or replace her smartphone. Rather, Ms. Rothbaum immediately

commenced this federal court action against STA under Massachusetts and Texas law seeking certification of a nationwide class "of all persons who purchased a new Samsung Phone manufactured, distributed, or sold by Samsung in the United States." Plaintiff's original Complaint was filed on March 24, 2011. She subsequently filed an Amended Complaint, which incorporates various new allegations and claims, as of right on April 7, 2011.

On June 30, 2011, STA filed a Motion to Dismiss the Plaintiff's Amended Complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claims against STA are fatally flawed. Even assuming that Ms. Rothbaum's Samsung smartphone is "defective" (an allegation that STA otherwise disputes), she never gave notice to STA, or sought any remedy from STA, before filing suit. Thus, there is no factual basis for her conclusory allegation that the contractual remedies offered by STA have "failed of [their] essential purpose." STA stands ready to provide the Plaintiff with a fully functioning replacement smartphone pursuant to its standard, express warranty. This is a complete remedy. Ms. Rothbaum does not have any additional claims or rights under either Massachusetts or Texas law at the present time, and STA respectfully submits that the Plaintiff's Amended Complaint should be dismissed in its entirety.

After Ms. Rothbaum commenced this litigation, she sent a demand letter to STA under Massachusetts General Laws Chapter 93A describing the difficulties that she allegedly has experienced with her Galaxy S smartphone and demanding relief. Consistent with its express warranty, STA promptly responded by offering to provide the Plaintiff with a "new, fully functioning replacement" smartphone. *See* pages 8-9, *infra*.

Ms. Rothbaum never responded to STA's offer of a fully functioning replacement. Instead, she filed the present Motion to Further Amend her Amended Complaint to add yet

another claim against STA under Chapter 93A based on essentially the same facts as previously alleged.  At the same time, the Plaintiff filed a Motion to Extend the Time to Respond to STA's Motion to Dismiss until after the Court has ruled upon her Motion to Further Amend.[1]

STA now opposes Ms. Rothbaum's Motion to Further Amend, which does not, as she claims, render "moot" the arguments raised in STA's Motion To Dismiss.  *See* Plaintiff's Motion To Extend Time, ¶ 4.  To the contrary, the various deficiencies in the Plaintiff's existing claims *are not* cured in her proposed Second Amended Complaint.  Furthermore, the Plaintiff's proposed claim under Chapter 93A suffers from the same deficiencies as the Plaintiff's existing claims and would be subject to dismissal on the same grounds, as well as other, additional grounds.  For these reasons, which are addressed more fully below, the Plaintiff's Motion to Further Amend is futile and should be denied.

## The Relevant Standard

A motion for leave to amend under Fed. R. Civ. P. 15(a)(2) may be denied where the proposed amendment would be futile.  *See, e.g.,* Fisher v. C.R. Bard, Inc., No. 94-11324, 1996 U.S. Dist. LEXIS 823 (D. Mass. Jan. 3, 1996) (Wolf, J.) (granting defendant's motion to dismiss and denying plaintiff's motion for leave to amend to add a Chapter 93A claim on grounds of futility); *see also* Brown v. Bank of America Corp., No. 10-11085, 2011 U.S. Dist. LEXIS 36235 (D. Mass. Mar. 31, 2011) (denying leave to amend on grounds of futility); House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., No. 07-10839, 2011 U.S. Dist LEXIS 37298 (D. Mass. Apr. 5, 2011) (same).

As the Plaintiff's own motion papers acknowledge, "futility" in this context "means that the complaint, as amended, would fail to state a claim upon which relief could be

---

[1] STA filed a separate opposition to the Plaintiff's Motion to Extend Time on July 14, 2011 (Docket No. 17).

-3-

granted."  Plaintiff's Memorandum In Support Of Motion For Leave To Amend ("Pl. Mem.")

at 4; *see also* Abraham v. Woods Hole Oceanographic Institute, 533 F.3d 114, 117 (1st Cir.

2009) (affirming that leave to amend would have been futile and was properly denied);

Glassman v. Computervision Corp., 90 F.2d 617, 623 (1st Cir. 1996) (same); Boston & Me.

Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993) (same).

   A complaint fails to state a claim when it does not "contain sufficient factual matter,

[if] accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A claim must

rest on allegations of fact, not conclusory assertions.  *See* SEC v. Tambone, 597 F.3d 436,

442 (1st Cir. 2010) (*en banc*).  In considering a motion to dismiss or a motion to amend, the

court is entitled to rely on its experience in identifying pleadings "that, because they are no

more than conclusions, are not entitled to the assumption of truth."  Iqbal, 129 S. Ct. at 1950.

