# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

Robert M. Buchanan, Jr.
t 617-248-5027
f 617-502-5027
rbuchanan@choate.com

**BY OVERNIGHT MAIL**

June 15, 2011

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
Exchange Place
53 State Street
Boston, MA 02109

Re:     *Response To Chapter 93A Demand Letter Sent On Behalf of Amy Rothbaum*

Dear Attorney Haber:

Our firm represents Samsung Telecommunications America, LLC ("Samsung").   I write in response to your letter, dated May 17, 2011, in which you demand relief from Samsung under Massachusetts General Laws Chapter 93A on behalf of your client, Ms. Amy Rothbaum (referred to hereinafter as the "Demand Letter" or the "Letter").     Kindly accept this correspondence as Samsung's formal response to your Demand Letter.

First, your Demand Letter appears to be based upon various inaccurate factual assumptions. For example, you state that Samsung's Captivate™, Fascinate™, Vibrant™ and Epic 4G™ handsets (the "Galaxy S Handsets," which you refer to as the "Samsung Phones") "have a design defect that causes the phones to randomly shut down ... [and] which prevents the Samsung Phones from being used for their intended purpose." Samsung respectfully disagrees. Millions of Samsung's Galaxy S Handsets are in use today, and millions of consumers have found them fit for their intended purpose. Indeed, Samsung's Galaxy S Handsets consistently have won high ratings and positive reviews from industry experts. The 2010 Consumer Reports smartphone ratings, for instance, rated the Galaxy S as "the best device across all wireless carriers." *See* Consumer Reports, Volume 76, No. 1 (January 2011) at 33. The editors of CNET similarly have described Samsung's Captivate™ as "easily AT&T's best Android phone to date." *See* Samsung Captivate Review (July 14, 2010), http://reviews.cnet.com/smartphones/samsung-captivate-review?tag=mncol;lst;1#reviewPage1. Thus, Samsung's Galaxy S Handsets provide excellent

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
June 15, 2011
Page 2

value to numerous consumers. [1]

Samsung's Galaxy S Handsets are sophisticated and complex electronic devices with computing and telecommunications capabilities far beyond those imaginable just a few years ago. Consumers have posted many favorable comments about them on message boards and user forums. Your Demand Letter refers to message boards and user forums that contain some unfavorable comments about Samsung's Handsets. It is not unusual that some unfavorable comments are posted about complex electronic devices. All such devices can be subject to occasional operability errors, shutdowns or other malfunctions depending on how they are used. Many of the competing manufacturers of smartphones have been the subject of unfavorable comments by consumers who believed the devices shut down randomly. *See, e.g.,* http://androidcommunity.com/forums/f70/htc-desire-shuts-down-randomly-37551 (HTC's Desire™ smartphone); https://supportforums.motorola.com/message/306469 (Motorola's Droid 2™ smartphone); http://forums.macrumors.com/showthread.php?t=430041 (Apple's iPhone™); http://discussions.europe.nokia.com/t5/Nseries-and-S60-Smartphones/Nokia-N8-00-keeps-turning-off/td-p/769384 (Nokia's N8-00™ smartphone); and http://www.howardforums.com/showthread.php/1619583-LG-ENV3-Shuts-off-randomly (LG's ENV3™ smartphone). The posting of these comments does not demonstrate that all handsets of these manufacturers are unfit for ordinary use. To the contrary, every day, millions of consumers make use of Samsung's Handsets and the handsets of its rivals.

Samsung's Galaxy S Handsets are highly customizable. They utilize Google's Android operating system ("OS"). The Android OS offers quick and easy access to over two hundred thousand applications ("apps") created by third-party developers. Moreover, some consumers obtain root access ("rooting") to install customized or modified versions of the Android OS and other third-party apps that require additional system and hardware rights. While potentially attractive to consumers, installing third-party apps and rooting can affect the operation of Samsung's Galaxy S Handsets (or any other Android-based smartphones, for that matter) in ways that are beyond the manufacturer's control, and some of these actions void the warranty. Smartphones are also susceptible to the effects of malware (*i.e.*, viruses), and in fact, there has been a recent increase in "malicious software targeting mobile devices," as noted in an article posted on May 25, 2011. *See* Smartphones? There's malware for that, too, http://www.zdnet.com/news/smartphones-theres-malware-for-that-too/6239011.

