UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY ROTHBAUM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    NO. 11-CV-10509-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT STATEMENT OF THE PARTIES
## PURSUANT TO LOCAL RULE 16.1(D)

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for Defendant Samsung Telecommunications America, LLC ("STA") and counsel for Plaintiff Amy Rothbaum conferred on August 14, 2013 to address the topics set forth below.

I.   **AGENDA**

The matters to be addressed at the scheduling conference include the following:

    (a)    Report on activity since the previous conference.

    (b)    STA's intention to file a motion for summary judgment based on testing the Plaintiff's device.

    (c)    The parties' proposals for a scheduling order.

II.   **REPORT ON ACTIVITY**

Since their previous report, the parties have engaged in the following activities:

    1.    The parties negotiated the terms of a protective order, which has been entered by the Court.

    2.    STA has provided certain information to the Plaintiff's counsel on an informal basis.

3.     The parties negotiated the terms of a Testing Protocol.

4.     STA tested the Plaintiff's phone and provided to the Plaintiff's counsel the Senior Engineer's Report On The Testing Of Amy Rothbaum's Smartphone.

5.     Plaintiff's counsel has also monitored the operation of Plaintiff's Samsung phone and observed the repeated manifestation of the Random Shut Down Defect (defined herein) in Plaintiff's phone.

III.   **PROPOSED PLANS**

    A.   **Plaintiff's Position**

**Testing of Plaintiff's Samsung Phone**

Plaintiff's Second Amended Class Action Complaint ("SAC") alleges in relevant part that Defendant STA, knowingly sold its Samsung Captivate™, Fascinate™, Vibrant™, Epic 4G™, Mesmerize™, Showcase™, and Continuum™ cellular phones (collectively the "Samsung Phones") with a design defect that causes the phones to randomly shut down ("Random Shut Down Defect"). SAC ¶ 1.

Prior to filing the initial Class Action Complaint in this matter, Plaintiff's counsel monitored the operation of Plaintiff's Samsung phone in order to confirm Plaintiff's complaint that her Samsung phone is plagued by the Random Shut Down Defect. On doing so, Plaintiff's counsel observed the repeated manifestation of the Random Shut Down Defect in Plaintiff's phone.

Following these meet and confer discussions. STA requested that it be permitted to conduct testing of Plaintiff's Samsung phone in order to confirm Plaintiff's counsel's observations of the manifestation of the Random Shut Down Defect. In response to Defendant's request, Plaintiff and STA negotiated a testing protocol pursuant to which Defendant was permitted to conduct non-destructive testing of Plaintiff's Samsung phone.

5867159v1

Upon the conclusion of Defendant's testing of Plaintiff's Samsung phone, STA's counsel telephonically informed Plaintiff's counsel that STA had not observed a manifestation of the Random Shut Down Defect during STA's testing.  STA then also provided Plaintiff's counsel with the Report of Samsung employee and Senior Engineer, Matthew Chung concerning the testing performed by STA on Plaintiff's Samsung phone.  STA's Report lacks any evidentiary value and is readily discredited because the testing work performed in connection with the Report was performed by Defendant's own employee, and the Report therefore does not reflect an independent and objective assessment because it was conducted entirely by a self-interested party.

Most telling, however, is the fact that, even after conducting three days of testing, Samsung Engineer Chung ***does not*** opine that Plaintiff's Samsung phone is not defective because of the Random Shut Down Defect.  In fact, all that Samsung Engineer Chung does say is that he does "not believe that Plaintiff's device has a shutdown problem."  Report ¶ 11.

Following receipt of Samsung's self-serving report, Plaintiff's counsel once again conducted its own visual monitoring of the operation of Plaintiff's Samsung phone in order to re-confirm that Plaintiff's Samsung phone is plagued by the Random Shut Down Defect.  On doing so, Plaintiff's counsel once again observed the repeated manifestation of the Random Shut Down Defect in Plaintiff's phone.

