# EXHIBIT C

# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Charles E. Tompkins
Ian J. McLoughlin
Adam M. Stewart
Robert E. Ditzion
Rachel M. Brown

*Counsel*
Thomas G. Hoffman

E-mail:
ehaber@shulaw.com

May 17, 2011

**BY FED-EX**

Cindi Moreland, Esq.
Vice President and General Counsel
Samsung Telecommunications America, LLC
1301 East Lookout Drive
Richardson, TX  75082

RECEIVED
MAY 18 2011
By___

Re:   Notification of Violation of M.G.L. c. 93A

Dear Ms. Moreland:

This firm represents Amy Rothbaum ("Ms. Rothbaum"). This letter serves as a demand on behalf of Ms. Rothbaum and all other persons who purchased Samsung Phones (as defined below) in the Commonwealth of Massachusetts (the "Class"), pursuant to the provisions of Massachusetts General Laws Chapter 93A, Sections 2 and 9.

Samsung Telecommunications America, LLC ("Samsung") manufactures, distributes and sells four models of its Galaxy S smartphones. The four specific models are the Captivate™ sold through AT&T, the Fascinate™ sold through Verizon, the Vibrant™ sold through T-Mobile and the Epic 4G™ sold through Sprint. These four models of Samsung smartphones are referred to herein collectively as the "Samsung Phones."

Since at least July 2010, Samsung has been aware that the Samsung Phones have a design defect that causes the phones to randomly shut down ("Random Shut Down Defect"), which prevents the Samsung Phones from being used for their intended purpose. The Random Shut Down Defect causes the Samsung Phones to power off, completely, when the Samsung Phones are in the "standby" mode. In order to re-activate a Samsung Phone that has experienced the Random Shut Down Defect, a consumer must remove the battery from the phone, re-insert the battery and then press the power button to turn the Samsung Phone back on. This is only a temporary fix because the Samsung Phones, as a result of the Random Shut Down Defect, will inevitably shut down again, randomly.

## SHAPIRO HABER & URMY LLP

Cindi Moreland, Esq.
Samsung Telecommunications America, LLC
May 17, 2011

Page 2

      Despite its knowledge of the Random Shut Down Defect, Samsung failed to disclose this material information to members of the Class, including Ms. Rothbaum. In fact, Samsung shipped over 1 million Samsung Phones during the first 45 days of the phones' debuts and have sold approximately 10 million Samsung Phones worldwide, despite complaints regarding the Random Shut Down Defect within the first week the phones were released. Tens of thousands of the Samsung Phones were sold in the Commonwealth of Massachusetts.

      Even though Samsung was aware that the Samsung Phones suffered from the Random Shut Down Defect, Samsung specifically instructed retailers to continue selling their defective inventory of the Samsung Phones, and if customers complained, to exchange the defective Samsung Phones for other defective Samsung Phones. Indeed, in an internal service bulletin of December 20, 2010, which was not made available to Ms. Rothbaum or the members of the Class, Samsung admitted that Samsung Phones were experiencing the Random Shut Down Defect but instructed retailers to "[c]ontinue to sell through existing inventory."

      Ms. Rothbaum purchased a Samsung Captivate™ smartphone from an AT&T store in Holyoke, Massachusetts on October 16, 2010. Within a few months of purchasing her Samsung Captivate™, Ms. Rothbaum's phone began exhibiting the Random Shut Down Defect. After experiencing the defect numerous times, Ms. Rothbaum notified AT&T of the defect. In response, AT&T provided Ms. Rothbaum with a new battery that did not resolve the Random Shut Down Defect. On March 1, 2011, Ms. Rothbaum went to an AT&T store and informed them that her Samsung Phone continued to experience the Random Shut Down Defect. Pursuant to Samsung's mandate to retailers to deplete their inventory of the defect Samsung Phones, AT&T exchanged the Plaintiff's defective Captivate™ with another defective Captivate™, which experienced the Random Shut Down Defect within four days.

      As you are undoubtedly aware, Ms. Rothbaum is not alone in her complaints about Samsumg's practice of selling defective Samsung Phones. Online message boards and forums, including forums on AT&T, Verizon and T-Mobile's websites, are replete with complaints from similarly-situated persons, including postings from consumers whose defective Samsung Phones have been repeatedly replaced with yet another Samsung Phone with the Random Shut Down Defect.

      We therefore submit this letter on behalf of Ms. Rothbaum and all other persons who purchased a new Samsung Phone in the Commonwealth of Massachusetts. These similarly-situated persons have been collectively referred to herein as "the Class." Had Ms. Rothbaum and the Class known about the Random Shut Down Defect they would not have purchased the Samsung Phones.

SHAPIRO HABER & URMY LLP

Cindi Moreland, Esq.
Samsung Telecommunications America, LLC
May 17, 2011

Page 3

     Samsung's actions described herein constitute an unfair and deceptive business practice that violates Massachusetts General Laws Chapter 93A. Samsung has violated 93A by, among other things, failing to disclose the Random Shut Down Defect to Ms. Rothbaum and the Class, which would have influenced them not to purchase the Samsung Phones, and by violating the implied warranty of merchantability. *See, e.g.,* 940 Code Mass. Regs. § 3.16(2); 940 Code Mass. Regs. § 3.08(2). Samsung's violations of 93A were committed willfully, knowingly and in bad faith.

     Accordingly, Ms. Rothbaum demands full and appropriate relief for herself and the members of the Class, including but not limited to allowing Ms. Rothbaum and each member of the Class to return his or her Samsung Phone and to provide a full refund of the purchase price they paid for the Samsung Phone and relief from any contractual service commitments they made to AT&T, Verizon, T-Mobile or Sprint in consideration for being sold the Samsung Phone at that purchase price.

     Please be advised that if you fail to respond to this demand within the 30-day time period prescribed by M.G.L. c. 93A, § 9, or if you respond within that time period, but a court later determines that the tender was not reasonable in relation to the injury actually suffered by Ms. Rothbaum and the Class, then you shall be held liable for not less than two times, and up to three times, the amount of such damages if the court finds that the use or employment of the act or practice in question was a willful or knowing violation of Section 2 of chapter 93A or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated this section.

Sincerely,

*/s/ Edward F. Haber*

Edward F. Haber