IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                       )
AMY ROTHBAUM, individually and on          )
behalf of all others similarly situated,           )
                                                       )
                   Plaintiff,                          )
                                                       )          No. 11-CV-10509-MLW
v.                                                     )
                                                       )
SAMSUNG TELECOMMUNICATIONS         )
AMERICA, LLC,                                    )
                                                       )
                   Defendant.                        )
_____)

**DEFENDANT STA'S RULE 56.1 STATEMENT
OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1 of the United States District Court for the District of

Massachusetts, Defendant Samsung Telecommunications America, LLC ("STA") submits, in

support of its motion for summary judgment, the following statement of material facts as to

which there is no genuine issue to be tried.

**I.      Plaintiff Rothbaum And Her Two Phones**

1.      Plaintiff Rothbaum purchased her first Samsung Captivate on October 16, 2010

("the October 2010 Phone").  Second Amended Complaint (the "Complaint" or "Compl."), at

¶ 7.

2.      At the time of her purchase, Plaintiff was a New York resident.  *Id.*

3.      Plaintiff purchased her STA smartphone from an AT&T store in Holyoke,

Massachusetts.  *Id.* at ¶ 43.

4.      Plaintiff now resides in Colorado.  Transcript of the Deposition of Amy Rothbaum, dated November 20, 2013 ("Rothbaum Dep."), excerpts attached as Ex. A to the Affidavit of Timothy Rowden ("Rowden Aff."), Dkt. No. 77, at 4:22-24.

5.      Rothbaum does not know where the October 2010 Phone is today.  Rothbaum Dep., excerpts attached as Ex. K to the Affidavit of Jared M. Barnes ("Barnes Aff."), filed herewith, at 126:5-127:10.  She did not return it to AT&T.  *Id.*

6.      Plaintiff Rothbaum received another phone of the same model ("the Replacement Phone") in the mail from AT&T in March 2011.  *Id.* at 124:14-23.

7.      According to Plaintiff Rothbaum, the Replacement Phone has experienced "random shutdown" events.  *See, e.g.*, Declaration of Amy Rothbaum, filed October 31, 2013, Dkt. No. 75 ("Rothbaum Decl."), ¶ 14.

8.      Each time Plaintiff Rothbaum experienced an alleged shutdown event, she was able to revive the phone by pressing the "on" button, and she did not need to remove and reinsert the battery.  Rothbaum Dep., Barnes Aff., Ex. K, at 97:17-23; 108:25-109:23; 119:4-120:22; 137:9-139:6; 169:23-170:25.

9.      Plaintiff Rothbaum could have sought a remedy from AT&T, which offers an arbitration process.  *See* Rowden Aff., Dkt. 77, Ex. B, at pp. 7-9.

10.     Rothbaum did not pursue the AT&T arbitration, however.  *See* Rothbaum Dep., Barnes Aff., Ex. K, at 196:6-199:9.

11.     The terms of STA's express warranty state, in part, as follows:

> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that

> date:  Phone:  1 Year. . . .   During the applicable warranty period,
> SAMSUNG will repair or replace, at SAMSUNG's sole option,
> without charge to Purchaser, any defective component part of
> Product.

Rowden Aff., Dkt. No. 77, Ex. E, at pp. 190-92.

12.     Plaintiff Rothbaum did not contact STA before filing this lawsuit.  Rowden Aff.,

Dkt. No. 77, Ex. D, at p. 3.

13.     Plaintiff Rothbaum filed this lawsuit on March 24, 2011.  Complaint filed

March 24, 2011, Dkt. No. 1.

14.     After this lawsuit was filed, Plaintiff Rothbaum sent a demand letter to STA under

Chapter 93A.  *See* Rowden Aff., Dkt. No. 77, Ex. C.

15.     STA promptly responded by offering to provide Plaintiff Rothbaum with a "new,

fully functioning replacement" smartphone.  *See* Rowden Aff., Dkt. No. 77, Ex. D, at p. 3.

16.     Rothbaum never responded to STA's offer.  Rowden Aff., Dkt. No. 77, at ¶ 5.

17.     Plaintiff Rothbaum continued to use the Replacement Phone until September

2012.  Rothbaum Dep., Barnes Aff., Ex. K, at 167:20-169:22.  At that time she provided the

Replacement Phone to her attorneys so that it could be tested in conjunction with this action.  *Id.*

18.     STA negotiated for the right to test the Plaintiff's device.  *See* Testing Protocol,

Barnes Aff., Ex. L.  STA was granted the right to test the phone for a period of 72 hours.  *Id.*, §

II(7).

19.     On behalf of STA, Senior Engineer Matthew Chung performed a set of tests on

the Replacement Phone, including:  internal and external inspections; power consumption and

voltage measurements; powering the device on to check its beginning condition; normal use

tests; and placing the phone in standby mode.  *See generally* Senior Engineer's Report on the

Testing of Amy Rothbaum's Smartphone, Dkt. No. 78 ("Chung Report").  Chung was not able to

replicate the "Random Shut Down Defect" alleged in the Complaint.  *See id.* at ¶¶ 4-6, 9, 11.

20.     Plaintiff Rothbaum retained as an expert witness Ken Thompson, a mechanical

engineer.  *See generally* Confidential Expert Report of Ken Thompson Pursuant to Fed. R. Civ.

P. 26(a)(2) ("Thompson Report"), Barnes Aff., Ex. A.  The Thompson Report was served on

October 31, 2013.  *Id.* at 12.

