# EXHIBIT L

# (FILED ON PUBLIC DOCKET)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AMY ROTHBAUM**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,**<br><br>Defendant. | CASE NO.: 11-CV-10509-MLW<br><br>**CONSENT AGREEMENT ESTABLISHING NON-DESTRUCTIVE TESTING PROTOCOL** |

Plaintiff Amy Rothbaum ("Plaintiff") and Defendant Samsung Telecommunications America, LLC ("Defendant") (collectively, the "Parties") enter into this Consent Agreement Establishing a Non-Destructive Testing Protocol and hereby agree as follows:

**I.      Statement of General Intent**

1.     The general intent of this Consent Agreement is to establish a protocol for the non-destructive testing of Plaintiff's Smartphone, as those terms are defined herein.

2.     This Consent Agreement is not intended to and does not create or modify any standard for the admissibility of evidence and is not intended to waive or otherwise alter any privileges or rights, including but not limited to, privileges and other rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**II.     Definitions**

For purposes of this Consent Agreement only, the following terms are defined to have the following meanings:

1.     "Defendant" means Samsung Telecommunications America, LLC or any person or entity acting on behalf of Samsung Telecommunications America, LLC, including the persons

or entities performing or participating in the Non-Destructive Testing described herein.

2. "Plaintiff's Smartphone" means Plaintiff's Samsung Captivate™ smartphone bearing model number SGH-l897, IMEI number 351863/04/041691/5, SKU number S5187, FCC ID number A3LSGHl897, and unidentified number L08CE0168.

3. "Random Shut Down Defect" means the defect that allegedly causes Plaintiff's Smartphone to shut down or power off randomly while in the standby mode.

4. "Standby mode" means Plaintiff's Smartphone is powered on but is operating in an inactive low energy state whereby it will automatically activate upon receipt of phone calls or text messages.

5. "Test," "testing" or "tested" means any testing, inspecting, examining, analyzing, observing, or any other use of Plaintiff's Smartphone while it is in Defendant's possession.

6. "Non-Destructive" means any action taken with respect to Plaintiff's Smartphone that does not impair, repair or replace any component thereof, or otherwise alter Plaintiff's Smartphone (such as repairing, replacing or modifying the hardware or replacing, updating or modifying the software of Plaintiff's Smartphone, in any respect). In particular, in the course of Non-Destructive testing, Defendant may not delete or remove any files from Plaintiff's Smartphone, including log files.

7. The "Testing Period" means the period of time during which Defendant is permitted to test Plaintiff's Smartphone and shall last no longer than 72 hours from the time Defendant receives Plaintiff's Smartphone. For the avoidance of doubt, to the extent that Defendant analyzes log files or other data gathered in testing, such analysis may continue after the 72 hours.

**III.     The Non-Destructive Testing**

1. Any testing of Plaintiff's Smartphone must be Non-Destructive. No other form of testing may be performed on Plaintiff's Smartphone.

2. Defendant may inspect the exterior of Plaintiff's Smartphone, and may inspect the interior of Plaintiff's Smartphone.

3. Defendant may operate Plaintiff's Smartphone in accordance with the owner's manual as set forth in this paragraph, in order to observe a recurrence of the symptoms indicative of the Random Shut Down Defect. Such operation of Plaintiff's Smartphone is limited to the following functions: observing Plaintiff's Smartphone operate in the standby mode, placing phone calls, receiving phone calls, drafting and sending text messages, receiving and reading text messages, operating installed software applications known as "apps," browsing the Internet, playing audio or visual files, taking photos, and performing other functions identified in the Written Notice required by Section V below.

4. In order to determine whether anything is wrong with the software on Plaintiff's Smartphone, Defendant may access, copy and analyze the existing log files of Plaintiff's Smartphone, so long as Defendant does not alter the contents of the existing log files.

5. In addition, Defendant may access, copy and analyze log files that are modified or created during the course of testing Plaintiff's Smartphone.

6. Defendant may test Plaintiff's Smartphone's circuitry.

**IV.    Restrictions on Defendant's Non-Destructive Testing**

1. Defendant must return Plaintiff's Smartphone to Plaintiff immediately after the termination of the Testing Period, and Plaintiff's Smartphone must be in the same condition that Plaintiff's Smartphone was in before being provided to Defendant. Defendant shall not perform

any of the following actions on Plaintiff's Smartphone:

    a. replace, repair or modify hardware,
    b. install any hardware,
    c. download, install, update, upgrade, delete, or otherwise modify, replace or repair any software or firmware, or
    d. improve, repair, correct, or perform any similar modification to hardware, software, or firmware.

