<u>**REDACTED FOR PUBLIC DOCKET**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                            )
AMY ROTHBAUM, individually and on        )
behalf of all others similarly situated,          )
                                                            )     No. 11-CV-10509-MLW
        Plaintiff,                                        )
                                                            )     **[FILED UNDER SEAL –**
            v.                                             )     **LEAVE GRANTED ON**
                                                            )     **JANUARY 17, 2014 (DKT. NO. 87)]**
SAMSUNG TELECOMMUNICATIONS     )
AMERICA, LLC,                                      )
                                                            )
        Defendant.                                    )
_____)

**DEFENDANT STA'S MEMORANDUM IN SUPPORT OF ITS
_____MOTION FOR SUMMARY JUDGMENT_____**


SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

By its attorneys,

Robert M. Buchanan, Jr. (BBO# 545910)
(rbuchanan@choate.com)
Margaret E. Ives (BBO# 668906)
(mives@choate.com)
Jared M. Barnes (BBO# 679342)
(jbarnes@choate.com)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tel: (617) 248-5000

January 21, 2014

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. FACTS .............................................................................................................. 1

    A.  Allegations Of The Complaint .................................................................... 1

    B.  Plaintiff's Use Of Her Phone ...................................................................... 2

    C.  Initial Testing .............................................................................................. 2

    D.  The Court's Order To Produce Documents .................................................. 3

    E.  The Evidence Advanced By The Plaintiff .................................................... 3

    F.  STA's Expert .............................................................................................. 5

    G.  STA Offered A Complete Remedy ............................................................. 5

III. THE STANDARD FOR SUMMARY JUDGMENT ........................................ 6

IV. ARGUMENT ..................................................................................................... 7

    A.  Plaintiff Has No Claim For Breach Of Implied Warranty, Because She
        Continued To Use The Phone For 18 Months ............................................ 7

    B.  Plaintiff Rothbaum Has Not Advanced Any Competent Evidence That Her
        Replacement Phone Was Defective When She Received It .......................... 9

    C.  Plaintiff Rothbaum's Replacement Phone Does Not Have The Particular
        Defect That Is Alleged In The Complaint ................................................. 11

    D.  All Of The Plaintiff's Claims Fail, Because STA Has Offered A Complete
        Remedy. ................................................................................................... 12

        1.  Plaintiff Cannot Sustain A Claim For Breach Of Warranty Under
            Massachusetts Law (Count One)……………………………………..14

        2.  Plaintiff Cannot Sustain A Claim For Violation Of Chapter 93A
            (Count Two)……………………………………………………………..17

        3.  Plaintiff Also Cannot Sustain A Claim For Breach Of Warranty
            Under Texas Law (Count Three)……………………………………...19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Alves v. Mazda Motor of Am., Inc.*,
    448 F. Supp. 2d 285 (D. Mass. 2006) (Wolf, J.)................................................................10, 11

*Aspinall v. Philip Morris Cos., Inc.*,
    442 Mass. 381 (2004) ..........................................................................................................18

*AT&T Mobility LLC v. Concepcion*,
    131 S.Ct. 1740 (2011)..........................................................................................................15

*Basham v. Audiovox Corp.*,
    198 S.W.3d 9 (Ct. App. Tex. 2006) ....................................................................................20

*Boston Helicopter Charter, Inc. v. Agusta Aviation Corp.*,
    767 F. Supp. 363 (D. Mass. 1991) ................................................................................15, 17

*Burnham v. Mark IV Homes, Inc.*,
    387 Mass. 575 (1982) ..........................................................................................................17

*Caronia v. Phillip Morris USA, Inc.*,
    715 F.3d 417 (2d Cir. 2013)..................................................................................................9

*Cipollone v. Yale Indus. Prods.*,
    202 F.3d 376 (1st Cir. 2000)............................................................................................9, 10

*Compaq Computer Corp. v. LaPray*,
    135 S.W.3d 657 (Tex. 2004)................................................................................................20

*Faherty v. CVS Pharm. Inc.*,
    No. 09-12102, 2011 U.S. Dist. LEXIS 23547 (D. Mass. March 9, 2011)..............................19

*Ferracane v. United States*,
    02-CV-1037 (SLT), 2007 U.S. Dist. LEXIS 6569 (E.D.N.Y. Jan. 30, 2007) ..........................9

*General Motors Corp. v. Brewer*,
    966 S.W.2d 56 (Tex. 1998)..................................................................................................9

*Genereux v. Hardric Labs., Inc.*,
    C.A. No. 04-12137, 2013 U.S. Dist. LEXIS 88509 (D. Mass. June 23, 2012)
    (Wolf, J.) .....................................................................................................................6, 7, 13

*Greene v. Ablon*,
    Civil Action No. 09-10937-DJC, 2012 U.S. Dist. LEXIS 131958
    (D. Mass. Sept. 17, 2012) ....................................................................................................12

*Hannon v. Original Gunite Aquatech Pools, Inc.*
    385 Mass. 813 (1982) ...............................................................................8, 16, 18

*Henderson v. Ford Motor Co.*,
    547 S.W.2d 663 (Ct. App. Tex. 1977)....................................................................20

*Hershenow v. Enter. Rent-A-Car Co.*,
    445 Mass. 790 (2006) ...............................................................................................17

*Iannacchino v. Ford Motor Co.*,
    451 Mass. 623 (2008) .........................................................................................17, 18

*Kos Kam Inc. v. Triangle Pac. Corp.*,
    Civil Action No. 86-0101-S, 1987 U.S. Dist. LEXIS 16725
    (D. Mass. Jan. 21, 1987) ...............................................................................14, 15, 18

*L.B. Corp. v. Schweitzer-Mauduit Int'l Inc.*,
    121 F. Supp. 2d 147 (D. Mass. 2000) (Ponsor, J.)..................................................19

*Laspesa v. Arrow Int'l, Inc.*,
    Civ. No. 07cv12370-NG, 2009 U.S. Dist. LEXIS 121576 (D. Mass. Dec. 23, 2009) .............8

*Logan Equip. Corp. v. Simon Aerials, Inc.*,
    736 F. Supp. 1188 (D. Mass 1990) (Wolf, J.)........................................................18

*Makuc v. Am. Honda Motor Co., Inc.*,
    835 F.2d 389 (1st Cir. 1987).....................................................................................9

*Markarian v. Connecticut Mut. Life Ins. Co.*,
    202 F.R.D. 60 (D. Mass. 2001) (Wolf, J.) ............................................................17

*Massachusetts Sch. of Law v. ABA*,
    142 F.3d 26 (1st Cir. 1998)......................................................................................18

