UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY ROTHBAUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendant. | NO. 11-CV-10509-MLW |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS and PLAINTIFF'S SEPARATE STATEMENT OF <u>DISPUTED MATERIAL FACTS</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 OF THE United States District Court for the District of Massachusetts, Plaintiff Amy Rothbaum ("Plaintiff") respectfully submits this Response To Defendant STA's Rule 56.1 Statement of Undisputed Material Facts and as Plaintiff's Separate Statement of Disputed Material Facts.

I. **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS**

| Defendant's Citations | Plaintiff's Response |
|---|---|
| 1. Plaintiff Rothbaum purchased her first Samsung Captivate on October 16, 2010 ("the October 2010 Phone"). Second Amended Complaint (the "Complaint" or "Compl."), at ¶ 7. | Admitted. |
| 2. At the time of her purchase, Plaintiff was a New York resident. *Id.* | Admitted. |

1

| | |
|---|---|
| 3. Plaintiff purchased her STA smartphone from an AT&T store in Holyoke, Massachusetts. *Id.* at ¶ 43. | Admitted. |
| 4. Plaintiff now resides in Colorado. Transcript of the Deposition of Amy Rothbaum, dated November 20, 2013 ("Rothbaum Dep."), excerpts attached as Ex. A to the Affidavit of Timothy Rowden ("Rowden Aff."), Dkt. No. 77, at 4:22-24. | Admitted. |
| 5. Rothbaum does not know where the October 2010 Phone is today. Rothbaum Dep., excerpts attached as Ex. K to the Affidavit of Jared M. Barnes ("Barnes Aff."), filed herewith, at 126:5-127:10. She did not return it to AT&T. *Id.* | Denied. Plaintiff Rothbaum testified that she "does not remember" where the October 2010 Phone is today or whether she returned it to AT&T. Transcript of the Deposition of Amy Rothbaum, dated November 20, 2013 ("Rothbaum Dep. Tr.") attached as Exhibit A to the Declaration of Gina M. Tufaro ("Tufaro Decl.") at 126:5-126:15. |
| 6. Plaintiff Rothbaum received another phone of the same model ("the Replacement Phone") in the mail from AT&T in March 2011. *Id.* at 124:14-23. | Admitted. |
| 7. According to Plaintiff Rothbaum, the Replacement Phone has experienced "random shutdown" events. *See, e.g.*, Declaration of Amy Rothbaum, filed October 31, 2013, Dkt. No. 75 ("Rothbaum Decl."), ¶ 14. | Admitted. |
| 8. Each time Plaintiff Rothbaum experienced an alleged shutdown event, she was able to revive the phone by pressing the "on" button, and she did not need to remove and reinsert the battery. Rothbaum Dep., Barnes Aff., Ex. K, at 97:17-23; 108:25-109:23; 119:4-120:22; | Admitted. |

| | |
|---|---|
| 137:9-139:6; 169:23-170:25. | |
| 9. Plaintiff Rothbaum could have sought a remedy from AT&T, which offers an arbitration process. *See* Rowden Aff., Dkt. 77, Ex. B, at pp. 7-9. | Denied. Rothbaum Dep. Tr. at 194:16-23. Plaintiff Rothbaum never received any arbitration agreement from AT&T. |
| 10. Rothbaum did not pursue the AT&T arbitration, however. *See* Rothbaum Dep., Barnes Aff., Ex. K, at 196:6-199:9. | Denied. Rothbaum Dep. Tr. at 194:16-23. Plaintiff Rothbaum never received any arbitration agreement from AT&T. |
| 11. The terms of STA's express warranty state, in part, as follows: SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date: Phone: 1 Year. . . . During the applicable warranty period, SAMSUNG will repair or replace, at SAMSUNG's sole option, without charge to Purchaser, any defective component part of Product. Rowden Aff., Dkt. No. 77, Ex. E, at pp. 190-92. | Admitted. |
| 12. Plaintiff Rothbaum did not contact STA before filing this lawsuit. Rowden Aff., Dkt. No. 77, Ex. D, at p. 3. | Admitted. |
| 13. Plaintiff Rothbaum filed this lawsuit on March 24, 2011. Complaint filed March 24, 2011, Dkt. No. 1. | Admitted. |
| | |