The court also "may disregard bald assertions, unsupportable conclusions, and opprobrious

epithets."  Klein v. MHM Correctional Services, Inc., No. 08-11814, 2010 U.S. Dist. LEXIS

83818, at *6 (D. Mass. Aug. 16, 2010) (Wolf, J.).

   A court further "may consider documents incorporated by reference in the complaint"

in resolving a motion to dismiss.  Bedi v. Hewlett-Packard Co. and Staples, Inc., No. 07-

12318, 2008 U.S. Dist. LEXIS 102672, at *2-3 (D. Mass. Nov. 17, 2008); *see also* Klein,

2010 U.S. Dist. LEXIS 83818, at *6 (a document "merges into the pleadings" where the

"factual allegations are expressly linked to – and admittedly dependent upon" the document).

Likewise, the court is free to consider operative legal documents that are "central to plaintiff's

claim."  Klein, 2010 U.S. Dist. LEXIS 83818, at *6 (*citing* Watterson v. Page, 987 F.2d 1, 3-

4 (1st Cir. 1993)).

Where an affirmative defense is "clear on the face of the plaintiff's pleadings," the complaint fails to state a claim and should be dismissed.  Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (internal quotations and citations omitted).  Moreover, in light of the Supreme Court's decision in Twombly, "[c]laims in a complaint need not only be possible but also plausible."  Stiegele v. Bailey, No. 05-10677, 2007 U.S. Dist. LEXIS 86469, at *3 (D. Mass. Aug. 23, 2007) (Wolf, J.).

## The Plaintiff's Allegations

Plaintiff's proposed Second Amended Complaint adds little to the factual allegations of her existing Amended Complaint.  The central allegations of the Second Amended Complaint are essentially unchanged.  For the convenience of the Court, STA summarizes the Plaintiff's primary allegations in footnote 2, below.[2]

---

[2]  Plaintiff's primary factual allegations, which STA accepts as true solely for purposes of its Motion to Dismiss and for purposes of this Opposition, are as follows:

Smartphones are mobile telecommunication devices that also provide "advanced computing ability and wireless internet connectivity."  Proposed S.A.C., ¶ 13.  Modern smartphone handsets "have many of the features possessed by computers," including sophisticated "operating system ('OS') . . . software, consisting of programs and data, that runs on computers and manages computer hardware resources and provides common services for efficient execution of various application software."  Id.

Samsung's "Galaxy S" family of smartphones utilize the "Android" operating system.  Proposed S.A.C., ¶ 14.  Different models of Samsung's Galaxy S smartphones are sold by different independent wireless service providers, such as AT&T, Sprint, T-Mobile and Verizon, according to their own terms and conditions.  Id., ¶ 15.  The "Captivate" model, sold by AT&T, is one such model.  Id.  To date, more than 14 million Samsung Galaxy S smartphones of the various types have been sold around the world, including more than one million in the United States.  Id., ¶¶ 18-19.

Plaintiff Amy Rothbaum, a New York resident, allegedly acquired a Samsung Galaxy S Captivate smartphone from an AT&T store in Holyoke, Massachusetts, on October 16, 2010.  Proposed S.A.C., ¶ 43.  Plaintiff thereafter encountered problems with her Captivate smartphone.  Id., ¶ 44.  She claims that her smartphone suffers from what she terms a "Random Shut Down Defect," which purportedly causes the handsets to "power off, completely, when the Samsung Phones are in the 'Standby' mode."  Id., ¶¶ 22, 44-45.  (The "standby" mode means that the handset is not in use.  Id., ¶ 22.)  Plaintiff also claims that, when she "notified AT&T of the [alleged] defect" in her Captivate, she received, from AT&T, another Samsung Captivate that purportedly suffered from the same condition.  Id., ¶ 46.

In addition to the central allegations of her Amended Complaint, which are repeated in her proposed Second Amended Complaint, the Plaintiff now proposes: (1) to assert that she "purchased her phone separate and apart from any service contract with AT&T" (Proposed S.A.C., ¶ 7); (2) to allege that STA sells additional models of its Galaxy S smartphones for use with carriers Verizon, U.S. Cellular, and Cellular South (*id.*, ¶ 25); (3) to quote seven more anonymous Internet postings concerning these three models of STA smartphones (*id.*, ¶ 30(e)-(g)); and (4) to recharacterize, in a conclusory and inaccurate fashion, STA's response to the Plaintiff's recent Chapter 93A demand letter (*id.*, ¶ 66).   As explained below, these additional allegations do not cure the deficiencies in the Plaintiff's existing claims for breach of warranty, nor are they enough to sustain the Plaintiff's proposed new claim against STA under Chapter 93A.   Accordingly, the Court should deny the Plaintiff's Motion to Further Amend for the reasons that follow.