---

[1]  Among the many additional honors that have been awarded to Samsung's Galaxy S Handsets are the following:
  1. Best Android Phones for Fall 2010 (Sept. 13, 2010), http://www.thestreet.com/story/10858794/3/best-android-phones.html;
  2. The Top 10 Everything of 2010 (Dec. 9, 2010), http://www.time.com/time/specials/packages/article/0,28804, 2035319_2033840_2033837,00.html;
  3. 10 Most Influential Android Devices of 2010 (Dec. 30, 2010), http://www.pcworld.com/businesscenter/article/215205/10_most_influential_android_devices_of_2010.html?tk=hp_fv;
  4. Top 5 Phones for Mainstreamers (Feb. 17, 2011), http://www.infosyncworld.com/reviews/cell-phones/top-5-phones-for-mainstreamers/11802.html.

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
June 15, 2011
Page 3

Samsung further disagrees with your assertions that "Samsung has been aware" that Samsung's Galaxy S Handsets "have a design defect," and that Samsung "specifically instructed retailers to continue selling their defective inventory" and to "exchange the defective Samsung Phones for other defective Samsung Phones." These statements are untrue, and they are refuted by the December 20, 2010 service bulletin cited in your Demand Letter. An online message purporting to post a service bulletin of that date appears at http://www.captivateforums.com/samsung-captivate/18676-service-bulletin-random-shutdown-issues-on-att-captivate-1270. Samsung assumes your Demand Letter refers to this posting. On its face, this document purports to be issued by AT&T, not by Samsung. While Samsung makes no admissions regarding the identity and the substance of the December 20, 2010 service bulletin, we note that it expressly states that only a "small group" of one model in the Samsung Galaxy S family of Handsets (*i.e.*, the Captivate™) "have the potential to shut down," and that "[m]ost customers are not expected to see an issue." It also expressly states that Samsung "want[s] to … quickly address customer care inquiries should they arise," so that "customers have the best possible experience."

Second, Ms. Rothbaum already has an effective remedy available to her. Ms. Rothbaum never contacted Samsung directly before you sent your Demand Letter. To the extent that Ms. Rothbaum is experiencing difficulties with her particular Galaxy S Handset, Samsung is prepared to provide her immediately with a new, fully functioning replacement Galaxy S Handset in accordance with the terms of Samsung's limited product warranty. Please feel free to have Ms. Rothbaum contact Mr. Greg Crenshaw at Samsung Telecommunications America, LLC (telephone nos. 469-241-4825 or 877-268-2121) to obtain her new handset. Mr. Crenshaw will be alerted to expect Ms. Rothbaum's call and will respond promptly.

Please be advised that Samsung's offer of a new, fully functioning replacement Galaxy S Handset to Ms. Rothbaum constitutes a complete remedy as provided for in Samsung's limited product warranty and as a matter of law. If Ms. Rothbaum chooses to reject Samsung's offer of a complete remedy, then she will have failed to mitigate her damages and will have waived her rights under the warranty.

In addition, in order to analyze the problems that Ms. Rothbaum claims to have experienced, Samsung needs to inspect her handset. It cannot be ruled out that her alleged complaints are due to the unforeseen interaction of multiple software programs or other reasons. Please advise Ms. Rothbaum that she must preserve her handset intact, in the same state as when the handset allegedly shut down, so that Samsung will have an opportunity to analyze the applications and other programs that were running at the time.

Third, there is no legitimate basis for your assertion that Samsung, through its conduct, has violated Massachusetts General Laws Chapter 93A. Chapter 93A is not violated every time a consumer receives a product that has a problem. Where a product is sold in millions of units, it is not at all surprising that *some* consumers will be dissatisfied. An alleged failure to disclose that potential does not give rise to a Chapter 93A violation. "The Massachusetts courts have

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
June 15, 2011
Page 4

made clear that a seller's failure to disclose a potential problem, rather than an actual, known problem, does not amount to a violation of Chapter 93A." L.B. Corp. v. Schweitzer-Mauduit Int'l, 121 F. Supp. 2d 147, 154 (D. Mass. 2000) (Ponsor, J.).

Chapter 93A is intended to provide redress for a level of unfairness that is beyond the bounds of ordinary commerce and causes substantial injury to consumers. See PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593 (1975). The case of Jacobs v. Yamaha, 420 Mass. 323 (1995), illustrates the high standard of proof that is necessary to establish a Chapter 93A violation in circumstances involving an allegedly malfunctioning consumer product. In that case, Jacobs purchased a motorcycle. The motorcycle did not work properly. Jacobs brought it back to the dealer *fifteen times* for repairs, but no repair was ever successfully made. Jacobs also called the manufacturer twice to complain, but never received a response. The trial court found that Yamaha, having been notified of its duty to provide a remedy, "walked away from its responsibilities." *Id.* at 327.