Accordingly, the issue of whether Plaintiff's Samsung phone is plagued by the Random Shut Down Defect is a question of material fact that remains very much in dispute and will only be resolved when each of the parties retain independent experts to opine on whether the Plaintiff's Samsung phone is defective because of the Random Shut Down Defect once the Court has entered a Case Management Order governing expert discovery in this matter.

**Plaintiff Requests That the Court Enter A Scheduling Order**

Plaintiff respectfully requests that the Court enter a Scheduling Order setting forth a discovery schedule that will enable Plaintiff to obtain the discovery to which she is entitled to: (i) prosecute the claims asserted in the SAC; and (ii) defend against any Motion for Summary Judgment that STA may make.

**Defendant's Planned Summary Judgment Motion
Is Premature Because Formal Discovery Has Not Yet Commenced**

During the parties' meet and confer discussions, STA's counsel requested that Plaintiff withdraw her SAC based on the information provided in the Report provided by Samsung Engineer Chung. STA further informed Plaintiff's counsel that, in the event Plaintiff does not voluntarily withdraw the SAC, STA intends on filing a Motion for Summary Judgment based on the information provided in the Report provided by Samsung Engineer Chung.

Plaintiff's counsel responded by informing STA that Plaintiff will not withdraw her SAC because the allegations are well founded and made in good faith, and based on the repeated manifestation of the Random Shut Down Defect in Plaintiff's Samsung phone.

Plaintiff's counsel also informed STA that STA's planned Summary Judgment Motion is wholly inappropriate at this stage of the litigation for several reasons. First, formal discovery has not yet commenced in this action. Accordingly, Plaintiff has not been afforded the opportunity to obtain evidence that she is entitled to use to defend against any anticipated Motion for Summary Judgment that STA might make. Second, the Court has not entered a Scheduling Order setting forth a discovery schedule, and Defendant has, therefore, not produced any documents to Plaintiff even though Defendant possesses documents highly relevant to Plaintiff's claims and STA's defenses. Indeed, the parties here moved the Court to enter a two-tiered protective order to protect Defendant's "Highly Confidential" documents, yet Defendant has not

produced a single one of these documents.  Defendant should not be allowed to withhold such critical documents from Plaintiff and this Court before moving for summary judgment.

As this Court has repeatedly recognized, summary judgment is rarely appropriate when the parties have not exchanged formal discovery or when the facts necessary to decide the motion are in the sole possession of the non-moving party.  *Birkholz v. Phila. Indem. Ins. Co.*, C.A. No. 11-12264, 2013 U.S. Dist. LEXIS 40330, at *1-2 (D. Mass. 2013) ("[T]his court rarely authorizes the filing of motions for summary judgment before discovery is completed, and it is not evident that it would be appropriate to decide the merits of the Motion on the present record.") (Wolf, J.); *Ward v. United States*, 471 F.2d 667, 670 (3d Cir. 1973) (holding that summary judgment was premature "where the moving party has sole possession of the relevant facts that the non-moving party needs to oppose the summary judgment motion").

Finally, while Plaintiff anticipates retaining a testifying expert to test Plaintiff's phone and offer an expert opinion concerning the Random Shut Down Defect that plagues Plaintiff's Samsung phone once the Court enters a Schedule Order governing merits and expert discovery, Plaintiff respectfully notes that Defendant's argument that Plaintiff is not entitled to support her Opposition to Defendant's Summary Judgment Motion by submitting an Affidavit in Opposition to Defendant's Motion is incorrect as a matter of law.  *See Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000) ("[A] party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.").  Accordingly, Defendant's claim that "STA is not aware of any competent evidence that the Plaintiff's device has the defect alleged in the Complaint" is simply false.

- 5 -

1.   Filing of Motions

On the basis of the foregoing, Plaintiff respectfully requests that the Court deny any request by Defendant to file a Motion for Summary Judgment as premature until such time as the parties have completed merits and expert discovery in accordance with a Court-ordered Scheduling Order.