21.     Thompson states that he observed the Replacement Phone over a period of six

days.  *Id.* at 7.

22.     Thompson did not (i) conduct any analytic tests, (ii) install a SIM card,

(iii) observe the phone in its normal condition, or (iv) try to use the phone.  Transcript of the

Deposition of Ken Thompson, dated November 22, 2013 ("Thompson Dep."), excerpts attached

as Ex. J to the Barnes Aff., at 77:18-79:15.

23.     During the fifth day of his observation, according to Thompson, "Plaintiff's

Captivate Phone experienced one random shut down event when it was in 'sleep' mode."

Thompson Report, Barnes Aff., Ex. A, at pp. 2, 6-8.

24.     Thompson was able to revive the phone by holding "the power on/off key down

for several seconds," and he did not need to remove and reinsert the battery.  Thompson Dep.,

Barnes Aff., Ex. J, at 85:9-15.

25.     STA retained an expert to analyze the Plaintiff's evidence.  Expert Report and

Declaration of Joseph C. McAlexander, III ("McAlexander Report"), filed herewith.

26.     Many different factors could contribute to a shut down or freeze of a complex

electronic system such as the Captivate.  McAlexander Report, ¶¶ 22-29.

27.     In order to assess what caused the problem with Rothbaum's Replacement Phone, one would need to know what applications were installed by the user, which applications were active, the charge state of the battery, the phone's signal strength, and other detailed information. *Id.* at ¶¶ 3, 47-48, 78-79.

28.     The cause of Plaintiff Rothbaum's alleged problem has not yet been determined. McAlexander Report, ¶¶ 3, 79; Thompson Dep., Barnes Aff., Ex. J, at 90:20-91:5.

29.     Plaintiff Rothbaum loaded several applications on her Replacement Phone -- including Facebook, Twitter, and Words with Friends -- and she used many of the pre-loaded applications as well.  Rothbaum Dep., Barnes Aff., Ex. K, at 128:3-133:5.

30.     The Plaintiff's use of these applications may have contributed to the alleged problems.  Chung Report, Dkt. No. 78, ¶11; McAlexander Report, ¶¶ 25, 47-48.

## II.     <u>The Captivate Devices</u>

31.     STA is willing and able to replace Plaintiff Rothbaum's Phone.  Rowden Aff., Dkt. No. 77, Ex. D, at p. 5.

32.     Plaintiff Rothbaum acknowledged at her deposition that the remedy she is seeking is that "[her] phone would be replaced."  Rothbaum Dep., Barnes Aff., Ex. K, at 160:23-162:2.

33.     Many hundreds of thousands of Captivate phones were sold in the United States. *See* Thompson Report, Barnes Aff., Ex. A, at 1; Second Affidavit of Timothy Rowden ("Second Rowden Aff."), filed herewith, Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. G (STA_ROTH STA_ROTH 0000421).

34.     Favorable reviews of Samsung's Galaxy S smartphones have been received in well-known publications, such as Consumer Reports, Time Magazine, PC World, and PC Magazine.  McAlexander Report, ¶35; Rowden Aff., Dkt. No. 77, Ex. D.  Several of these reviews, including a December 2010 article from Consumer Reports and a July 2010 review

from PC Magazine, praised the Captivate in particular.  McAlexander Report, Attachment B and n. 12.

35.     Only a minority of the Captivate phones were ever reported to have any problem. Second Rowden Aff., Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. D (STA_ROTH 0000170); Ex. H (STA_ROTH 0000471).

36.     Of the minority of phones that were returned, an even smaller minority were said to have a power problem.  Barnes Aff., Ex. B (STA_ROTH 0000004) ("a small percentage"); Ex. D (STA_ROTH 0000175); *see also* McAlexander Report, ¶¶ 37, 71-74; Second Rowden Aff., Ex. F (STA_ROTH 0000001).

37.     Yet the Plaintiff contends that STA is unable to provide a fully functioning replacement.  *See* Compl., ¶ 41; Plaintiff Rothbaum's Memorandum of Law In Opposition To Defendant's Motion To Dismiss, Dkt. No. 28, at 13.  Apart from the statement of her retained expert, Plaintiff has not submitted any evidence in support of this contention.

38.     Plaintiff's retained expert, Thompson, purports to form the opinion that 100% of the Captivate phones sold in the United States have the Defect alleged in the Complaint. Thompson Report, Barnes Aff., Ex. A, at 3, 6; *see also* Thompson Dep., Barnes Aff., Ex. J, at 30:19-23.

39.     Thompson based his opinion on (a) his observation of Plaintiff Rothbaum's Replacement Phone and (b) quoting from eight documents produced by STA in this action. Thompson Report, Barnes Aff., Ex. A, at 2-8;  Thompson Dep., Barnes Aff., Ex. J, at 73:10-74:9.

40.     Copies of these eight documents are attached to the Barnes Affidavit as Exhibits B through I.

Respectfully submitted,


SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

By its attorneys,

/s/ *Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO# 545910)
(rbuchanan@choate.com)
Margaret E. Ives (BBO# 668906)
(mives@choate.com)
Jared M. Barnes (BBO# 679342)
(jbarnes@choate.com)
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
Tel: (617) 248-5000

January 21, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on January 21, 2014.

/s/ *Robert M. Buchanan, Jr.*

Robert M. Buchanan, Jr. (BBO# 545910)

6008932