For the avoidance of doubt, in the event that Plaintiff's Smartphone does not currently have a SIM Card with access to the AT&T network, Defendant may use its own SIM Card in order to obtain network access.

    2.    No one other than Defendant may test Plaintiff's Smartphone.

**V.**    **Defendant's Notice Obligations**

    1.    As a condition precedent to Plaintiff agreeing to provide Plaintiff's Smartphone to Defendant for Non-Destructive Testing, Defendant must inform Plaintiff in writing of each and every test that Defendant will perform, describing the purpose of each test (the "Written Notice").

    2.    Defendant may not perform any test of Plaintiff's Smartphone if such test was not disclosed within the Written Notice.

    3.    Within seven days of receiving the Written Notice, Plaintiff must inform Defendant of the extent to which Plaintiff consents to allowing any of Defendant's proposed testing of Plaintiff's Smartphone.

    4.    Defendant will also inform Plaintiff, either in the Written Notice or earlier, of the designated location for the testing. The date for the testing will be set by mutual agreement. Plaintiff's counsel shall bring Plaintiff's Smartphone to the test location or shall arrange for its delivery to the test location.

**VI.    Defendant's Recordation Obligations**

1. Plaintiff's counsel shall attend and observe all testing of Plaintiff's Smartphone.

2. Plaintiff's counsel may request that Defendant videotape all testing with a high definition and high resolution digital video-recording device. For the avoidance of doubt, Defendant is not required to make a videotape recording of times when Plaintiff's Smartphone is idle during passive testing.

3. Defendant shall capture a sufficient number of digital images (in high definition and high resolution) to document the condition of Plaintiff's Smartphone, (a) on a timely basis before every individual test of Plaintiff's Smartphone, and (b) on a timely basis after every individual test of Plaintiff's Smartphone. The purpose of these images shall be to preserve a sufficient record of the testing.

4. If Defendant damages Plaintiff's Smartphone in any way, Defendant shall immediately document in writing the circumstances surrounding such damage and provide Plaintiff a copy of such written documentation of damage within 24 hours.

5. Defendant must maintain a record of every test of Plaintiff's Smartphone, describing in sufficient detail any such test that was performed or attempted to be performed, including the nature of the test, the time the testing commenced and terminated, the duration of the test, the names of the persons involved in the testing, the data gathered during the testing, and the results of the testing.

6. Defendant must preserve any data or files extracted, copied, obtained, or otherwise accessed from Plaintiff's Smartphone.

**VII.   Defendant's Disclosure Obligations**

1. Defendant must disclose all of the information and documentation that Defendant

was required to record pursuant to section VI above to Plaintiff within 30 days of the termination of the Testing Period.

2. The Parties will meet and confer regarding the format of the production of such information.

**VIII.   Breach of this Agreement**

1. Should Defendant materially breach this agreement, Plaintiff may seek all relief afforded by any applicable law.

Dated: December 19th, 2012

AMY ROTHBAUM, individually and on behalf of all others similarly situated,

By her attorneys,

/s/ Gina M. Tufaro

Edward F. Haber (BBO No. 215620)
   ehaber@shulaw.com
Adam M. Stewart (BBO No. 661090)
   astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tele: (617) 439-3939
Fax: (617) 439-0134

Paul O. Paradis, admitted *pro hac vice*
   pparadis@hhplawny.com
Gina M. Tufaro, admitted *pro hac vice*
   gtufaro@hhplawny.com
Mark A. Butler, admitted *pro hac vice*
   mbutler@hhplawny.com
HORWITZ HORWITZ & PARADIS
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tele: (212) 986-4500
Fax: (212) 986-4501

Dated: December 18, 2012

SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

By its attorneys,

/s/ Robert M. Buchanan, Jr.

Robert M. Buchanan, Jr. (BBO No. 545910)
   rbuchanan@choate.com
Brian A. Davis (BBO No. 546462)
   bad@choate.com
Margaret E. Ives (BBO No. 668906)
   mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000