*McGovern v. Brigham & Women's Hosp.*,
    584 F. Supp. 2d 418 (D. Mass. 2008) (Young, J.)................................................11

*Mercury Marine v. Clear River Constr. Co.*,
    839 So. 2d 508 (Miss. 2003)....................................................................................16

*Quaker State Oil Refining Corp. v. Garrity Oil Co.*,
    884 F.2d 1510 (1st Cir. 1989) .................................................................................20

*Stuto v. Corning Glass Works*,
    C.A. No. 88-1150-WF, 1990 U.S. Dist. LEXIS 9320 (D. Mass. July 23, 1990)
    (Wolf, J.) ....................................................................................................................8

6019338v2

*Terrell v. R&A Mfg. Partners, Ltd.*,
   835 So. 2d 216 (Ala. Civ. App. 2002) .....................................................................9

*Towner v. Bennington Const. Co.*,
   No. 00-33B, 2005 Mass. Super. LEXIS 534 (Mass. Super. Ct. Oct. 12, 2005).......................18

*Transurface Carriers, Inc. v. Ford Motor Co.*,
   Civil Action No. 82-0801-Z, 1983 U.S. Dist. LEXIS 11485 (D. Mass. Nov. 21, 1983)
   (Zobel, J.) ........................................................................................................8

*Uchitel v. F.R. Tripler & Co.*,
   434 N.Y.S.2d 77 (N.Y. App. Term 1980)................................................................16

*Underwood v. Risman*,
   414 Mass. 96 (1993) ..........................................................................................19

*Vision Graphics, Inc. v. Du Pont*,
   41 F. Supp. 2d 93 (D. Mass. 1999) ...................................................................9, 10

*Walsh v. Atamian Motors, Inc.*,
   10 Mass. App. Ct. 828 (1980)...........................................................................9, 11

### STATUTES

Mass. G.L. c. 93A ..................................................................................................17, 19

Mass. G.L. c. 106, § 2-314.....................................................................................7-8, 14

Mass. G.L. c. 106, § 2-719.........................................................................................14

### OTHER AUTHORITIES

Fed. R. Civ. P. 56........................................................................................................6

Restatement (Second) of Conflict of Laws ...................................................................19

White and Summers, *Uniform Commercial Code* ......................................................8, 16

6019338v2

**REDACTED FOR PUBLIC DOCKET**

Defendant Samsung Telecommunications America, LLC ("STA") submits this Memorandum in support of its motion for summary judgment on all individual claims asserted by Plaintiff Amy Rothbaum ("Plaintiff Rothbaum") in the Second Amended Complaint ("the Complaint" or "Compl.").

## I.   INTRODUCTION

Plaintiff Rothbaum's individual claims fail for four reasons:  (A) Plaintiff Rothbaum continued to use her second phone for 18 months after she filed this lawsuit; (B) Plaintiff Rothbaum has not demonstrated that either of her two Samsung phones was defective when she received it; (C) Plaintiff Rothbaum's second phone does not have the particular Defect that is defined and alleged in the Complaint; and (D) in any event STA has offered Plaintiff Rothbaum a fully functioning replacement.[1]

## II.   FACTS

**A.   Allegations Of The Complaint.**  Plaintiff Rothbaum's Complaint alleges that STA knowingly sold its Samsung Captivate phones with a particular defect, which is defined as the "Random Shut Down Defect."  Compl., ¶ 1.  Paragraph 22 describes this defined Defect:

> [T]he Random Shut Down Defect causes the Samsung Phones to power off, completely, when the Samsung Phones are in the "Standby" mode. (Standby mode is when the phone is powered on but is in a low energy state because it is not in active use). **In order to re-activate a Samsung Phone that has experienced the Random Shut Down Defect, a consumer must remove the battery from the phone, re-insert the battery, and then press the power button to turn the phone back on**.  [Emphasis added]

*Id.* at ¶ 22.  According to this express allegation, when a device has the Defect that is defined in the Complaint, the device cannot be reactivated merely by pressing the "on" button.

---

[1] Plaintiff Rothbaum contends that STA is unable to provide a functioning phone.  Plaintiff's retained expert, Ken Thompson, contends that 100% of Samsung Captivate smartphones have the Defect alleged in the Complaint.  The undisputed evidence refutes this contention, however.  STA has filed a separate motion to preclude Thompson from testifying as an expert.  *See* Defendant STA's Motion to Preclude the Expert Report of Ken Thompson, filed contemporaneously.  Plaintiff cannot defeat summary judgment on this basis.

- 1 -

**REDACTED FOR PUBLIC DOCKET**

Plaintiff Rothbaum purchased her first Samsung Captivate on October 16, 2010 ("the October 2010 Phone").  *Id*. at ¶¶ 7, 43-44.  She alleges that the October 2010 Phone exhibited the defined Defect.  *Id.*[2]  Plaintiff Rothbaum complained to AT&T.  AT&T first provided her with a new battery, which did not resolve the problem, and then provided a second phone of the same model ("the Replacement Phone").  *Id*. at ¶¶ 45-46.  According to Plaintiff Rothbaum, the Replacement Phone also shuts down at random.  *Id*. at ¶ 49.

**B.** **Plaintiff's Use Of Her Phone**.  In an astonishing turn, however, the deposition of Rothbaum revealed that she continued to use the Replacement Phone for 18 months after filing this lawsuit.  Plaintiff Rothbaum received the Replacement Phone from AT&T by mail in March 2011.  Rothbaum Dep. at 124:14-23.  She filed this lawsuit the same month.  *See* Complaint filed March 24, 2011, Dkt. No. 1.  Thereafter, she continued using the phone until September 2012, when she provided it to her attorneys so that it could be tested in conjunction with this action. Rothbaum Dep. at 167:20-169:22; *see also* pp. 7-8, *infra*.  At that point she obtained a new phone.  Rothbaum Dep. at 174:24-25.

**C.** **Initial Testing**.  Initially, STA negotiated for the right to test the Plaintiff's device.  The testing was limited, at the Plaintiff's request, to a period of 72 hours.  *See* Barnes Aff., Ex. L, § II(7).  The testing was documented by log sheets, photos, and videos.  *See* Senior Engineer's Report on the Testing of Amy Rothbaum's Smartphone, Dkt. No. 78 ("Chung Report").  A Senior Engineer, Matthew Chung, performed a thorough set of tests.  Chung supplied a SIM card, so that the phone could be used.  He confirmed that the device functioned properly to send and receive phone calls, send and receive emails, and browse the Internet.