| | |
|---|---|
| 14. After this lawsuit was filed, Plaintiff Rothbaum sent a demand letter to STA under Chapter 93A. *See* Rowden Aff., Dkt. No. 77, Ex. C. | Admitted. |
| 15. STA promptly responded by offering to provide Plaintiff Rothbaum with a "new, fully functioning replacement" smartphone. *See* Rowden Aff., Dkt. No. 77, Ex. D, at p. 3. | Denied. Because 100 % of all the Samsung i897 Phones are defective, STA does not have the ability to provide Plaintiff with a "new, fully functional replacement" Samsung Galaxy S smartphone. ███████████████ ███████████████ ███████████████ |
| 16. Rothbaum never responded to STA's offer. Rowden Aff., Dkt. No. 77, at ¶ 5. | Denied. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss. |
| 17. Plaintiff Rothbaum continued to use the Replacement Phone until September 2012. Rothbaum Dep., Barnes Aff., Ex. K, at 167:20-169:22. At that time she provided the Replacement Phone to her attorneys so that it could be tested in conjunction with this action. *Id.* | Denied. Plaintiff Rothbaum was denied the use of her Replacement Phone because it too was plagued by the Random Shut Down Defect which repeatedly caused the phone to randomly shut down on a continuous basis. Rothbaum Dep. Tr. attached as Exhibit A to the Tufaro Decl. at 134:17-21. |
| 18. STA negotiated for the right to test the Plaintiff's device. *See* Testing Protocol, Barnes Aff., Ex. L. STA was granted the right to test the phone for a period of 72 hours. *Id.*, § II(7). | Denied. Plaintiff never imposed any time limit on the time period during which STA could test Plaintiff's device. *See* Consent Agreement Establishing Non-Destructive Testing Protocol. |
| 19. On behalf of STA, Senior Engineer Matthew Chung performed a set of tests on the Replacement Phone, including: internal and external inspections; power consumption and voltage measurements; powering the device on to check its beginning condition; normal use tests; and placing the phone in standby mode. *See generally* Senior Engineer's Report on the Testing of Amy Rothbaum's | Admitted. |

4

| | |
|---|---|
| Smartphone, Dkt. No. 78 ("Chung Report"). Chung was not able to replicate the "Random Shut Down Defect" alleged in the Complaint. *See id.* at ¶¶ 4-6, 9, 11. | |
| 20. Plaintiff Rothbaum retained as an expert witness Ken Thompson, a mechanical engineer. *See generally* Confidential Expert Report of Ken Thompson Pursuant to Fed. R. Civ. P. 26(a)(2) ("Thompson Report"), Barnes Aff., Ex. A. The Thompson Report was served on October 31, 2013. *Id.* at 12. | Admitted. |
| 21. Thompson states that he observed the Replacement Phone over a period of six days. *Id.* at 7. | Admitted. |
| 22. Thompson did not (i) conduct any analytic tests, (ii) install a SIM card, (iii) observe the phone in its normal condition, or (iv) try to use the phone. Transcript of the Deposition of Ken Thompson, dated November 22, 2013 ("Thompson Dep."), excerpts attached as Ex. J to the Barnes Aff., at 77:18-79:15. | Denied. [redacted] |
| 23. During the fifth day of his observation, according to Thompson, "Plaintiff's Captivate Phone experienced one random shut down event when it was in 'sleep' mode." Thompson Report, Barnes Aff., Ex. A, at pp. 2, 6-8. | Admitted. |
| 24. Thompson was able to revive the phone by holding "the power on/off key down for several seconds," and he did not need to remove and reinsert the battery. Thompson Dep., | Admitted. |