---

On the basis of her particular experience with Samsung's Galaxy S Captivate model smartphone, as well as 32 anonymous Internet posts from other purported users of Galaxy S smartphones, Ms. Rothbaum assumes and claims that *all* Samsung Galaxy S smartphones suffer from the same "Random Shut Down Defect," which purportedly "prevents the Samsung Phones from being used for their intended purpose."   Proposed S.A.C., ¶¶ 20, 30, 44-50.

Plaintiff further claims that STA is "aware of" and "admits" the pervasive "Random Shut Down Defect" alleged in her Complaint, citing a purported "internal service bulletin" that she apparently found on the Internet. Proposed S.A.C., ¶ 32 ("On December 20, 2010, Samsung published an internal service bulletin that boldly admitted that 'some Captivate devices may experience power-off when in the standby mode.'").   A copy of that "bulletin" is appended to this Memorandum as Exhibit A.   *See* Bedi, 2008 U.S. Dist. LEXIS 102672, at *2-3; Klein, 2010 U.S. Dist. LEXIS 83818, at *6.

On its face, however, the "internal service bulletin" cited by the Plaintiff was issued by AT&T, not STA.   Among other things, the document begins by referring to the other party as "Manufacturer(s): Samsung." *See* Exhibit A.   It also describes AT&T as the "Company," and it is directed to various categories of AT&T distributors (*i.e.*, "Company Owned Retail," "Dealers," and "Direct Fulfillment").   *Id.*   Furthermore, if customers reportedly experience an issue, it directs AT&T's distributors to "please exchange their device."   *Id.* AT&T's bulletin also explicitly states that there is only a "*small group* of Samsung i897 Captivate devices which *may* experience" the issue described, and that "[m]ost customers are not expected to see an issue."   *Id.* (emphasis added).

Nowhere in her Complaint does Ms. Rothbaum allege that she ever gave notice to, sought a remedy from, or even communicated with, STA before commencing this legal action.

**Argument**

I. **PLAINTIFF'S MOTION TO FURTHER AMEND HER COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE THE REVISED ALLEGATIONS OF HER PROPOSED SECOND AMENDED COMPLAINT DO NOT CURE THE LEGAL DEFICIENCIES IN HER EXISTING CLAIMS.**

Plaintiff has supported her Motion to Further Amend with a bare-bones Memorandum (Docket No. 14, filed July 13, 2011) which completely ignores the various fatal deficiencies in her existing claims that are identified in STA's pending Motion to Dismiss.  STA's Motion to Dismiss (Docket No. 12, filed June 30, 2011) demonstrates that the Plaintiff's claims for breach of implied warranty are, on their face, legally deficient and subject to dismissal as a matter of law.  Plaintiff's proposed Second Amended Complaint, however, does not cure these deficiencies.  Instead, it only highlights the extent to which the Plaintiff is unable to allege facts sufficient to support her claims as set forth below.

A. **Plaintiff's Claim For Breach of Warranty Under Mass. General Laws c. 106 Still Would Fail As A Matter Of Law.**

Plaintiff's claim for breach of implied warranty fails for multiple reasons, as demonstrated in STA's Memorandum In Support Of Its Motion To Dismiss ("Mem. In Support Of MTD") at pages 5-15.  The proposed Second Amended Complaint does not materially alter the allegations of Count I, and does not cure the various deficiencies that undermine this claim.

1. **STA Still Was Not Given Proper Notice And An Opportunity To Resolve The Plaintiff's Claim.**

Ms. Rothbaum first made contact with STA when she filed her original Complaint on March 24, 2011, having never before informed STA that she was experiencing difficulties with her STA smartphone.  Plaintiff's factual allegations make clear that, before filing suit, she provided notice to AT&T, but not to STA.  *See* Proposed S.A.C., ¶ 45 ("Plaintiff notified AT&T"), ¶ 46 ("On March 1st, 2011, Plaintiff went to the AT&T store to inform

AT&T . . . ."). Plaintiff, however, has chosen to sue STA, not AT&T. Massachusetts law requires her to give proper notice and an opportunity to cure to STA before doing so. *See* STA's Mem. In Support Of MTD, pages 8-9. Plaintiff's failure to give STA notice and an opportunity to cure makes it impossible, as a matter of both logic and law, for her to sustain her allegation that STA's standard contractual remedies necessarily have "failed of their essential purpose." A.C., ¶ 65; Proposed S.A.C., ¶ 65. Her allegation to that effect in both her Amended Complaint and her proposed Second Amended Complaint is, therefore, implausible and conclusory, and does not state a claim upon which relief may be granted. Iqbal, *supra* at 4; Tambone, *supra* at 4.