Samsung, in contrast, has not "walked away from its responsibilities" to Ms. Rothbaum. Ms. Rothbaum did not contact Samsung before you sent the Demand Letter. Now that Samsung has received the Letter, Samsung offers to provide Ms. Rothbaum immediately with a new, fully functioning replacement Galaxy S Handset in accordance with the terms of Samsung's limited product warranty. Samsung is responding promptly and appropriately to Ms. Rothbaum's concerns, and therefore there is no conceivable basis for liability under Chapter 93A. *See, e.g.,* Towner v. Bennington Constr. Co., No. 00-33B, 2005 Mass. Super. LEXIS 534 (Mass. Super. Ct. Oct. 12, 2005) (no violation of Chapter 93A could be found where defendants made offers to cure, and plaintiff refused to accept the offer).

Your Letter demands "a full refund of the purchase price." Ms. Rothbaum has not revoked acceptance of her handset, however, and "[r]evocation of acceptance must occur within a reasonable time after the buyer discovers … the ground for it." *See* Mass. Gen. Laws ch. 106, § 2-608(2). As a result, Ms. Rothbaum has no basis to demand a refund.

Fourth, to the extent that your Demand Letter purports to seek relief under Chapter 93A for the benefit of a putative "Class" of "persons who purchased Samsung Phones … in the Commonwealth of Massachusetts," Samsung believes that Ms. Rothbaum lacks the basis to assert a Chapter 93A claim, either in her individual capacity or on behalf of such a class, for a variety of reasons. Those reasons include, but are not limited to, the following:

    (a)    The great majority of purchasers of Samsung's Galaxy S Handsets find that their Samsung Handsets are fit for ordinary use. Ms. Rothbaum cannot assert a claim on behalf of purchasers who have not experienced a problem. *See, e.g.,* Hershenow v. Enter. Rent-A-Car Co., 445 Mass. 790, 802 (2006) ("A consumer is not … entitled to redress under G.L. c. 93A, where no loss has occurred").

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
June 15, 2011
Page 5

     (b)     Likewise, Ms. Rothbaum cannot assert a claim on behalf of purchasers who had concerns with their Samsung Handsets and returned them for a successful repair or replacement. Purchasers who have received a functioning replacement do not have a claim because the warranty has been fulfilled. *See Iannachino v. Ford Motor Co.*, 451 Mass. 623, 629 (2008) (where the purchaser has not suffered any loss as a result of the alleged breach of warranty, the purchaser has no claim for violation of Chapter 93A).

     (c)     Moreover, Ms. Rothbaum cannot assert a claim against Samsung on behalf of purchasers who have not given Samsung notice of a concern and an opportunity to cure that concern. Where a purchaser has accepted goods, a claim for damages cannot arise unless the buyer has "given notification." Mass. Gen. Laws. ch. 106, § 2-714(2). Aside from Ms. Rothbaum, if you are aware of any additional purchaser who wishes to receive a remedy from Samsung, Samsung needs to hear from each such purchaser directly, so that Samsung will have an opportunity to address his/her concern.

     (d)     Although you treat them in your Demand Letter as one and the same, there are significant differences between the Captivate™ handset that Ms. Rothbaum purchased from AT&T and the various other models of Samsung's Galaxy S Handsets. Moreover, as stated above, individualized problems can arise from third-party apps, rooting and malware. As such, under the "rigorous analysis" that will be applied by the Court, Ms. Rothbaum's claim does not and will not have the "commonality, typicality, [and] adequacy" that are required to warrant class treatment. DeRosa v. Mass. Bay Commuter Rail Co., 694 F. Supp. 2d 87 (D. Mass. 2010) (Wolf, J.).

     (e)     Ms. Rothbaum allegedly acquired her Captivate™ handset from AT&T in accordance with AT&T's standard terms and conditions. Other types of Galaxy S Handsets, however, are sold by other wireless service providers whose terms and conditions vary from those of AT&T. Ms. Rothbaum's claim is not typical of the supposed claims of purchasers who have entered other types of commitments. *See id.*

In conclusion, Samsung is prepared to provide Ms. Rothbaum immediately with a new, fully functioning Galaxy S Handset to replace her existing Captivate™ handset in accordance with the terms of Samsung's limited product warranty. This offer provides a complete remedy to Ms. Rothbaum in compliance with Chapter 93A. Samsung earnestly hopes that Ms. Rothbaum will accept this offer and thereby resolve her concerns.

Samsung further believes that, for reasons articulated herein, among others, Ms. Rothbaum lacks a valid basis to assert a Chapter 93A claim, either in her individual capacity or on behalf of a putative class of purchasers of Samsung's Galaxy S Handsets.

Edward F. Haber, Esq.
SHAPIRO HABER & URMY LLP
June 15, 2011
Page 6


I look forward to your response.

Very truly yours,

Robert M. Buchanan, Jr.

RMB/pa

4871126v4