2.   Discovery Plan And Schedule

A.  The parties shall complete fact discovery on all issues by June 4, 2014.

B.  Plaintiff shall serve her expert report(s) by Monday, July 7, 2014.

C.  Defendant shall serve any rebuttal expert report(s) by Wednesday, August 6, 2014.

D.  Plaintiff will serve her reply expert report(s), if any, by Friday, September 5, 2014.

E.  Expert discovery shall close by Friday, September 19, 2014.

F.  Plaintiff will file her motion for class certification by Tuesday, October 20, 2014.

G.  Defendant will file any opposition to Plaintiff's motion for class certification by Friday, November 21, 2014.

H.  Plaintiff may file a reply in support of her motion for class certification by Friday, December 19, 2014.

I.  Motions for summary judgment must be filed by Tuesday, January 13, 2015.

J.  A pre-trial conference will take place 30 days after a ruling on class certification.

K.  Trial will take place 45 days after the pre-trial conference.

**B.   Defendant's Position**

STA and the Plaintiff agreed on a protocol for testing the Plaintiff's device.  STA tested the Plaintiff's device pursuant to the protocol.  STA provided to the Plaintiff the Senior Engineer's Report On The Testing Of Amy Rothbaum's Smartphone.  The testing found that the Plaintiff's device does not have the defect alleged in the Plaintiff's Complaint.  Accordingly,

- 6 -

STA believes the Plaintiff should withdraw her Complaint. If the Plaintiff does not withdraw her Complaint, then STA intends to file a Motion For Summary Judgment Based On Testing Of Amy Rothbaum's Smartphone, which will provide to the Court a copy of the Report.

"The summary judgment procedure allows early resolution of litigation." Bonaccoloto v. Coca-Cola Enters., Civil No. 97-11710-PBS, 1999 U.S. Dist. LEXIS 22732, at *3 (D. Mass. Feb. 11, 1999) (Findings and Recommendations of Magistrate Judge Alexander, adopted by Judge Saris on March 2, 1999). Summary judgment can be appropriate even in a case where "no discovery has been conducted." See, e.g., Vicente v. FCDB SNPWL Trust, Civil Action No. 11-11767-DPW, 2012 U.S. Dist. LEXIS 17323, at *6-7 (D. Mass. Feb. 13, 2012). "[T]he court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Genereux v. Hardric Labs., Inc., C.A. No. 04-12137, 2013 U.S. Dist. LEXIS 88509, at *15 (D. Mass. June 23, 2013) (Wolf, J.) (quoting Fed. R. Civ. P. Rule 56). In order to prevail on her claims in this case, the Plaintiff Amy Rothbaum "must 'prove a defect in the product.'" Cipollone v. Yale Indus. Prods., 202 F.3d 376, 379 (1st Cir. 2000) (affirming award of summary judgment, and quoting Enrich v. Windmere Corp., 616 N.E.2d 1081, 1085 (Mass. 1993)). Plaintiff bears the burden to prove this element. If she fails to do so, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Genereux, 2013 U.S. Dist. LEXIS 88509, at *32. See, e.g., Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980) ("The plaintiffs' failure to adduce any evidence ... to show that their automobile was defective when purchased is fatal."). Unsubstantiated allegations are not sufficient to defeat a motion for summary judgment. Likewise, "[s]elf-serving declarations and affidavits, without more, cannot create a disputed

material fact." Gregory v. Nationwide Mut. Ins. Co., No. CIV S-10-1872 KJM EFB, 2012 U.S. Dist. LEXIS 179861, at *17 (E.D. Cal. Dec. 19, 2012); see also Jackson v. Am. Honda Motor Co., 08-P-956, 2009 Mass. App. Unpub. LEXIS 733, at *6-8 (Mass. App. Ct. Sept. 3, 2009) (citing Walsh, supra) ("[A]llegations of a defect, which can be neither duplicated nor substantiated, are insufficient to constitute a breach of any warranty, express or implied, under Massachusetts law."). In this case the Plaintiff's device has been tested, and her allegations of a defect were neither duplicated nor substantiated.