---

[2] During her deposition, Plaintiff Rothbaum testified that she does not know where the October 2010 Phone is now, and she does not think it was ever provided to her attorney or returned to AT&T.  Transcript of the Deposition of Amy Rothbaum, dated November 20, 2013 ("Rothbaum Dep."), excerpts attached as Ex. K to the Affidavit of Jared M. Barnes ("Barnes Aff."), filed herewith, at 126:5-127:10.  The October 2010 Phone is, therefore, not available to be examined or tested by either party.

**REDACTED FOR PUBLIC DOCKET**

Chung was not able to replicate the "Random Shut Down Defect" alleged in the Complaint.  *Id.*

at ¶ 4-6, 9, 11.

     STA served and filed the Chung Report.  Its Paragraph 8 stated as follows:

 The devices manufactured
with the changed component experienced few reported shutdowns of any type.
They have not experienced reports of the symptoms alleged in the Plaintiff's
Complaint.

*Id.* at ¶ 8.[3]

     **D.**    **The Court's Order To Produce Documents.**  The parties appeared for a

scheduling conference on September 16, 2013.  The Court ordered STA to produce:

> … all records that are relevant to the statement in the Report, at ¶8, that: "The
> devices manufactured in the changed component experienced few reported
> shutdowns of any type. They have not experienced reports of the symptoms
> alleged in the Plaintiff's complaint."

Dkt. No. 68, ¶ 2.  In response to the Court's Order, STA produced documents numbered from

STA_ROTH 0000001 -- *see* Second Rowden Affidavit, Ex. F -- through STA_ROTH 0000602.

     **E.**    **The Evidence Advanced By The Plaintiff.**  Plaintiff Rothbaum has advanced

only very thin evidence that the two Samsung phones did not meet her expectations.

     1.    <u>Rothbaum</u>.  Plaintiff Rothbaum's declaration attests as follows:

> [O]n or about March 5, 2011, my Replacement Samsung Phone randomly shut
> down.  At the time my Samsung Phone randomly shut down, it was powered on
> and was in sleep mode.

Declaration of Amy Rothbaum, filed October 31, 2013, Dkt. No. 75 ("Rothbaum Decl."), ¶ 14.

At her deposition, Plaintiff Rothbaum further described the event:

---

[3] The evidence shows that in fact the Plaintiff's device does not have the particular Defect that is alleged in the
Complaint.  *See* pp. 11-12, *infra*.

6019338v2

**REDACTED FOR PUBLIC DOCKET**

> I thought it was in sleep mode and on, so I hit the arrow button, and then when nothing happened, I waited and hit it again, nothing really happened.  Then I thought, well, maybe I'll try maybe one of the other buttons.  Nothing was happening.  Kind of stared at it.  And then I hit the power on button…. And then the phone started up like it had been off.

Rothbaum Dep. at 97:17-23; *see also id.* at 108:25-109:23; 119:4-120:22; 137:9-139:6; 169:23-170:25 (confirming that each time she experienced a shutdown event, she was able to revive the phone by pressing the "on" button).

        2.    <u>Thompson</u>.  Plaintiff Rothbaum also retained Ken Thompson, a mechanical engineer.  His Report was served on October 31, 2013.  *See* Confidential Expert Report of Ken Thompson ("Thompson Report"), attached as Ex. A to the Barnes Aff.  Thompson offers no opinions whatsoever with respect to the October 2010 Phone.

        Thompson observed Plaintiff Rothbaum's Replacement Phone over a period of six days.  During the first 72 hours, like Senior Engineer Chung, Thompson did not observe any problem.  Later, during the fifth day of Thompson's observation:  "I observed that Plaintiff's Captivate Phone experienced one random shut down event when it was in 'sleep' mode without any human intervention."  Thompson Report, at pp. 2, 6-8.  According to Thompson's deposition:

> [W]hen it would not come on -- I tried several times, very short taps, to see if it would come on.  The phone didn't come on, no display came on, so I held the power on/off key down for several seconds, at which point the phone came out of -- or started going through a start-up sequence….

Transcript of the Deposition of Ken Thompson, dated November 22, 2013 ("Thompson Dep."), excerpts attached as Ex. J to the Barnes Aff., at 85:9-15.

        Thompson did not conduct any analytic tests.  Thompson did not install a SIM card, and therefore did not observe the phone in its normal condition.  Thompson did not try to use the phone.  *Id.* at 77:18-79:15.  Although he criticized Senior Engineer Chung's Report for lacking specific testing methods and documentation, *see id.* at 115:4-117:5, Thompson did not apply any

**REDACTED FOR PUBLIC DOCKET**

testing methods himself.  Consequently, Thompson is not able to offer any independent opinion as to what caused the event that he observed.  *See id.* at 91:4-5 ("I've not formed an opinion on what exactly is causing it").  Instead, Thompson opined that the Replacement Phone must be defective because he believes that <u>all</u> Captivate phones sold in the United States have the Defect alleged in the Complaint.  Thompson Report at 3, 6; *see also* Thompson Dep. at 70:14-17.  There is no basis for this opinion.  *See* pp. 12-14, *infra*.

  **F.**  <u>STA's Expert.</u> STA submitted the Expert Report and Declaration of Joseph C. McAlexander, III ("McAlexander Report"), filed herewith, to analyze the Plaintiff's evidence. The McAlexander Report is carefully reasoned and well-supported.  McAlexander explains that the cause of Plaintiff Rothbaum's problem has not yet been determined.  McAlexander Report, ¶¶ 3, 79.  "Consumer products that are complex electronic systems are known to experience shut downs, freezes, and apparent failures to power up."  *Id.* at ¶¶ 22-29.  Such intermittent failures can first occur after "extended periods of operation," when the user installs "new applications" or when "the system environment is changing."  *Id.* at ¶ 25.  Plaintiff Rothbaum and Thompson did not document the condition of the Replacement Phone at the time of the events they observed. They do not indicate which applications were installed, which applications were active, the charge state of the battery, or the signal strength of the phone.  Without such information, McAlexander explains, "it is not possible to specify the cause of the alleged failure."  *Id.* at ¶¶ 47-48, 78.

  **G.**  <u>STA Offered A Complete Remedy.</u> After they filed this lawsuit, Plaintiff's counsel served a demand letter asserting that STA had breached its warranty.  Affidavit of Timothy Rowden, Dkt. No. 77 ("Rowden Aff."), Ex. C.  STA promptly responded by offering "a fully functioning replacement."  Rowden Aff., Dkt. No. 77, Ex. D, p. 5.  Plaintiff's counsel did

- 5 -

**REDACTED FOR PUBLIC DOCKET**

not accept the offer.  Rowden Aff., Dkt. No. 77, ¶ 5.  At her deposition, however, the Plaintiff

acknowledged that this is the remedy she is seeking.  *See* Rothbaum Dep. at 160:23-162:2; *see*

p. 16, *infra*.