5

| | |
|---|---|
| Barnes Aff., Ex. J, at 85:9-15. | |
| 25. STA retained an expert to analyze the Plaintiff's evidence. Expert Report and Declaration of Joseph C. McAlexander, III ("McAlexander Report"), filed herewith. | Denied. McAlexander did not ever review or analyze the single most important piece of evidence in this case, Plaintiff's Replacement Samsung Phone, nor did he ever even request to inspect this phone. Expert Report and Declaration of Joseph C. McAlexander, III ("McAlexander Report"), filed by Defendant in support of Defendant's Motion for Summary Judgment at 2. |
| 26. Many different factors could contribute to a shut down or freeze of a complex electronic system such as the Captivate. McAlexander Report, ¶¶ 22-29. | Denied. ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ |
| 27. In order to assess what caused the problem with Rothbaum's Replacement Phone, one would need to know what applications were installed by the user, which applications were active, the charge state of the battery, the phone's signal strength, and other detailed information. *Id.* at ¶¶ 3, 47-48, 78-79. | Denied. ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ |
| 28. The cause of Plaintiff Rothbaum's alleged problem has not yet been determined. McAlexander Report, ¶¶ 3, 79; Thompson Dep., Barnes Aff., Ex. J, at 90:20-91:5. | Denied. The cause of "Plainitff's alleged problem" has been identified as the random shut down defect. ████████ ███████████████████ █ |
| 29. Plaintiff Rothbaum loaded several applications on her Replacement Phone -- including Facebook, Twitter, and Words with Friends -- and she used many of the pre-loaded applications as well. Rothbaum Dep., Barnes Aff., Ex. K, at 128:3-133:5. | Admitted. |

| | |
|---|---|
| 30. The Plaintiff's use of these applications may have contributed to the alleged problems. Chung Report, Dkt. No. 78, ¶11; McAlexander Report, ¶¶ 25, 47-48. | Denied. Plaintiff experienced the first random shut down event on her Replacement Samsung Phone within one day of having received that Phone, and *before* Plaintiff had installed or used any of the applications on her Phone. Rothbaum Dep. Tr. attached as Exhibit A to the Tufaro Decl. at 134:17-21. |
| 31. STA is willing and able to replace Plaintiff Rothbaum's Phone. Rowden Aff., Dkt. No. 77, Ex. D, at p. 5. | Denied. Because 100 % of all the Samsung i897 Phones are defective, STA does not have the ability to provide Plaintiff with a "new, fully functional replacement" Samsung Galaxy S smartphone. ████████████████████ ████████████████████████████ ████████████████████ |
| 32. Plaintiff Rothbaum acknowledged at her deposition that the remedy she is seeking is that "[her] phone would be replaced." Rothbaum Dep., Barnes Aff., Ex. K, at 160:23-162:2. | Denied. Plaintiff Rothbaum testified that she is seeking an award of either damages *or* the replacement of her phone with a fully functional phone. Rothbaum Dep. Tr. attached as Exhibit A to the Tufaro Decl. at 160:23-161:2. |
| 33. Many hundreds of thousands of Captivate phones were sold in the United States. *See* Thompson Report, Barnes Aff., Ex. A, at 1; Second Affidavit of Timothy Rowden ("Second Rowden Aff."), filed herewith, Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. G (STA_ROTH STA_ROTH 0000421). | Admitted. |
| 34. Favorable reviews of Samsung's Galaxy S smartphones have been received in well-known publications, such as Consumer Reports, Time Magazine, PC World, and PC Magazine. McAlexander Report, ¶35; Rowden Aff., Dkt. No. 77, Ex. D. Several of these reviews, including a | Admitted. |