Plaintiff's proposed allegation that she recently sent STA a demand letter under Chapter 93A (Proposed S.A.C., ¶ 66) does not change this result for at least two reasons. First, under Massachusetts warranty law, Ms. Rothbaum was required to give notice to STA *before* bringing suit, so that STA would have an opportunity to resolve her claim by "normal settlement through negotiation" and without need of litigation. *See* Ralph Nugent v. Popular Market, Inc., 353 Mass. 45, 50 (1967); *see also* STA's Mem. In Support Of MTD, page 9. Plaintiff's decision to shoot first and give notice later improperly and unfairly deprived STA of that opportunity.

Second, STA actually has offered Ms. Rothbaum a "fully functioning replacement" smartphone for her allegedly defective unit, which is, in fact, a complete remedy for her alleged loss. *See* page 15, *infra*. On May 17, 2011, the Plaintiff sent a demand letter to STA, which purported to notify STA of a claim under Chapter 93A. Proposed S.A.C., ¶ 66. STA responded promptly. Plaintiff alleges that STA's response was inadequate. *Id.* The proposed Second Amended Complaint expressly relies upon STA's response letter. It is therefore

appropriate for the Court to examine the document in assessing the sufficiency of the proposed complaint.[3]   A copy of STA's response to Ms. Rothbaum's demand is attached as <u>Exhibit B</u>. STA wrote:

> Samsung is prepared to provide her immediately with *a new, fully functioning replacement* Galaxy S Handset in accordance with the terms of Samsung's limited product warranty.

<u>Exhibit B</u>, page 3 (emphasis added).   As a matter of logic, the Plaintiff cannot seek a warranty remedy, spurn the remedy when it is offered, and then sue for failure to provide it.   *See* <u>Uchitel v. Tripler & Co.</u>, 434 N.Y.S.2d 77, 81 (N.Y. App. Term 1980) ("Case law has held that where a buyer unreasonably refuses to permit a seller to exercise his right to cure, no breach of warranty action premised on the defect sought to be cured may be maintained."); <u>Mercury Marine v. Clear River Constr. Co.</u>, 839 So. 2d 508, 515 (Miss. 2003) ("[W]e find that the express and implied warranties were not breached because [the buyer] did not allow [the seller] to cure."); 1 James J. White & Robert S. Summers, <u>Uniform Commercial Code</u> § 8-6 (5th ed. 2000) ("The buyer's wrongful refusal to allow cure . . . deprives the buyer of all remedies against the seller for breach arising from the contract.").

> 2.   <u>The "Internal Service Bulletin" On Which The Plaintiff Heavily Relies Still Refutes, Rather Than Supports, The Central Allegations Of Her Complaint.</u>

In both her Amended Complaint and her proposed Second Amended Complaint, the Plaintiff relies upon a so-called "internal service bulletin," dated December 20, 2010, for the proposition that STA "admits to having knowledge of the Random Shut Down Defect" in all of its Galaxy S smartphones.   *See* A.C., ¶ 32; Proposed S.A.C., ¶ 32.   Because this "internal

---

[3]   *See* <u>Bedi</u>, 2008 U.S. Dist. LEXIS 102672, at *2-3 ("[I]n considering the merits of a motion to dismiss, the court may consider documents incorporated by reference in the complaint."); *see also* <u>Klein</u>, 2010 U.S. Dist. LEXIS 83818, at *6 (Wolf, J.) (a document "merges into the pleadings" where the "factual allegations are expressly linked to – and admittedly dependent upon" the document).

service bulletin" is expressly relied upon by the Plaintiff, STA submitted a copy to the Court in support of its pending Motion To Dismiss.  *See* STA's Mem. In Support Of MTD, pages 12-13 and Exhibit A thereto.  Another copy is attached to this Opposition as Exhibit A for the Court's convenience.

Upon examination, the "internal service bulletin" cited by the Plaintiff refutes, rather than supports, the Plaintiff's allegations against STA.  For example, the document, on its face, purports to be issued by AT&T, not by STA.  *See* Exhibit A.[4]  It also expressly states that there is only a "*small group* of Samsung i897 Captivate devices which *may* experience" a problem with their smartphones, and that "[m]ost customers are not expected to see an issue." *Id.* (emphasis added).  Thus, the purported "service bulletin" actually contradicts, and renders impermissibly conclusory, the Plaintiff's assertion that *all* STA Galaxy S handsets suffered from a known defect.  *Cf.* Proposed S.A.C., ¶¶ 1-2, 63, 72, 75, 86; *see also* Griffin v. Schneider, No. 93-1253, 1993 U.S. App. LEXIS 15147, at *7-8 (1st Cir. June 24, 1993) (unpublished) (upholding dismissal where the claim asserted "[a] purely conclusory statement, contradicted by the very facts described in plaintiffs' complaint").  Nothing in the Plaintiff's proposed Second Amended Complaint addresses or resolves this fatal deficiency.