 1.  Filing of Motions

STA proposes to file its Motion For Summary Judgment Based On Testing Of Amy Rothbaum's Smartphone ("MSJ"), on the following schedule:

 (a)  STA will file its MSJ by October 18, 2013.

 (b)  Plaintiff will file her Opposition by November 8, 2013.

 (c)  STA will file its Reply by November 22, 2013.

 2.  Discovery Plan And Schedule

The entire case will end if STA prevails on its Motion For Summary Judgment Based On Testing Of Amy Rothbaum's Smartphone. Because the Plaintiff's device does not have the defect alleged in the Complaint, the Plaintiff does not have a claim, and she cannot bring any claim on behalf of a class. Therefore there is no need to consider class certification at this time.

 a.  No Discovery, Or Limited Discovery, On The Motion For Summary Judgment

At present, STA is not aware of any need to conduct discovery before STA files the proposed Motion For Summary Judgment Based On Testing Of Amy Rothbaum's Smartphone. The MSJ will present one single issue: Whether Amy Rothbaum's smartphone has the defect that is alleged in her Complaint. On its side, STA has already tested the Plaintiff's device. On

the Plaintiff's side, her device is in the possession of her counsel, and her counsel can decide whether any further testing is warranted.

STA is not aware of any competent evidence that the Plaintiff's device has the defect alleged in the Complaint.[1] If the Plaintiff were to bring forward such evidence, then it might be appropriate to consider limited discovery, as follows: (i) If the Plaintiff submits a declaration on her own behalf, then STA may wish to take the deposition of the Plaintiff, and in turn the Plaintiff may wish to take the deposition of the Senior Engineer who performed the testing. (ii) If the Plaintiff submits a declaration by an expert, then STA may wish to take the deposition of that expert, and likewise, the Plaintiff may wish to take the deposition of the Senior Engineer who performed the testing.

b.    Further Schedule If Needed

Broader discovery will not be needed unless STA's MSJ is opposed by the Plaintiff and denied by the Court. Accordingly, STA respectfully submits that further activity in this action should be deferred until after the date of the Court's ruling on STA's MSJ ("the Ruling Date"). In the event that the Court denies the MSJ, STA is willing to agree to a schedule of events in the same intervals that have been proposed by the Plaintiff. STA therefore proposes the following schedule of events that will proceed, if necessary, after the Ruling Date:

A.    The parties shall complete fact discovery on all issues by:

- Plaintiff proposes June 4, 2014, which is 9 months after the Scheduling Conference ("SC").

- STA proposes 9 months after the Ruling Date.

B.    Plaintiff shall serve her expert report(s) by:

---

[1] On pages 3 and 5-6 above, the Plaintiff asserts her counsel "conducted its own visual monitoring of the operation of Plaintiff's Samsung phone." STA was not informed of this assertion at any time until 5:15 pm today. Whether the Plaintiff has any competent evidence on the point remains to be seen.

5867159v1

- Plaintiff proposes Monday, July 7, 2014, which is 10 months after the SC.

- STA proposes 10 months after the Ruling Date.

C.  Defendant shall serve any rebuttal expert report(s) by:

- Plaintiff proposes Wednesday, August 6, 2014, which is 11 months after the SC.

- STA proposes 11 months after the Ruling Date.

D.  Plaintiff will serve her reply expert report(s), if any, by:

- Plaintiff proposes Friday, September 5, 2014, which is 11 months and 19 days after the SC.

- STA proposes 11 months and 19 days after the Ruling Date.