## III.     THE STANDARD FOR SUMMARY JUDGMENT

This Court stated the governing standard in *Genereux v. Hardric Labs., Inc.*, C.A. No.

04-12137, 2013 U.S. Dist. LEXIS 88509, at *15-17 (D. Mass. June 23, 2012) (Wolf, J.):

> Federal Rule of Civil Procedure 56(a) provides that the court "shall grant
> summary judgment if the movant shows that there is no genuine dispute as to any
> material fact and the movant is entitled to judgment as a matter of law." A factual
> dispute, therefore, precludes summary judgment if it is "material" and "genuine."
> *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed.
> 2d 202 (1986).
>
> A fact is "material" if, in light of the relevant substantive law, "it has the potential
> of determining the outcome of the litigation." *Maymi v. Puerto Rico Ports Auth*.,
> 515 F.3d 20, 25 (1st Cir. 2008); *Martinez-Rodriguez v. Guevara*, 597 F.3d 414,
> 419 (1st Cir. 2010). "Only disputes over facts that might affect the outcome of the
> suit under the governing law properly preclude the entry of summary judgment."
> *Anderson*, 477 U.S. at 248.
>
> To determine if a factual dispute is "genuine," the court must assess whether "'the
> evidence is such that a reasonable jury could return a verdict for the nonmoving
> party.'" *Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 43 (1st Cir. 2009) (*quoting
> Anderson*, 477 U.S. at 248); *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 24
> (1st Cir. 2009). In making this determination, the court must "constru[e] the
> record in the light most favorable to the non-moving party." *Douglas v. York
> Cnty.*, 433 F.3d 143, 149 (1st Cir. 2005); *Montalvo v. Gonzalez-Amparo*, 587 F.3d
> 43, 46 (1st Cir. 2009). The record should not, however, be scrutinized piecemeal;
> rather, it must be "taken as a whole." *Matsushita Elec. Indus. Co., Ltd. v. Zenith
> Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Kelly
> v. Cort Furniture*, 717 F. Supp. 2d 120, 122 (D. Mass. 2010). Evidence submitted
> in inadmissible form may be considered only if it could be presented in a form
> that would be admissible at trial. *See* Federal Rule of Civil Procedure 56(c)(2);
> *Gorski v. New Hampshire Dep't of Corr.*, 290 F.3d 466, 475-76 (1st Cir. 2002);
> *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998).
>
> The party moving for summary judgment "bears the initial responsibility of
> informing the district court of the basis for its motion, and identifying those
> portions of [the record] which it believes demonstrate the absence of a genuine
> issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct.
> 2548, 91 L. Ed. 2d 265 (1986). However, the moving party's burden "may be

- 6 -

<u>**REDACTED FOR PUBLIC DOCKET**</u>

discharged by 'showing' … that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Where a plaintiff fails to establish the existence of an essential element, the defendant's motion for summary judgment should be granted. *Id*. (citing *Celotex*; *Gorski*; and *Smith v. Stratus Computer, Inc*., 40 F.3d 11, 12 (1st Cir. 1994)).

## IV.   <u>ARGUMENT</u>

In order to sustain the allegations of her Complaint in this case, Plaintiff Rothbaum must advance evidence sufficient to demonstrate that:  (A) her Replacement Phone is not fit for ordinary use; (B) her Replacement Phone is defective; (C) it has the same Defect that is alleged in her Complaint; and (D) STA is unwilling or unable to provide a remedy.  Plaintiff Rothbaum cannot sustain any of these points.

### A.   **Plaintiff Has No Claim For Breach Of Implied Warranty, Because She Continued To Use The Phone For 18 Months.**

Plaintiff Rothbaum continued to use the Replacement Phone for nearly 18 months after filing her complaint.  She continued to use the phone until she needed to turn it over to her attorneys for testing in this action.  She testified as follows:

> Q:   Where is [the Replacement Phone], then, since the date your complaint was filed?
> A:   It was in my possession until I was told it needed to be tested …
> …
> Q:   And you have retained possession of your phone until when?
> A:   It was September 2012.
> Q:   And did you **use** your phone **from March 2011 until September 2012?**
> A:   **Yes, I did.**

Rothbaum Dep. at 168 (emphasis added).  This fact defeats the Plaintiff's claim for breach of implied warranty.

The implied warranty of merchantability requires that a product be "fit for the ordinary purposes for which such goods are used" and "of fair average quality."  Mass. G.L. c. 106, § 2-314.  As the Supreme Judicial Court has explained, "[t]he implied warranty of merchantability

- 7 -

**REDACTED FOR PUBLIC DOCKET**

… is primarily directed at the operative essentials of a product…. It is not intended to guarantee high quality or perfection of detail. There is no implied warranty that the goods shall be of the best or even a very high quality." *Hannon v. Original Gunite Aquatech Pools, Inc.* 385 Mass. 813, 822 (1982) (internal quotations omitted) (emphasis added). This is settled law in Massachusetts and elsewhere. *See, e.g., Stuto v. Corning Glass Works*, C.A. No. 88-1150-WF, 1990 U.S. Dist. LEXIS 9320, at *11 (D. Mass. July 23, 1990) (Wolf, J.) (granting summary judgment on a breach of implied warranty claim, and citing *Hannon*); *see also* White, Summers and Hillman, *Uniform Commercial Code*, § 10:30 (6th ed. 2012) ("As we have said before, 'merchantable' is not synonymous with 'perfect.' Likewise, fitness for ordinary purposes does not mean that the product will fulfill the buyer's every expectation."). The *Hannon* case remains good law in Massachusetts. *See Laspesa v. Arrow Int'l, Inc.*, Civ. No. 07cv12370-NG, 2009 U.S. Dist. LEXIS 121576, at *11 (D. Mass. Dec. 23, 2009).