| | |
|---|---|
| December 2010 article from Consumer Reports and a July 2010 review from PC Magazine, praised the Captivate in particular. McAlexander Report, Attachment B and n. 12. | |
| 35. Only a minority of the Captivate phones were ever reported to have any problem. Second Rowden Aff., Ex. F (STA_ROTH 0000001); *see also* Barnes Aff., Ex. D (STA_ROTH 0000170); Ex. H (STA_ROTH 0000471). | Denied. ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ |
| 36. Of the minority of phones that were returned, an even smaller minority were said to have a power problem. Barnes Aff., Ex. B (STA_ROTH 0000004) ("a small percentage"); Ex. D (STA_ROTH 0000175); *see also* McAlexander Report, ¶¶ 37, 71-74; Second Rowden Aff., Ex. F (STA_ROTH 0000001). | Denied. ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ |
| 37. Yet the Plaintiff contends that STA is unable to provide a fully functioning replacement. *See* Compl., ¶ 41; Plaintiff Rothbaum's Memorandum of Law In Opposition To Defendant's Motion To Dismiss, Dkt. No. 28, at 13. Apart from the statement of her retained expert, Plaintiff has not submitted any evidence in support of this contention. | Admitted. Because 100 % of all the Samsung i897 Phones are defective, STA does not have the ability to provide Plaintiff with a "new, fully functional replacement" Samsung Galaxy S smartphone. ██████████████████ ██████████████████ ██████████████████ |
| 38. Plaintiff's retained expert, Thompson, purports to form the opinion that 100% of the Captivate phones sold in the United States have the Defect alleged in the Complaint. Thompson Report, Barnes Aff., Ex. A, at 3, 6; *see also* Thompson Dep., Barnes Aff., Ex. J, at 30:19-23. | Denied. Plaintiff's Expert has not "purported" "to form the opinion that 100% of the Captivate phones sold in the United States have the Defect alleged in the Complaint." Rather, Thompson testified that ██████ ██████████████████ ██████████████████ |

| | |
|---|---|
| 39. Thompson based his opinion on (a) his observation of Plaintiff Rothbaum's Replacement Phone and (b) quoting from eight documents produced by STA in this action. Thompson Report, Barnes Aff., Ex. A, at 2-8; Thompson Dep., Barnes Aff., Ex. J, at 73:10- 74:9. | Denied. Plaintiff's Expert, Ken Thompson testified that ████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████ |
| 40. Copies of these eight documents are attached to the Barnes Affidavit as Exhibits B through I. | This is not a proper statement capable of being admitted or denied. |

## II. PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

| Plaintiff's Citations | Defendant's Response |
|---|---|
| 1. Defendant sold approximately ███████ Captivate phones in the United States during the period July 18, 2010 through June 2011. Tufaro Decl. Ex. B. | |
| 2. By October 1, 2010, almost an entire month before Plaintiff purchased her Samsung Phone, the return rate for the Captivate phone ████████ ████████████████████ ████████████ Tufaro Decl. Ex. C at STA-ROTH 0000151. | |
| 3. Samsung determined that the ████████████████████ ████████████████ | |

| | |
|---|---|
| █████████████████████ ███████████████████ ██Tufaro Decl. Ex. D STA_ROTH 0000004. | |
| 4. As of October 1, 2010, prior to Plaintiff's purchase, the Random Shut Down Defect was responsible for over ███ of the overall return rate for the Captivate phone. Tufaro Decl. Ex. E at STA_ROTH 0000552. | |
| 5. For the period September 2010 through July 2011, █████████ ████ of all Captivate phone returns were because of the Random Shut Down Defect. Tufaro Decl. Ex. F. | |
| 6. █████████████████████ █████████ Tufaro Decl. Ex. S at 30-31, 66, 69-72. | |
| 7. By November 6, 2010, Defendant had determined that ████████ ████████████████████████ ████████████████████████ ████████████████Tufaro Decl Ex. E at STA_ROTH 0000551. | |
| 8. By November 6, 2010, Defendant ████████████████████████ ████████████████████. Tufaro Decl Ex. E at STA_ROTH 0000551. | |
| 9. Defendant's solution to ███████ ████████████████████████ ████████████████████████ | |

| | |
|---|---|
| Tufaro Decl Ex. G at STA_ROTH 0000182. | |
| 10. Defendant stated that █████████ ████████████████████ ████████████████████ Tufaro Decl. Ex. I. | |
| 11. ████████████████████ ████████████████████ ██████████████ Tufaro Decl. Ex. B. | |
| 12. Within one and a half months from her date of purchase of her Samsung Phone, Plaintiff began to experience the Random Shut Down Defect. Tufaro Decl. Ex. A at 88-90. | |
| 13. Plaintiff's Samsung Phone randomly shut down on multiple occasions. Tufaro Decl. Ex. A at 102:10-11, 102:17-19, 106:6-19, 107:14-16. | |
| 14. After experiencing multiple instances of the Random Shut Down Defect, Plaintiff visited an AT&T service center for a potential remedy to the Random Shut Down Defect. Tufaro Decl. Ex. A at 108:2-3, 110-112. | |
| 15. The AT&T representative at the service center attempted to perform a "factory reset" of the settings in Plaintiff's Samsung Phone, but such acts did not remedy Plaintiff's situation, as Plaintiff continued to experience the Random Shut Down | |