3.      Plaintiff Still Has Not Alleged Sufficient Facts To Bring Her AT&T Transaction Within The Scope Of The UCC.

STA further demonstrates in its Motion to Dismiss that the UCC, upon which the Plaintiff's primary claims against STA are based, simply does not govern the Plaintiff's purchase of her Galaxy S smartphone.  *See* Mem. In Support Of MTD, pages 13-15.  Plaintiff

---

[4] Among other things, the "internal service bulletin" begins by referring to the other party as "Manufacturer(s): Samsung."  *See* Exhibit A.  It also describes AT&T as the "Company," and it is directed to various categories of AT&T distributors (*i.e.*, "Company Owned Retail," "Dealers," and "Direct Fulfillment"). *Id.*  Furthermore, if customers reportedly experience an issue, it directs AT&T's distributors to "please exchange their device."  *Id.*

obtained her smartphone at an AT&T store.  AT&T typically provides smartphones as part of a package of telecommunications services.  *Id.* at 13 (*citing* AT&T Mobility, LLC v. Concepcion, 131 S. Ct. 1740 (2011)).  A transaction that is predominantly for services is not subject to the UCC.  *Id.* at 14 (*citing* Sebago, Inc. v. Beazer East, Inc., 18 F. Supp. 2d 70 (D. Mass. 1998) (Wolf, J.)).  Thus, the Plaintiff does not have a cognizable claim against STA under the UCC.  *Id.*

Plaintiff's proposed Second Amended Complaint contains one new allegation that attempts to bring her claims within the scope of the UCC.  Paragraph 7 is augmented by a vague allegation that "Ms. Rothbaum purchased her phone separate and apart from any service contract with AT&T."  No specifics are provided as to what arrangement the Plaintiff actually entered with AT&T.  Because the Plaintiff has inserted this ambiguous phrase in response to the argument raised by STA's earlier Motion to Dismiss, the Court may infer that the Plaintiff is unwilling to plead specific facts that address it.  An ambiguous allegation is not sufficient to state a plausible claim.  Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions"); *see also* Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("In resolving a motion to dismiss, a court  .  .  .  should begin by identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[].'") (*quoting* Twombly).

The Court is entitled to disregard the Plaintiff's new, unclear allegation unless and until the Plaintiff clarifies precisely what she acquired from AT&T.  Twombly, 550 U.S. at 555; Ocasio-Hernandez, 640 F.3d at 12.  If the Plaintiff entered into a contract with AT&T to provide telecommunications services in conjunction with her STA smartphone, then her

transaction is predominantly a purchase of services and is not governed by the UCC.  Sebago, 18 F. Supp. 2d at 85.

**B.**    **Plaintiff's Putative Class Claims Still Are Subject To Dismissal.**

STA's Motion To Dismiss also establishes that the Plaintiff's Amended Complaint does not plead a valid warranty claim on behalf of any class because, among other things, the members of the putative class also have not provided STA with the required notice and opportunity to cure.  *See* STA's Mem. In Support Of MTD, pages 8-10.

The allegations of the Plaintiff's proposed Second Amended Complaint do not remove this fatal flaw.   While the Plaintiff attempts to expand her proposed class definition by including three additional models of STA's Galaxy S smartphones, and by incorporating seven more anonymous Internet postings pertaining to those models, the Plaintiff still has not alleged (nor can she allege) that the individual members of the putative class have given STA proper notice of their claims, and an opportunity to cure, in advance of filing suit.  *See, e.g.*, Drobnak v. Andersen Corp., 561 F.3d 778, 785 (8th Cir. 2009) (dismissing class action based on individual class members' failure to provide required notice); In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig., No. 05-1718, 2007 U.S. Dist. LEXIS 62483, at *17 (E.D. Mich. Aug. 24, 2007) (rejecting class action claim because "Plaintiff failed to provide individual notice to Defendants of the alleged defect").

Lacking any valid claim on behalf of a defined class, this case does not sustain federal jurisdiction.  *See* STA's Mem. In Support Of MTD, pages 15-17; *see also* Avritt v. Reliastar Life Ins. Co., No. 07-1817, 2009 U.S. Dist. LEXIS 51524, at *3-4 (D. Minn. June 18, 2009) (jurisdiction under CAFA does not exist once it is determined that the complaint does not state

a class claim).  Plaintiff's proposed Second Amended Complaint does not overcome the lack of federal court jurisdiction.