E.  Expert discovery shall close by:

- Plaintiff proposes Friday, September 19, 2014, which is 12 months and 3 days after the SC

- STA proposes 12 months and 13 days after the Ruling Date.

F.  Plaintiff will file her motion for class certification by:

- Plaintiff proposes Tuesday, October 20, 2014, which is 13 months after the SC.

- STA proposes 13 months after the Ruling Date.

G.  Defendant will file any opposition to Plaintiff's motion for class certification by:

- Plaintiff proposes Friday, November 21, 2014, which is 14 months after the SC.

- STA proposes 14 months after the Ruling Date.

H.  Plaintiff may file a reply in support of her motion for class certification by:

- Plaintiff proposes Friday, December 19, 2014, which is 15 months after the SC.

- STA proposes 15 months after the Ruling Date.

I.  Motions for summary judgment must be filed by:

- Plaintiff proposes Tuesday, January 13, 2015, which is 16 months after the SC.

5867159v1

- STA proposes 16 months after the Ruling Date.

J.    A pre-trial conference will take place 30 days after a ruling on class certification.

K.    Trial will take place 45 days after the pre-trial conference.

## IV.    LIMITATIONS ON DISCOVERY

### A.    Plaintiff's Position

Based on Plaintiff's investigation to date, Plaintiff anticipates that she may require at least 15 depositions of fact witnesses. Plaintiff believes the seven hour time limitation provided under Rule 30 does not need to be modified.  Plaintiff requests permission to serve up to 25 interrogatories.

If any party anticipates withholding privileged material, a privilege log must be produced at the same time each production is made.  All such privilege logs shall include the following: (a) the name of the person making the communication and the names of persons present while the communication was made (or to whom the communication was made), and, where not apparent, the relationship of the persons present to the person making the communication; (b) how the communication was made (by letter, facsimile, telephone, conversation, etc.); (c) the date and place the communication occurred; (d) the general subject matter of the communication; and (e) the purpose of the communication.

In addition, Plaintiff strongly believes that discovery should not be conducted in phases or bifurcated.  Plaintiff is opposed to bifurcated discovery because, as set forth in *Dukes v. Wal-Mart Stores, Inc.*, 131 S. Ct. 795 (2011), the Court is required to examine the merits of this action to the extent that such merits overlap with class certification requirements.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'"  *Id.*  Accordingly, merits discovery is necessary to aid the Court in this "rigorous analysis."

- 11 -

Bifurcating discovery would be inefficient and impracticable because class-based evidence and merits-based evidence are inextricably intertwined. *In re JPMorgan Chase Mortg. Modification Litig.*, No.11-md-02290, 2011 U.S. Dist. LEXIS 136109, at *2 (D. Mass. Nov. 28, 2011) (declining to adopt bifurcated, or phased, discovery where issues of certification and merits were "too closely intertwined to be easily separated"); *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4-5 (M.D. Fla. Feb. 7, 2011) (denying request for phased discovery where "line between 'class issues' and 'merits issues' [was] practically difficult, if not impossible, to determine"); *Chao v. Aurora Loan Servs., LLC*, No. C 10-03383 SBA, 2011 U.S. Dist. LEXIS 143356, at *2-3 (N.D. Cal. Dec. 12, 2011) (finding that "an order bifurcating discovery would be unworkable because the certification-based evidence and merits-based evidence in this case is intertwined"); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("Defendants' proposal [to bifurcate] would not increase the efficiency of case proceedings, but would delay the proceedings and ultimately, the resolution of the case.") (citing 3 WILLIAM B. RUBENSTEIN, ALBA CONTE, & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 9.44 (4th ed. 2009) (explaining that bifurcated discovery creates the need for the court to rule on whether the discovery pertains to the merits or class certification is therefore inefficient)). Thus, bifurcation of discovery would lead to a waste of valuable judicial resources.