Where the Plaintiff continued to use the Replacement Phone for 18 months, this demonstrates that, at minimum, her phone had the "operative essentials." *See Hannon,* 385 Mass. at 822. Accordingly, Plaintiff Rothbaum cannot demonstrate that the Replacement Phone failed to be "fit for the ordinary purposes for which such goods are used." *See* Mass. G.L. c. 106, § 2-314, *supra*. Many courts have granted summary judgment on comparable claims. *See, e.g., Transurface Carriers, Inc. v. Ford Motor Co.*, Civil Action No. 82-0801-Z, 1983 U.S. Dist. LEXIS 11485, at *4-5 (D. Mass. Nov. 21, 1983) (Zobel, J.) ("Plaintiff also alleges that defendants breached their implied warranties of fitness and merchantability because the truck was unfit for the ordinary purposes for which it was to be used. This claim is belied by the undisputed facts. Despite the problems complained of by plaintiff, it drove the truck 215,000 miles over a period of 18 months…. It is well established that an implied warranty is not

- 8 -

**REDACTED FOR PUBLIC DOCKET**

breached because the goods are not 'of the best or even a very high quality.'") (granting

summary judgment and quoting *Hannon*) (emphasis added); *Caronia v. Phillip Morris USA, Inc.*,

715 F.3d 417, 433-34 (2d Cir. 2013) (affirming summary judgment on claims for breach of

implied warranty under New York law); *Ferracane v. United States*, 02-CV-1037 (SLT), 2007

U.S. Dist. LEXIS 6569, at *27 (E.D.N.Y. Jan. 30, 2007) ("[A]lthough the landing gear may not

have been perfect, the alleged defect rarely evidenced itself and did not substantially detract from

the overall quality of the product."); *Terrell v. R&A Mfg. Partners, Ltd.*, 835 So. 2d 216, 228

(Ala. Civ. App. 2002) ("[T]he trailer, while not in perfect condition, has been <u>used</u> in [Plaintiff's]

business <u>since its delivery</u> (except for those dates on which it was being repaired or serviced)

[and this] precludes [Plaintiff's] argument that the trailer was not fit to haul loads as a trailer is

intended to do.") (emphasis added); *General Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex.

1998) ("Here, the product merely fails to fulfill the precise expectations of the consumer because

the product is more cumbersome to use than anticipated.  A product which performs its ordinary

function adequately does not breach the implied warranty of merchantability merely because it

does not function as well as the buyer would like, or even as well as it could.").

> **B.     Plaintiff Rothbaum Has Not Advanced Any Competent Evidence That Her
> Replacement Phone Was Defective When She Received It.**

Moreover, Plaintiff Rothbaum must demonstrate that her Replacement Phone was

defective when she received it; and she must rule out the possibility that her own actions caused

the alleged problems.  *See, e.g., Makuc v. Am. Honda Motor Co., Inc.*, 835 F.2d 389, 392-393

(1st Cir. 1987) ("In breach of warranty actions … the plaintiff must show that the product was in

a defective condition when it left the defendant's possession"); *Walsh v. Atamian Motors, Inc.*,

10 Mass. App. Ct. 828, 829 (1980) (same) (internal citations omitted).  Absent this

demonstration, her claim must fail.  *See Cipollone v. Yale Indus. Prods.*, 202 F.3d 376, 379 (1st

- 9 -

**REDACTED FOR PUBLIC DOCKET**

Cir. 2000) (affirming award of summary judgment); *see also Vision Graphics, Inc. v. Du Pont*, 41 F. Supp. 2d 93, 98 (D. Mass. 1999) ("Some evidence of the existence of a defect at the time of delivery is an essential element of a cause of action for breach of the implied warranty of merchantability.").[4]

While both Rothbaum and Thompson observed that the Replacement Phone "randomly shut down," they have not offered any evidence to identify the cause of that event. As with all complex electronic systems, many different factors may contribute to a shut down or freeze of a smartphone. McAlexander Report, ¶¶ 22-29. In order to assess what caused the problem with Rothbaum's Replacement Phone, one would need to know what applications the user had installed, which applications were active, the charge state of the battery, the phone's signal strength, and other detailed information. *Id.* at ¶¶ 3, 47-48, 78-79. Without this information, the cause of the problem cannot be determined. *Id.* at ¶ 78.

One likely cause may be the interaction of software loaded onto the Replacement Phone by Plaintiff Rothbaum herself:

- Plaintiff Rothbaum testified that she loaded several applications on her Replacement Phone -- including Facebook, Twitter, and Words with Friends -- and she used many of the pre-loaded applications as well. Rothbaum Dep. at 128:3-133:5.

- Chung (the Senior Engineer) and McAlexander (STA's expert), explained that the Plaintiff's use of these applications may have contributed to the problems. *See* Chung Report, Dkt. No. 78, ¶ 11; McAlexander Report, ¶¶ 25, 47-48.

- Thompson (Plaintiff's expert), did not rule out this possibility. Thompson Dep. at 91:4-11.

---

[4] "Under Massachusetts law, where '[t]he nature of the defect or breach of warranty and its causal relation to the accident [are] complex,' a plaintiff must introduce expert testimony." *Alves v. Mazda Motor of Am., Inc.*, 448 F. Supp. 2d 285, 297 (D. Mass. 2006) (Wolf, J.) (*quoting Hochen v. Bobst Grp. Inc.*, 290 F.3d 446, 451 (1st Cir. 2002)). Where, as here, the proffered "expert" testimony is inadmissible, summary judgment should be granted on behalf of the defendant. *Id; see also Cipollone*, 202 F.3d at 379.

- 10 -

**REDACTED FOR PUBLIC DOCKET**

Plaintiff's retained expert had an opportunity to conduct the necessary testing, and chose not to do so.  *See generally* McAlexander Report, ¶¶ 54-68.  This is fatal to the claim.  *See, e.g.*, *McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 2d 418, 426 (D. Mass. 2008) (Young, J.) (expert "failed to eliminate other possible causes" for the harm suffered by the plaintiff).

The *Alves* case is instructive in this situation.  *See Alves v. Mazda Motor of Am., Inc.*, 448 F. Supp. 2d 285 (D. Mass. 2006) (Wolf, J).  In *Alves*, as in this case, the plaintiff's experts opined that the defendants' product was defective.  448 F. Supp. 2d at 297-298.  However, the plaintiff's experts did not present "any evidence of the manner in which the [defendants' product] was allegedly defective."  *Id.* at 302.  The Court therefore granted summary judgment rejecting the plaintiff's breach of warranty claim.  *Id.* at 302.  The same result should be reached in this case.  *Id.*; *see also Walsh*, 10 Mass. App. Ct. at 829 (affirming summary judgment and stating: "The plaintiffs' failure to adduce any evidence, other than the mere occurrence of the automotive problems, to show that their automobile was defective when purchased is fatal").

C.     **Plaintiff Rothbaum's Replacement Phone Does Not Have The Particular Defect That Is Alleged In The Complaint.**

Next, the undisputed evidence establishes that Plaintiff's Replacement Phone does not have the particular Defect that is defined and alleged in the Complaint.  As set forth above (*see* p. 1, *supra*), Plaintiff Rothbaum's Complaint alleges that when a phone has the so-called "Random Shut Down Defect," this means "a consumer must remove the battery from the phone, re-insert the battery, and then press the power button to turn the phone back on."  Compl., ¶ 22.  Rothbaum's Replacement Phone does not have this characteristic:

- Plaintiff Rothbaum was able to re-activate her Replacement Phone merely by pressing the power "on" button.  Rothbaum Dep. at 97:17-23 ("I hit the power on button. . . . And then the phone started up like it had been off."); *see also id.* at 97:17-23; 108:25-109:23; 119:4-120:22; 137:9-139:6, 169:23-170:25.