| | |
|---|---|
| Defect. Tufaro Decl. Ex. A at 111:20-24, 112:7. | |
| 16. In January of 2011, Plaintiff telephoned AT&T to discuss the fact that her Samsung Phone was randomly shutting down. Tufaro Decl. Ex. A at 112-113:3. | |
| 17. In January of 2011, an AT&T representative informed Plaintiff that AT&T would be sending to Plaintiff a new battery. Tufaro Decl. Ex. A at 113:1-3 | |
| 18. Although Plaintiff replaced the battery in her Samsun Phone, Plaintiff's Samsung Phone continued to randomly shut down. Tufaro Decl. Ex. A at 117:3-5, 120:1. | |
| 19. In March of 2011, Plaintiff went to the AT&T store in Holyoke, Massachusetts. Tufaro Decl. Ex. A at 122:21-23. | |
| 20. In March of 2011, an AT&T representative informed Plaintiff at the AT&T store that AT&T would be sending a new Samsung Phone to Plaintiff (the "Replacement Samsung Phone"). Tufaro Decl. Ex. A at 123:6-7. | |
| 21. Plaintiff received her Replacement Samsung Phone in March, 2011. Tufaro Decl. Ex. A at 134:19-21. | |
| 22. Either that same day, or one day later, | |

| | |
|---|---|
| and before Plaintiff had thed opportunity to download or utilize any applications on ther Replacement Samsung Phone, Plaintiff's Replacement Samsung Phone exhibited the Random Shut Down Defect. Tufaro Decl. Ex. A at 134:19-21. | |
| 23. After receiving her Replacement Samsung Phone, Plaintiff's Replacement Samsung Phone "continued to randomly shut down." Tufaro Decl. Ex. K at ¶ 16; Tufaro Decl. Ex. A at 202:18-22. | |
| 24. Plaintiff did not voluntarily turn her Samsung Phone or Replacement Samsung Phone off during any of the episodes of Random Shut Down to which Plaintiff testified. Tufaro Decl. Ex. A at 96:4-7. | |
| 25. Plaintiff did not drain the battery of her Samsung Phone or Replacement Samsung Phone during any of the episodes of Random Shut Down to which Plaintiff testified. Tufaro Decl. Ex. A at 96:16-22, 104:1-13. | |
| 26. Plaintiff did not alter any of the configurations of her Samsung Phone or Replacement Samsung Phone so as to disable standby mode. Tufaro Decl. Ex. A at 121:5, 122:7-8. | |
| 27. Plaintiff did not drop either her Samsung Phone or her Replacement Samsung Phone. Tufaro Decl. Ex. A at 134:4-6. | |

| | |
|---|---|
| 28. During testing of Plaintiff's Replacement Samsung Phone by Plaintiff's Expert, Ken Thompson, Plaintiff's Replacement Phone randomly shut down. Tufaro Decl. Ex. L at 6, 7. | |
| 29. ███████████████ Tufaro Decl. Ex. M. | |
| 30. ███████████████ Tufaro Decl. Ex. N. | |
| 31. ███████████████ Ex. O. | |
| 32. ███████████████ Tufaro Decl. Ex. P. | |
| 33. ███████████████ Tufaro Decl. Ex. Q. | |

Dated: March 19, 2014

AMY ROTHBAUM, individually and on behalf of all others similarly situated,

By her attorneys,

/s/ Edward F. Haber
Edward F. Haber (BBO No. 215620)
ehaber@shulaw.com
Adam M. Stewart (BBO No. 661090)
astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tele: (617) 439-3939
Fax: (617) 439-0134

Paul O. Paradis, admitted *pro hac vice*
pparadis@hhplawny.com
Gina M. Tufaro, admitted *pro hac vice*
gtufaro@hhplawny.com
HORWITZ HORWITZ & PARADIS
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tele: (212) 986-4500
Fax: (212) 986-4501

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 19, 2014.

/s/ Edward F. Haber
Edward F. Haber