### C.   Plaintiff's Claim For Breach Of Warranty Under Texas Law Still Fails For The Simple Reason That Texas Law Does Not Govern.

STA has moved to dismiss the Plaintiff's claim for breach of the implied warranty under Texas law for the simple reason that the State of Texas bears no reasonable relationship to the Plaintiff's transaction.  *See* STA's Mem. In Support Of MTD, pages 17-18.  Plaintiff is a New York resident who allegedly purchased her STA smartphone from an AT&T store in Holyoke, Massachusetts.  Proposed S.A.C., ¶¶ 7, 43.  Massachusetts choice-of-law analysis, which is guided by the Restatement (Second) of Conflict of Laws, does not support the application of Texas law to that transaction.  *See, e.g.*, Faherty v. CVS, No. 09-12102, 2011 U.S. Dist. LEXIS 23547 (D. Mass. Mar. 9, 2011).  Nothing in the Plaintiff's proposed Second Amended Complaint changes this analysis or the expected result.

For the foregoing reasons, all of the Plaintiff's existing claims will remain subject to dismissal under Fed. R. Civ. P. 12(b)(6) regardless of whether the Court grants the Plaintiff's Motion to Further Amend.  Accordingly, the Court should deny that Motion as futile.

### II.   PLAINTIFF'S MOTION TO FURTHER AMEND HER COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE THE ALLEGATIONS OF HER PROPOSED SECOND AMENDED COMPLAINT ARE INSUFFICIENT TO SUPPORT HER PROPOSED CLAIM UNDER CHAPTER 93A.

Plaintiff also seeks to add an additional claim under Mass. General Laws Chapter 93A based on essentially the same facts that underlie her present claims.  Plaintiff's proposed Chapter 93A claim necessarily fails, however, for many of the same reasons articulated in Section I, *supra*, as well as for the additional reasons set forth below.

A.    **Plaintiff Cannot Recover Under Chapter 93A For Breach Of Warranty.**

The first branch of the Plaintiff's proposed Chapter 93A claim alleges breach of the implied warranty.  *See* Proposed S.A.C., ¶¶ 73-74.  This claim mirrors and is interconnected with the Plaintiff's existing claim for breach of warranty under Mass. General Laws c. 106, as asserted in Count I of her Amended Complaint.  Plaintiff's claim for breach of warranty under Massachusetts law is subject to dismissal for the reasons set forth in Section I(A), *supra*. Where a Chapter 93A claim and a breach of warranty claim are "interconnected," the deficiencies that warrant dismissal of one claim "also warrant dismissal" of the other.  *See* Iannacchino v. Ford Motor Co., 451 Mass. 623, 635 (2008).  Thus, the Plaintiff's proposed Chapter 93A claim based upon STA's purported breach of warranty is doomed to fail along with Count I of the Plaintiff's Amended Complaint.[5]

B.    **Plaintiff Cannot Recover Under Chapter 93A Based On STA's Purported Failure To Disclose A So-Called "Random Shut Down Defect."**

The second branch of the Plaintiff's proposed Chapter 93A claim alleges a knowing failure by STA to disclose what the Plaintiff describes as a "Random Shut Down Defect" that purportedly is present in all Galaxy S smartphones.  *See* Proposed S.A.C., ¶¶ 72-75.  Once again, the Plaintiff's claim is based on conclusory assertions that are not sustained by the

---

[5] This result not only is legally correct, it also is logically correct.  As partial justification for her Chapter 93A claim, the Plaintiff cites Section 3.08(2) of the Attorney General's regulations, which states:

> It shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty.

940 C.M.R. 3.08(2).  Plaintiff cannot sustain the assertion that STA "fail[ed] to perform or fulfill any promises or obligations arising under a warranty," however, when the Plaintiff's own pleadings establish that STA *never was provided with an opportunity, prior to suit, to do so.*

Moreover, when the Plaintiff eventually did make a demand for relief upon STA after commencing this lawsuit, STA promptly responded by offering to provide the Plaintiff with a "new, fully functioning replacement" smartphone pursuant to its standard warranty.  *See* page 9, *supra*.  Once again, STA cannot logically be said to have "fail[ed] to perform or fulfill any promises or obligations arising under a warranty" when the record clearly establishes that *it has expressly offered to do exactly that.*

factual allegations of the Complaint.   As such, the Plaintiff's proposed Second Amended Complaint fails to state a valid claim against STA under Chapter 93A for at least three reasons.