Similarly, once fact discovery commences, some of the same witnesses deposed on class-only discovery would likely be deposed again to address issues on the merits, adding significant expense to the litigation and leading to significant duplication of efforts for all parties.

**B.    STA's Position**

At this time, STA does not see a need to alter the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules.

- 12 -

A privilege log should be provided at the appropriate time and in accordance with the rules. In some cases it is more practical to produce the non-privilege documents first, with the privilege log to follow.

## V.    SETTLEMENT

### A.    Plaintiff's Position

Pursuant to L.R. 16.1(C), the Plaintiff presented a written settlement proposal to the Defendant on July 25, 2013.

The Rothbaum Action was filed on March 24, 2011 and is the first-filed of three class actions alleging that Defendant violated various consumer protection statutes by selling cellular telephones that Defendant knew were defective. The second action, *Galitski v. Samsung Telecom. Am., LLC,* 12cv04782-D (ND Tex.) (the "Galitski Action"), was filed on November 21, 2012, and the third action, *Anderson v. Samsung Telecom. Am., LLC,* 13-cv-01028 (CD Cal.) (the "Anderson Action"), was filed on July 10, 2013.

The Rothbaum Action is much further advanced than both the Galitski and Anderson Actions because Plaintiff has already successfully defended a motion to dismiss, Defendant has answered Plaintiff Rothbaum's Amended Complaint, the Court has entered a Protective Order governing discovery, the parties have engaged in informal discovery and the parties are engaged in settlement discussions. In contrast, the court in the Galitski Action has not yet decided Defendant's motion to dismiss, which remains *sub judice* and the Anderson Action was only recently filed just one month ago. Accordingly, Defendant's counsel has not yet even appeared.

Plaintiff's settlement proposal, which was provided to Defendant on July 25, 2013, contemplates a nationwide settlement that would include, and extinguish the claims asserted in both the Galitski and Anderson Actions. Accordingly, Plaintiff believes that the Court's and the parties' resources will be conserved by having Defendant either: (i) request that both the Galitski

- 13 -

5867159v1

and Anderson Actions be transferred to this Court and be consolidated with the Rothbaum Action for all purposes or (ii) seek a stay of the Galitski and Anderson Actions pending a resolution of the Rothbaum Action.

Finally, Plaintiff believes that resolution of the Rothbaum Action most readily will be accomplished by this Court confirming the appointment of a private mediator mutually agreed upon by the parties and ordering a schedule pursuant to which such mediation shall be conducted.

On September 3, 2013, STA's counsel informed Plaintiff that the written settlement proposal remained under consideration by STA.

**B.      STA's Position**

Pursuant to L.R. 16.1(C), the Plaintiff presented a written settlement proposal to the Defendant on July 25, 2013.    The proposal is under consideration by STA.

5867159v1

Respectfully submitted,

AMY ROTHBAUM, individually and on
behalf of all others similarly situated,

By its attorneys,


_Adam M. Stewart_
Edward F. Haber (BBO No. 215620)
ehaber@shulaw.com
Adam M. Stewart (BBO No. 661090)
astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tele: (617) 439-3939
Fax: (617) 439-0134

Paul O. Paradis, admitted *pro hac vice*
pparadis@hhplawny.com
Gina M. Tufaro, admitted *pro hac vice*
gtufaro@hhplawny.com
Mark A. Butler, admitted *pro hac vice*
mbutler@hhplawny.com
HORWITZ HORWITZ & PARADIS
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tele: (212) 986-4500
Fax: (212) 986-4501

Dated: September 9, 2013

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

By its attorneys,


_Margaret E. Ives_
Robert M. Buchanan, Jr. (BBO No. 545910)
rbuchanan@choate.com
Margaret E. Ives (BBO No. 668906)
mives@choate.com
Jared M. Barnes (BBO No. 679342)
jbarnes@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

- 15 -

5867159v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on September 9, 2013.

_Margaret E. Ives_
Margaret E. Ives (BBO No. 668906)