- 11 -

**REDACTED FOR PUBLIC DOCKET**

- Rothbaum's retained expert (Thompson) likewise was able to revive the phone merely by pressing the "on" button. Thompson Dep. at 85:9-15 ("I held the power on/off key down for several seconds, at which point the phone came out of -- or started going through a start-up sequence").

Plaintiff and her expert did not need to remove the battery and re-insert it, as alleged in the Complaint. The Replacement Phone, therefore, does not suffer from the same Defect that is defined and alleged in the Complaint. Rather, Plaintiff's Replacement Phone suffers from an entirely different failure mode. *See* McAlexander Report, ¶¶ 47, 50.

Where the evidence in a case does not support the allegations of the complaint, summary judgment should be granted. *See, e.g., Greene v. Ablon*, Civil Action No. 09-10937-DJC, 2012 U.S. Dist. LEXIS 131958, at *63-65, 70 (D. Mass. Sept. 17, 2012).

**D.     All Of The Plaintiff's Claims Fail, Because STA Has Offered A Complete Remedy.**

In any event, no matter what may be the nature and cause of Plaintiff Rothbaum's alleged problems, STA promptly offered to provide her with a fully functioning replacement. *See* Rowden Aff., Dkt. No. 77, Ex. D, at 3. This offer fully satisfied STA's legal obligations. For this reason as well, all of the Plaintiff's claims fail and summary judgment should be granted.

The Samsung Galaxy S smartphones are among the most popular products in the history of telecommunications. Rave reviews of them have been received in well-known publications, such as Consumer Reports, Time Magazine, PC World, and PC Magazine. *See, e.g.,* McAlexander Report, ¶35; Rowden Aff., Dkt. No. 77, Ex. D, at p. 1. The Captivate model, in particular, has been praised. *See* McAlexander Report, Attachment B and n. 12. Between July 2010 and May 2012, more than ███████ Captivate phones were sold in the United States. *See* Second Affidavit of Timothy Rowden ("Second Rowden Aff."), Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. G (STA_ROTH 0000421). Fewer than ███████ of the phones were returned for any reason. *See id.; see also* Barnes Aff., Ex. D (STA_ROTH 0000170).

- 12 -

<u>**REDACTED FOR PUBLIC DOCKET**</u>

Plaintiff Rothbaum seeks to defeat summary judgment by asserting that Samsung is unable to provide a functioning replacement.  Plaintiff has the burden to advance evidence in support of her assertion.  *See*, *e.g., Genereux,* p. 6, *supra*.  In fact there is no support for this assertion.  Plaintiff's retained expert, Ken Thompson, purports to state an opinion based on eight of the documents that were produced by STA.[5]  *See* Thompson Report at 2-7; Thompson Dep. at 70:14-17.  These documents, however -- and the other documents produced by STA -- undisputably demonstrate that only a small percentage of the Captivate phones were ever reported to have a shutdown problem:

- The total number of Captivate devices that were ever returned -- for any reason -- was below ▮▮▮.  *See* Second Rowden Aff., Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. D (STA_ROTH 0000170); Ex. H (STA_ROTH 0000471).

- Of the minority of phones that were returned, a smaller minority were reported to have a power problem.  *See* Barnes Aff., Ex. D (STA_ROTH 0000174); Ex. G (STA_ROTH 0000420); Ex. H (STA_ROTH 0000471).

- Further analysis was conducted on a sample of these returned phones in



  *See* Barnes Aff., Ex. H (STA_ROTH 0000474); *see also* McAlexander Report, ¶ 70.

- The ▮▮▮▮▮▮▮ service bulletin, attached as Ex. B to the Barnes Aff. (STA_ROTH 0000004), stated that: ▮▮▮▮▮▮▮ [Emphasis added.]  *See also* McAlexander Report, ¶¶ 37, 71-74.

- Samsung took action ▮▮▮▮▮▮▮  *See* Barnes Aff., Ex. B (STA_ROTH 0000004); *see also* Barnes Aff. Ex. C (STA_ROTH

---

[5] Copies of these eight documents, along with a copy of the Thompson Report, are attached to the Affidavit of Jared Barnes, submitted herewith.  Four additional documents, which were also produced by STA, are attached to the Second Affidavit of Timothy Rowden.  These four additional documents were available to Plaintiff's expert Thompson, but Thompson chose not to address them in his Report.  *See* Thompson Dep. at 109:16-111:4.

[6] CTI means "Customer Trouble Indicator."  Second Rowden Aff., Ex. G (STA_ROTH 0000372).  When a customer returns the phone, one of many CTI codes is applied.

**REDACTED FOR PUBLIC DOCKET**

0000133).[7] ████████████████████████. *See* Barnes Aff., Ex. C
(STA_ROTH 0000133) (███████████████████); Ex. I (STA_ROTH
0000554 (████████████████████████).

The experience of power problems is summarized in the first document produced,

STA_ROTH 0000001 (Ex. F to the Second Rowden Aff.), which shows the number of returns

for this reason over the life of the Captivate product.  Only a small percentage of the devices

were reported to have such a power problem.[8]  The overwhelming majority were not.

Because STA has offered Plaintiff Rothbaum a complete remedy -- and because Plaintiff

Rothbaum cannot sustain her contention that STA is unable to provide the remedy -- summary

judgment should be granted on each count of Plaintiff Rothbaum's individual claims.

> **1.      Plaintiff Cannot Sustain A Claim For Breach Of Warranty Under
> Massachusetts Law (Count One).**

Count I alleges that STA breached the implied warranty of merchantability under M.G.L.

c. 106, § 2-314.  Compl., ¶¶ 63-66.  Where a plaintiff's alleged injuries are strictly economic in

nature, they can be fully resolved by means of a repair or replacement under a defendant's

standard contractual warranty.  *See* M.G.L. c. 106, § 2-719(1) (express warranty may be limited

to repair or replacement); *see also Kos Kam Inc. v. Triangle Pac. Corp.,* Civil Action No. 86-

0101-S, 1987 U.S. Dist. LEXIS 16725, at *2, *9 (D. Mass. Jan. 21, 1987) ("[Defendant] fully

---

[7] As Senior Engineer Chung explained: ████████████████████████
████████████████████████████ Chung Report, Dkt. No. 78, ¶ 8.
[8] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ *See also* McAlexander Report, ¶ 71.
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ *See also* McAlexander Report, ¶ 71.