First, where a product is sold in millions of units, it is not at all surprising that *some* units may not function properly, and that *some* consumers will be dissatisfied as a result.[6]  An alleged failure to disclose the *potential* for a problem does not give rise to a Chapter 93A violation, however.   "The Massachusetts courts have made clear that a seller's failure to disclose a potential problem, rather than an actual, known problem, does not amount to a violation of Chapter 93A."  L.B. Corp. v. Schweitzer-Mauduit Int'l, 121 F. Supp. 2d 147, 154 (D. Mass. 2000) (Ponsor, J.); *see also* Underwood v. Risman, 414 Mass. 96, 100 (1993) (Chapter 93A does not require disclosure "because of a suspicion or a likelihood, rather than knowledge").

Second, STA's prompt response to the Plaintiff's belated Chapter 93A demand letter affirms that STA's warranty program makes available to Ms. Rothbaum a complete remedy for her alleged harm.   Plaintiff alleges that her STA product has not functioned as intended. Ms. Rothbaum does not allege any personal injury or harm to other property; she alleges only an economic loss.   In a case where such a claim is recoverable, the measure of damages is the difference between the actual value of the (non-compliant) product and the value paid for the (supposedly compliant) product.   Iannacchino, 451 Mass. at 631; *see also* Aspinall v. Philip Morris Cos., Inc., 442 Mass. 381, 399 (2004).   STA has offered to provide a "new, fully functioning replacement" for Ms. Rothbaum's Captivate.   *See* Exhibit B, pages 3, 5; *see also*

---

[6]  Plaintiff alleges that *14 million* Galaxy S smartphones have been sold.  S.A.C. ¶ 19.  Yet, the Plaintiff bases her allegation that *all* Galaxy S smartphones are defective on a total of just 32 selected, anonymous Internet complaints.  *Id.*, ¶¶ 30, 40.  The flaws in the Plaintiff's statistical analysis are obvious.  Moreover, the so-called "internal service bulletin," which is expressly relied upon by the Plaintiff, explicitly states that there is only a "*small group* of Samsung i897 Captivate devices which *may* experience" the issue described, and that "[m]ost customers are not expected to see an issue."  Exhibit A (emphasis added).

page 9, *supra*.   This offer provides the full value of her alleged measure of damages. Accordingly, there is no conceivable basis for an additional recovery by the Plaintiff under Chapter 93A.  *See, e.g.*, Towner v. Bennington Constr. Co., No. 00-33B, 2005 Mass. Super. LEXIS 534 (Mass. Super. Ct. Oct. 12, 2005) (no violation of Chapter 93A could be found where defendants made offers to cure, and plaintiff refused to accept the offer).

Third, a Chapter 93A plaintiff, like most other claimants, has an obligation to mitigate his or her damages.  *See* Burnham v. Mark IV Homes, 387 Mass. 575, 584 (1982).  "The general rule with respect to mitigation of damages is that a plaintiff may not recover for damages that were avoidable by the use of reasonable precautions on his part."  *Id.*  Where a complete remedy is available, and the Plaintiff has chosen to spurn it, the Plaintiff is harmed as a result of her own tactics, not as a result of the Defendant's conduct.  Thus the Plaintiff's tactical decision not to seek or accept a new fully-functioning replacement smartphone from STA breaks the causal connection between any alleged violation committed by STA and the alleged harm suffered by the Plaintiff, which precludes the Plaintiff from obtaining a recovery. *See, e.g.*, Iannacchino, 451 Mass. at 631 (recovery under Chapter 93A requires a causal connection between the alleged violation and the alleged harm); Hershenow v. Enter. Rent-A-Car Co., 445 Mass. 790, 802 (2006) (same); Markarian v. Connecticut Mutual Life Ins. Co., 202 F.R.D. 60, 68-69 (D. Mass. 2001) (Wolf, J.) (same).

### C.   Plaintiff Cannot Recover Under Chapter 93A When Effective Relief Is Available Without Need Of Litigation.

Lastly, the Plaintiff's proposed claim under Chapter 93A is subject to dismissal as completely unnecessary.  Contrary to the Plaintiff's hyperbolic and conclusory assertions, effective relief for the harm alleged by the Plaintiff (*i.e.*, an improperly functioning

smartphone) is available, without need of litigation, from at least two sources.  *Cf.* Pl. Mem. at 2.