**REDACTED FOR PUBLIC DOCKET**

complied with its contractual warranty obligation when it delivered replacement cabinet components to [Plaintiff]").

STA is willing and able to replace the allegedly defective product pursuant to its warranty. *See* Rowden Aff., Dkt. No. 77, Ex. D, at 5. Summary judgment is, therefore, warranted. *See, e.g., Kos Kam,* 1987 U.S. Dist. LEXIS, at *9 (applying Massachusetts law and granting summary judgment). *See also Boston Helicopter Charter, Inc. v. Agusta Aviation Corp.,* 767 F. Supp. 363, 373-75 (D. Mass. 1991) (a repair-or-replace remedy only fails of its essential purpose if the "seller is either unwilling or unable to conform the goods to the contract.").

Plaintiff has argued that the remedy offered by STA fails of its essential purpose. In fact, two remedies were available to Plaintiff Rothbaum -- from AT&T, or from STA -- and both were adequate. Compl., ¶¶ 43-50. AT&T offers an arbitration process. *See* Rowden Aff., Dkt. No. 77, Ex. B, at 7-9. The U.S. Supreme Court has expressly ruled that the AT&T arbitration is sufficient. *See AT&T Mobility LLC v. Concepcion,* 131 S.Ct. 1740, 1753 (2011) (upholding provision in AT&T customer agreement).[9] Rothbaum did not pursue the AT&T arbitration. Instead, Plaintiff Rothbaum chose to proceed directly against STA.

Rothbaum never gave STA a chance to remedy her problem, however. Rothbaum's first contact with STA was to file this lawsuit. After that, Plaintiff Rothbaum sent a demand letter to STA under Chapter 93A. *See* Rowden Aff., Dkt. No. 77, Ex. C. Consistent with its express

---

[9] AT&T's standard terms and conditions provide for repair and replacement of a defective wireless device. If the customer is not satisfied, the customer may complete and submit a one-page Notice of Dispute form posted on AT&T's website. *Concepcion*, 131 S. Ct. at 1744. If the dispute is not resolved within 30 days, the customer may initiate an arbitration proceeding. *Id.* If the arbitrator awards to the customer more than AT&T had proposed in the last written settlement offer, then the customer may be awarded a $10,000 minimum recovery and twice the amount of the customer's attorney's fees. *Id.* As the Supreme Court affirmed, AT&T's arbitration agreement is "'quick, easy to use' and likely to 'prompt[t] full or . . . even excess payment to the customer *without* the need to arbitrate or litigate.'" *Id.* at 1745, 1753 (emphasis in original).

- 15 -

**REDACTED FOR PUBLIC DOCKET**

warranty, STA promptly responded by offering to provide Plaintiff Rothbaum with a "new, fully functioning replacement" smartphone.[10]  *See* Rowden Aff., Dkt. No. 77, Ex. D, at 3.   Plaintiff Rothbaum acknowledged at her deposition that this is, in fact, the remedy she is seeking. Rothbaum Dep. at 160:23-161:2 ("So is your understanding that at the end of the lawsuit, you would either get your phone repaired or you would get damages, in that your phone would be replaced?  A. Yes.").  Yet Plaintiff's counsel rejected STA's offer in their pleadings.  *See* Plaintiff Rothbaum's Memorandum in Opposition to Defendant's Motion to Dismiss, Dkt. No. 28, at p. 13.

As a matter of logic, the Plaintiff cannot seek a warranty remedy, spurn the remedy when it is offered, and then sue for failure to provide it.  *See, e.g., Uchitel v. F.R. Tripler & Co.*, 434 N.Y.S.2d 77, 81 (N.Y. App. Term 1980) ("Case law has held that where a buyer unreasonably refuses to permit a seller to exercise his right to cure, no breach of warranty action premised on the defect sought to be cured may be maintained."); *Mercury Marine v. Clear River Constr. Co.*, 839 So. 2d 508, 515 (Miss. 2003) ("[W]e find that the express and implied warranties were not breached because [the buyer] did not allow [the seller] to cure."); White and Summers, *Uniform Commercial Code*, § 8-6 (5th ed. 2000) ("The buyer's wrongful refusal to allow cure . . . deprives the buyer of all remedies against the seller for breach arising from the contract.").  *See also Hannon,* 385 Mass. at 822 (plaintiff failed to demonstrate any breach of an express warranty,

---

[10] The terms of the express warranty state, in part, as follows:

> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date: Phone: 1 Year. . . .

> During the applicable warranty period, SAMSUNG will repair or replace, at SAMSUNG's sole option, without charge to Purchaser, any defective component part of Product.

Rowden Aff., Dkt. No. 77, Ex. E, at 190-92.

**REDACTED FOR PUBLIC DOCKET**

where defendant offered to make repairs, and plaintiff did not prove that the repairs would fail to meet the requirements of the express warranty).

### 2.   Plaintiff Cannot Sustain A Claim For Violation Of Chapter 93A (Count Two).

Plaintiff Rothbaum's Chapter 93A claim (Count II) fails for the same reason.  Count II rests on two assertions, both of which fail.

#### a.   *Warranty*

Paragraph 73 of the Complaint alleges that STA breached its warranty.  Since the warranty claim fails, the 93A claim fails as well.  Where a Chapter 93A claim and a breach of warranty claim are "interconnected," the deficiencies that warrant dismissal of one claim "also warrant dismissal" of the other.  *See Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 635 (2008).  *See also Boston Helicopter*, 767 F. Supp. at 377 ("[T]his Court having determined that the defendants are entitled to summary judgment on plaintiff's warranty claims, it is clear that the defendants are also entitled to summary judgment on the 93A claims.").

Moreover, a Chapter 93A plaintiff, like most other claimants, has an obligation to mitigate damages.  *See Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 584 (1982).  In this case, a complete remedy is available, and Plaintiff Rothbaum has decided to spurn it.  Plaintiff Rothbaum's tactical decision breaks the causal connection between any alleged violation committed by STA and the alleged harm suffered by Plaintiff Rothbaum; and this precludes any recovery under Chapter 93A.  *See, e.g.*, *Iannacchino*, 451 Mass. at 631 n. 12 (2008) (recovery under Chapter 93A requires a causal connection between the alleged violation and the alleged harm); *Hershenow v. Enter. Rent-A-Car Co.*, 445 Mass. 790, 801 (2006) (same); *Markarian v. Connecticut Mut. Life Ins. Co.*, 202 F.R.D. 60, 68-69 (D. Mass. 2001) (Wolf, J.) (same).  A claim under 93A cannot be maintained where the defendant has offered a complete remedy.  *See, e.g.,*

- 17 -

**REDACTED FOR PUBLIC DOCKET**

*Kos Kam*, 1987 U.S. Dist. LEXIS, at *10-11; *Hannon,* 385 Mass. at 823-24; *Towner v. Bennington Const. Co.*, No. 00-33B, 2005 Mass. Super. LEXIS 534, at *41-43 (Mass. Super. Ct. Oct. 12, 2005) (no violation of Chapter 93A where defendants made offers to cure, and plaintiff refused to accept the offer).