First, Ms. Rothbaum and others who purchased from AT&T may look to the exact same arbitration remedy that was upheld by the U.S. Supreme Court on April 27, 2011 in Concepcion.  As the Supreme Court explained, AT&T's arbitration agreement is "'quick, easy to use' and likely to 'promp[t] full or . . . even excess payment to the customer without the need to arbitrate or litigate.'"  Concepcion, 131 S.Ct. at 1745, 1753 (upholding provision barring class action proceedings in AT&T customer agreement).[7]

Second, Ms. Rothbaum and other consumers have available the remedies offered under STA's express limited warranty, including repair or replacement of their allegedly malfunctioning devices.  *See* Exhibit B.[8]  If a consumer is experiencing a problem, STA needs

---

[7] AT&T's standard terms and conditions provide for repair and replacement of a defective wireless device.  If the customer is not satisfied, the customer may complete and submit a one-page Notice of Dispute form posted on AT&T's website.  Concepcion, 131 S. Ct. at 1744.  If, within 30 days, AT&T does not offer to settle the claim or the dispute is not otherwise resolved, the customer may initiate an arbitration proceeding.  *Id.*  If the arbitrator awards to the customer more than AT&T had proposed in the last written settlement offer, then the customer may be awarded a $10,000 minimum recovery and twice the amount of the customer's attorney's fees.  *Id.*  As the Supreme Court affirmed, AT&T's arbitration agreement is "'quick, easy to use' and likely to 'promp[t] full or . . . even excess payment to the customer *without* the need to arbitrate or litigate' . . . [and it provides] 'a substantial inducement for the consumer to pursue the claim in arbitration.'"  *Id.* at 1745, 1753 (emphasis in original).  The full terms of AT&T's standard customer agreement can be found online at http://www.wireless.att.com/learn/articles-resources/wireless-terms.jsp.

[8] STA's full express warranty is posted online, and it is stated in a booklet that comes with the product.  The Court may consider the operative legal documents that are "central to plaintiff's claim," where their contents are not in dispute.  Klein, 2010 U.S. Dist. LEXIS 83818, at *6 (*citing* Watterson, 987 F.2d at 3-4 ).  We do not expect there will be a dispute about the wording of Samsung's express warranty.  The terms of the express warranty may be useful to the Court by way of background.  They state, in part, as follows:

> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date:  Phone: 1 Year. . . .

to hear from that person directly so that STA will have an opportunity to resolve the person's claim by "normal settlement through negotiation," an opportunity that is required by Massachusetts law.  *See* Nugent, 353 Mass. at 50; *see also* Delano Growers' Cooperative Winery v. Supreme Wine Co., 393 Mass. 666, 675 (1985); STA's Mem. In Support Of MTD, pages 9, 15.

Plaintiff has made a tactical decision to evade the AT&T arbitration remedy, and then to spurn STA's offer of a "fully functioning replacement" as provided by the warranty, in her haste to commence expensive and time-consuming litigation.  As the Supreme Court held in Concepcion, however, the Plaintiff is not entitled to spurn available remedies in order to further her wish to initiate a class action.  This litigation is entirely meritless and unnecessary. Nothing in the Plaintiff's proposed Second Amended Complaint makes it less so.

## Conclusion

For all of the foregoing reasons, the Plaintiff's Motion To Further Amend her existing Amended Complaint against STA should be denied.

---

During the applicable warranty period, SAMSUNG will repair or replace, at SAMSUNG's sole option, without charge to Purchaser, any defective component part of Product.  To obtain service under this Limited Warranty, Purchaser must return Product to an authorized phone service facility in and adequate container for shipping, accompanied by Purchaser's sales receipt. . . .   All other repaired/replaced Product will be warranted for a period equal to the remainder of the original Limited Warranty on the original Product or for 90 days, whichever is longer.

. . . .THIS LIMITED WARRANTY SHALL NOT EXTEND TO ANYONE OTHER THAN THE ORIGINAL PURCHASER OF THIS PRODUCT AND STATES PURCHASER'S EXCLUSIVE REMEDY. . . .

*See* http://www.samsung.com/us/documentation/att/SGH-i897/ATT_SGHi897_Captivate_Virtual_User_Manual Guide/pubData/source/ATT_SGH-i897_Captivate_English_UM_KB1_WC_021611_F14_Web.pdf.

## Request For Oral Argument

STA believes that oral argument may assist the Court, and wishes to be heard.

Accordingly, STA hereby requests oral argument on this Motion pursuant to Local

Rule 7.1(D).

Respectfully submitted,

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

By its attorneys,

*/s/ Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO No. 545910)
rbuchanan@choate.com
Brian A. Davis (BBO No. 546462)
bad@choate.com
Margaret E. Ives (BBO No. 668906)
mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tele:  (617) 248-5000
Fax:   (617) 248-4000

Date:  July 27, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants as of July 27, 2011.

*/s/ Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO No. 545910)

4907497v7