> b.   *Disclosure*

Paragraph 72 alleges that STA "fail[ed] to disclose the existence of the Random Shut Down Defect."  Compl., ¶ 72.  In response to this claim, STA offered a fully functioning replacement.  In cases, like this one, where damages are based solely on an economic loss, the measure of damages is the difference between the actual value of the (non-compliant) product and the value paid for the (supposedly compliant) product.  *Iannacchino*, 451 Mass. at 631; *see also Aspinall v. Philip Morris Cos., Inc.*, 442 Mass. 381, 399 (2004).  STA's offer, therefore, provides the full value of Plaintiff Rothbaum's alleged measure of damages.

In addition, Plaintiff Rothbaum's allegation fails for a related reason.  STA correctly believed that ███████████████████████████████████████████.  *See* pp. 12-14, *supra*.  Chapter 93A applies to conduct that is outside the bounds of acceptable business behavior -- *i.e.*, "conduct that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."  *Massachusetts Sch. of Law v. ABA*, 142 F.3d 26, 46-47 (1st Cir. 1998) ("The defendant's conduct must be not only wrong, but also egregiously wrong…").  In the rough and tumble of the world of commerce, when millions of units of a complex device are sold, it is commonplace that some percentage of the devices will have problems.  *See, e.g., Logan Equip. Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188, 1203-04 (D. Mass 1990) (Wolf, J.) ("This action would not 'raise an eyebrow of someone inured to the rough and tumble of the world of commerce' in an environment in which manufacturers' recalls for design and production flaws are a frequent occurrence.") (granting defendants' motion for

- 18 -

**REDACTED FOR PUBLIC DOCKET**

summary judgment on 93A claim). That is why companies have warranty programs. *See* McAlexander Report, ¶¶ 28, 37.

STA did not have a duty to disclose that "a small percentage" of its Samsung Galaxy S smartphones "may" have a problem. *See* Barnes Aff., Ex. B (STA_ROTH 0000004). Plaintiff has not cited any case law demonstrating the existence of such a duty. Nor can she. "The Massachusetts courts have made clear that a seller's failure to disclose a potential problem, rather than an actual, known problem, does not amount to a violation of Chapter 93A." *L.B. Corp. v. Schweitzer-Mauduit Int'l Inc.*, 121 F. Supp. 2d 147, 154 (D. Mass. 2000) (Ponsor, J.); *see also Underwood v. Risman*, 414 Mass. 96, 100 (1993) (Chapter 93A does not require disclosure "because of a suspicion or a likelihood, rather than knowledge"). For this reason, as well, summary judgment should be granted in favor of STA on Count II.

### 3. Plaintiff Also Cannot Sustain A Claim For Breach Of Warranty Under Texas Law (Count Three).

At the motion to dismiss stage, this Court ruled that the Plaintiff's Count Three, which alleges a breach of implied warranty under Texas law, would be reserved until a later stage. *See* Court's May 31, 2012 Order, Dkt. No. 39, at 1. Now that Count One and Count Two are ripe to be dismissed on summary judgment, there is good reason to address Count Three as well.

The State of Texas bears no reasonable relationship to the Plaintiff's transaction. At the time of her purchase, Plaintiff was a New York resident. Compl., ¶¶ 7, 43. She purchased her STA smartphone from an AT&T store in Holyoke, Massachusetts. *Id.* She now resides in Colorado. Rothbaum Dep., excerpts attached as Ex. A to the Rowden Aff., Dkt. No. 77, at 4:22-24. Massachusetts choice-of-law analysis, which is guided by the Restatement (Second) of Conflict of Laws, does not support the application of Texas law to the Plaintiff's transaction. *See Faherty v. CVS Pharm. Inc.*, No. 09-12102, 2011 U.S. Dist. LEXIS 23547, at *14 (D. Mass.

REDACTED FOR PUBLIC DOCKET

March 9, 2011) (citing *Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 632 (1985)). Consistent with the principles of the Restatement, in cases involving the sale of movable goods, Massachusetts courts generally apply "the law of the state where under the terms of the contract the seller is to deliver the chattel unless, with respect to the particular issue, some other state has a more significant relationship." *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1515 (1st Cir. 1989). In the case at bar, this principle points to the law of Massachusetts. Plaintiff's claims in this case have no relationship to the State of Texas -- other than the fact that STA is headquartered in Texas. That one fact is not sufficient to warrant the application of Texas law, as the Supreme Court of Texas has held. *See Compaq Computer Corp. v. LaPray,* 135 S.W.3d 657, 681 (Tex. 2004).

Even assuming that Texas breach of warranty law were to apply (it does not), the central allegations of the Plaintiff's UCC claim are the same as those of her UCC claim under Massachusetts law. Accordingly, Count III of the Plaintiff's Complaint fails for the same reasons articulated in Sections A, B, C and D (1), *supra*. Where the consumer avoids the remedy that is provided under an express warranty, the consumer has not been injured by the failure of the warranty remedy, and therefore lacks standing to sue for breach of warranty. *See, e.g.*, *Basham v. Audiovox Corp.*, 198 S.W.3d 9, 11, 13-14 (Ct. App. Tex. 2006) (affirming dismissal of claim for breach of express warranty under the Magnuson-Moss Act); *Henderson v. Ford Motor Co.*, 547 S.W.2d 663, 669 (Ct. App. Tex. 1977) (affirming grant of summary judgment on breach of warranty claim where the Court "concluded that there [was] no evidence that [the defendants] refused to attempt to repair or replace the alleged defective parts").

CONCLUSION

For all of the foregoing reasons, Defendant STA respectfully submits that its Motion for Summary Judgment should be granted.

- 20 -

January 21, 2014

Respectfully submitted,

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

By its attorneys,


/s/ *Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO# 545910)
(rbuchanan@choate.com)
Margaret E. Ives (BBO# 668906)
(mives@choate.com)
Jared M. Barnes (BBO# 679342)
(jbarnes@choate.com)
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
Tel: (617) 248-5000

6019338v2

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically in redacted form on January 28 to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to all counsel on January 21, 2014.

*/s/ Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO# 545910)

6019338v2