<u>REDACTED FOR PUBLIC DOCKET</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
AMY ROTHBAUM, individually and on                   )
behalf of all others similarly situated,            )
                                                    )
           Plaintiff,                               )
                                                    )        No. 11-CV-10509-MLW
v.                                                  )
                                                    )        **[PENDING MOTION FOR**
SAMSUNG TELECOMMUNICATIONS                          )        **LEAVE TO FILE UNDER SEAL -**
AMERICA, LLC,                                       )        **FILED ON MARCH 27, 2014**
                                                    )        **(DKT. NO. 118)]**
           Defendant.                               )
_____)


<u>DEFENDANT STA'S REPLY TO
THE PLAINTIFF'S "SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS"</u>

Defendant Samsung Telecommunications America, LLC ("STA") filed its Motion for

Summary Judgment on January 21, 2014.  As required by Local Rule 56.1, STA submitted a

Statement of Undisputed Material Facts (Dkt. No. 89).  On March 19, 2014, the Plaintiff filed a

pleading titled "Plaintiff's Response To Defendant's Rule 56.1 Statement Of Undisputed

Material Facts and Plaintiff's Separate Statement Of Disputed Materials Facts."  (Dkt. No. 111.)

STA submits this Reply to the Plaintiff's "Separate Statement."

Plaintiff has given two different titles to her Separate Statement.  Page 1 gives it the title

"Plaintiff's Separate Statement of Disputed Material Facts," which suggests that it was submitted

in opposition to summary judgment.  Page 9, in contrast, gives it the title "Plaintiff's Statement

of Uncontroverted Facts," which suggests that it was submitted in support of a motion for

summary judgment.   Plaintiff has not filed a motion for summary judgment herself, however,

and thus STA is unclear what the Plaintiff intends to accomplish by advancing these 33

propositions. In order to avoid confusion, in any event, STA hereby states the following replies, for the purposes of STA's pending motion for summary judgment, to the 33 numbered statements advanced by the Plaintiff.

STA states the following replies for purposes of its summary judgment only. STA reserves the right to submit evidence in opposition to the assertions below, either in a subsequent stage of this proceeding (if any), or in any other proceeding.

### I.       Plaintiff's Statement No. 1

Plaintiff asserts as follows: "Defendant sold approximately ▆▆▆ Captivate phones in the United States during the period July 18, 2010 through June 2011. Tufaro Decl. Ex. B."

STA replies as follows: Admitted.

### II.      Plaintiff's Statement No. 2

Plaintiff asserts as follows: "By October 1, 2010, almost an entire month before Plaintiff purchased her Samsung Phone, the return rate for the Captivate phone ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Tufaro Decl. Ex. C at STA-ROTH 0000151."

STA replies as follows: Denied as misleading. The document cited by the Plaintiff states that, for the month identified, the return rate was ▆▆▆.

### III.     Plaintiff's Statement No. 3

Plaintiff asserts as follows: "Samsung determined that the ▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Tufaro
Decl. Ex. D STA_ROTH 0000004."

STA replies as follows: Denied. Samsung did not use the term defined by the Plaintiff as "Random Shut Down Defect." STA admits that, according to a document STA has produced,



▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ of the Captivate handsets ▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* Affidavit of

Gina M. Tufaro ("Tufaro Decl.") (Dkt. No. 113) (STA_ROTH 0000004) (previously submitted

by STA as Ex. D to the Affidavit of Jared M. Barnes ("Barnes Aff.") (Dkt. No. 91)).

### IV.   Plaintiff's Statement No. 4

Plaintiff asserts as follows:  "As of October 1, 2010, prior to Plaintiff's purchase,
the Random Shut Down Defect was responsible for over ███ of the overall return
rate for the Captivate phone.  Tufaro Decl. Ex. E at STA_ROTH 0000552."

STA replies as follows:  Denied.  Samsung did not use the term defined by the Plaintiff as

"Random Shut Down Defect."  The percentage figure cited by the Plaintiff refers to the heading

"Phone Powers On/Off," which encompasses all power-related problems.  *See* Tufaro Decl., Ex.

E (STA_ROTH 0000552) (previously submitted by STA as Ex. I to the Barnes Aff.).  Power-

related problems are of many different types.  *See id.* (STA_ROTH 0000554).  Complex

electronic devices shut down for many reasons, and this is common knowledge.  What a

consumer characterizes as a power-related problem could involve a battery that does not charge,

or physical damage to a charging port, or a problem with the operating system, or a problem

arising from the interaction of applications.  There are many different root causes depending on

the individual characteristics of the phone and its use.  *See* Expert Report of Joseph

McAlexander (Dkt. No. 93), ¶¶22-29.

### V.   Plaintiff's Statement No. 5

Plaintiff asserts as follows:  "For the period September 2010 through July 2011,
████████████ of all Captivate phone returns were because of the Random
Shut Down Defect.  Tufaro Decl. Ex. F."

STA replies as follows:  Denied.  Samsung did not use the term defined by the Plaintiff as

"Random Shut Down Defect."  The percentage figure cited by the Plaintiff refers to the heading

"Phone Powers On/Off," which encompasses all power-related problems.  *See* Tufaro Decl., Ex.

F (STA_ROTH 0000420) (previously submitted by STA as Ex. G to the Barnes Aff.).  Power-

related problems are of many different types and have many different root causes.  *See* Reply to Plaintiff's Statement No. 4, *supra*.

**VI.**   **Plaintiff's Statement No. 6**

Plaintiff asserts as follows:   █████████████████████████████
Tufaro Decl. Ex. S at 30-31, 66, 69-72."

STA replies as follows:  Denied.  *See* Tufaro Decl., Ex. S, Transcript Ex. 6 (STA_ROTH 0000001) (previously submitted by STA as Ex. F to the Second Affidavit of Timothy Rowden ("Second Rowden Aff.") (Dkt. No. 92)); Ex. G (STA_ROTH 0000170 and STA_ROTH 0000174) (previously submitted by STA as Ex. D to the Barnes Aff.); Ex. F (STA_ROTH 0000420) (previously submitted by STA as Ex. G to the Barnes Aff.); Ex. P (STA_ROTH 0000471) (previously submitted by STA as Ex. H to the Barnes Aff.).

**VII.**   **Plaintiff's Statement No. 7**

Plaintiff asserts as follows:  "By November 6, 2010, Defendant had determined that '████████████████████████████████████████████████████'  Tufaro Decl. Ex. E at STA_ROTH 0000551."

STA replies as follows:  Denied as written.  The document cited demonstrates that ██████ ████████████████████████████████████████████████████████████.  *See* Tufaro Decl., Ex. G (STA_ROTH 0000174) (previously submitted by STA as Ex. D to the Barnes Aff.); Ex. F (STA_ROTH 0000420) (previously submitted by STA as Ex. G to the Barnes Aff.); Ex. P (STA_ROTH 0000471) (previously submitted by STA as Ex. H to the Barnes Aff.); *see also* Tufaro Decl., Ex. D (STA_ROTH 0000004) (previously submitted by STA as Ex. B to the Barnes Aff.) ("███████████████████████████████████ ████████████████████████████████").

**VIII.    Plaintiff's Statement No. 8**

Plaintiff asserts as follows:   "By November 6, 2010, Defendant ██████
██████.  Tufaro Decl. Ex.
E at STA_ROTH 0000551."

STA replies as follows:  STA admits that the ████████████████████████

████████████████████████████████████████████████████████

██████████████    *See* Tufaro Decl., Ex. D (STA_ROTH 0000004) (previously

submitted by STA as Ex. B to the Barnes Aff.); *see also* Barnes Aff., Ex. C (STA_ROTH

0000133).

**IX.    Plaintiff's Statement No. 9**

Plaintiff asserts as follows:   "Defendant's solution to ███████████████████
████████████████████████████████████████ Tufaro
Decl. Ex. G at STA_ROTH 0000182."

STA replies as follows:  STA admits that ██████████████████████████

████████████████████████████████  ████████████

██████████████████████.  *See* Tufaro Decl., Ex. D (STA_ROTH

0000004) (previously submitted by STA as Ex. B to the Barnes Aff.).

**X.    Plaintiff's Statement No. 10**

Plaintiff asserts as follows:   "███████████████████████████████████████
Tufaro Decl. Ex. I."

STA replies as follows:  Denied as misleading.  STA admits that the Plaintiff has

paraphrased one email produced by STA.  However, ████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████.  *See* Tufaro

Decl., Ex. S, Transcript Ex. 6 (STA_ROTH 0000001) (previously submitted by STA as Ex. F to

the Second Rowden Aff.);  *see also* McAlexander Report (Dkt. No. 93), ¶71.  Moreover, power-

related problems are of many different types and have many different root causes.  *See* Reply to Plaintiff's Statement No. 4, *supra*.

### XI.    <u>Plaintiff's Statement No. 11</u>

Plaintiff asserts as follows:  " . Tufaro Decl. Ex. B."

STA replies as follows:  STA denies that ▓▓▓▓ of the Captivate phones manufactured in March 2011 were returned.  Plaintiff cites one document, which reflects that there were ▓▓▓▓ Captivate phones manufactured in March 2011.  *See* Tufaro Decl., Ex. B (STA_ROTH 0000473) (previously submitted by STA as Ex. H to the Barnes Aff.).  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

### XII.   <u>Plaintiff's Statement No. 12</u>

Plaintiff asserts as follows:  "Within one and a half months from her date of purchase of her Samsung Phone, Plaintiff began to experience the Random Shut Down Defect.  Tufaro Decl. Ex. A at 88-90."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, her first Samsung phone began to shut down within one and one-half months after she purchased the phone.  Plaintiff has not demonstrated, however, that this condition resulted from a defect in the phone.  STA therefore denies the Plaintiff's Statement No. 12.

### XIII.  <u>Plaintiff's Statement No. 13</u>

Plaintiff asserts as follows:  "Plaintiff's Samsung Phone randomly shut down on multiple occasions.  Tufaro Decl. Ex. A at 102:10-11, 102:17-19, 106:6-19, 107:14-16."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, her phone shut down at random on more than one occasion.

### XIV.  Plaintiff's Statement No. 14

Plaintiff asserts as follows:  "After experiencing multiple instances of the Random Shut Down Defect, Plaintiff visited an AT&T service center for a potential remedy to the Random Shut Down Defect.  Tufaro Decl. Ex. A at 108:2-3, 110-112."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the

Plaintiff visited an AT&T store.  *See* Rothbaum Dep., Tufaro Decl., Ex. A at 107:17-21.  STA

does not admit that the store was a "service center."

### XV.   Plaintiff's Statement No. 15

Plaintiff asserts as follows:  "The AT&T representative at the service center attempted to perform a 'factory reset' of the settings in Plaintiff's Samsung Phone, but such acts did not remedy Plaintiff's situation, as Plaintiff continued to experience the Random Shut Down Defect.  Tufaro Decl. Ex. A at 111:20-24, 112:7."

STA replies as follows:  According to the testimony of the Plaintiff, the Plaintiff

continued to observe her phone shut down at random on occasion.  Plaintiff has not demonstrated

that this resulted from a defect, however.  Accordingly, STA denies the Plaintiff's Statement No.

15.

### XVI.  Plaintiff's Statement No. 16

Plaintiff asserts as follows:  "In January of 2011, Plaintiff telephoned AT&T to discuss the fact that her Samsung Phone was randomly shutting down.  Tufaro Decl. Ex. A at 112-113:3."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the

Plaintiff telephoned AT&T to complain.

### XVII.  Plaintiff's Statement No. 17

Plaintiff asserts as follows:  "In January of 2011, an AT&T representative informed Plaintiff that AT&T would be sending to Plaintiff a new battery.  Tufaro Decl. Ex. A at 113:1-3."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, an

AT&T representative informed the Plaintiff that AT&T would be sending a new battery.

### XVIII.   Plaintiff's Statement No. 18

Plaintiff asserts as follows:   "Although Plaintiff replaced the battery in her Samsun *[sic]*   Phone, Plaintiff's Samsung Phone continued to randomly shut down.  Tufaro Decl. Ex. A at 117:3-5, 120:1."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the

Plaintiff replaced the battery in her Samsung phone, and thereafter she observed that the phone

shut down at random.

### XIX.   Plaintiff's Statement No. 19

Plaintiff asserts as follows:  "In March of 2011, Plaintiff went to the AT&T store in Holyoke, Massachusetts.  Tufaro Decl. Ex. A at 122:21-23."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the

Plaintiff went to the AT&T store in Holyoke, Massachusetts in March of 2011.

### XX.   Plaintiff's Statement No. 20

Plaintiff asserts as follows:  "In March of 2011, an AT&T representative informed Plaintiff at the AT&T store that AT&T would be sending a new Samsung Phone to Plaintiff (the 'Replacement Samsung Phone').  Tufaro Decl. Ex. A at 123:6-7."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, an

AT&T representative informed the Plaintiff that AT&T would be sending her a new Samsung

phone.

### XXI.   Plaintiff's Statement No. 21

Plaintiff asserts as follows:  "Plaintiff received her Replacement Samsung Phone in March, 2011.  Tufaro Decl. Ex. A at 134:19-21."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the

Plaintiff received a replacement Samsung phone in March 2011.

### XXII.   Plaintiff's Statement No. 22

Plaintiff asserts as follows:  "Either that same day, or one day later, and before Plaintiff had thed *[sic]* opportunity to download or utilize any applications on ther *[sic]* Replacement Samsung Phone, Plaintiff's Replacement Samsung Phone exhibited the Random Shut Down Defect.  Tufaro Decl. Ex. A at 134:19-21."

STA replies as follows:  The testimony given by the Plaintiff does not state that the Replacement Phone shut down before the Plaintiff had the opportunity to download or utilize any applications.  Therefore STA denies Statement No. 22.

### XXIII.  Plaintiff's Statement No. 23

Plaintiff asserts as follows:  "After receiving her Replacement Samsung Phone, Plaintiff's Replacement Samsung Phone 'continued to randomly shut down.' Tufaro Decl. Ex. K at ¶  16; Tufaro Decl. Ex. A at 202:18-22."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, her replacement phone shut down at random more than once.

### XXIV.  Plaintiff's Statement No. 24

Plaintiff asserts as follows:  "Plaintiff did not voluntarily turn her Samsung Phone or Replacement Samsung Phone off during any of the episodes of Random Shut Down to which Plaintiff testified.  Tufaro Decl. Ex. A at 96:4-7."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the Plaintiff did not turn off her phone during the occasions when her two phones shut down.

### XXV.  Plaintiff's Statement No. 25

Plaintiff asserts as follows:  "Plaintiff did not drain the battery of her Samsung Phone or Replacement Samsung Phone during any of the episodes of Random Shut Down to which Plaintiff testified.  Tufaro Decl. Ex. A at 96:16-22, 104:1-13."

STA replies as follows:  Denied.  Plaintiff testified that she did not believe the battery had died, but she also testified that she had not checked the power level of the battery.  *See* Rothbaum Dep., Tufaro Decl., Ex A, at 96-97, 104.

### XXVI.  Plaintiff's Statement No. 26

Plaintiff asserts as follows:  "Plaintiff did not alter any of the configurations of her Samsung Phone or Replacement Samsung Phone so as to disable standby mode. Tufaro Decl. Ex. A at 121:5, 122:7-8."

STA replies as follows:  STA admits that, according to the testimony of the Plaintiff, the Plaintiff did not alter any of the configuration of either phone so as to disable standby mode.

Case 1:11-cv-10509-MLW   Document 121   Filed 03/31/14   Page 10 of 14

### XXVII. Plaintiff's Statement No. 27

Plaintiff asserts as follows:  "Plaintiff did not drop either her Samsung Phone or her Replacement Samsung Phone.  Tufaro Decl. Ex. A at 134:4-6."

STA replies as follows:  STA admits that the Plaintiff testified she did not drop either of her phones.  Based on ordinary experience, however, it is likely that, at some time or another, Plaintiff did drop each of these phones.

### XXVIII.        Plaintiff's Statement No. 28

Plaintiff asserts as follows:  "During testing of Plaintiff's Replacement Samsung Phone by Plaintiff's Expert, Ken Thompson, Plaintiff's Replacement Phone randomly shut down.  Tufaro Decl. Ex. L at 6, 7."

STA replies as follows:  STA admits that, according to the testimony of Plaintiff's expert, Ken Thompson, Thompson observed that the phone shut down one time during a period of six days of observation.

### XXIX. Plaintiff's Statement No. 29

Plaintiff asserts as follows:  " ██████████████████████████
████████████   Tufaro Decl. Ex. M."

STA replies as follows:  Denied as misleading.  The document cited by the Plaintiff does not indicate that the return rate for the Captivate was ever ████████.  Only a small minority of the Captivate phones were ever returned for any reason.  *See* Tufaro Decl., Ex. S, Transcript Ex. 6 (STA_ROTH 0000001) (previously submitted by STA as Ex. F to the Second Rowden Aff.); Ex. G (STA_ROTH 0000170) (previously submitted by STA as Ex. D to the Barnes Aff.); Ex. P (STA_ROTH0000471) (previously submitted by STA as Ex. H to the Barnes Aff.).  The document cited by the Plaintiff indicates that, out of this minority percentage that were returned, in some cases the reason was identified as related to power, and this percentage ranged from around ███ to around ███.  Power-related problems are of many different types and have many

different root causes.  *See* Reply to Plaintiff's Statement No. 4, *supra*.  STA does not admit that all of the phones returned for a power-related reason were in fact defective.  For example, as shown in document STA_ROTH 0000554, Samsung conducted a ███████████████████ ████████████████████████████████████████████████████████████████████ █████████████████████.  *See* Tufaro Decl., Ex. E (STA_ROTH 0000554) (previously submitted by STA as Barnes Aff., Ex. I).  *See also* McAlexander Report, ¶70.

### XXX.  Plaintiff's Statement No. 30

Plaintiff asserts as follows:  "████████████████████████████████████ Tufaro Decl. Ex. N."

STA replies as follows:  Samsung did not use the term defined by the Plaintiff as "Random Shut Down Defect."  The percentage figure cited by the Plaintiff refers to the heading "Phone Powers On/Off," which encompasses all power-related problems.  *See* Tufaro Decl., Ex. E (STA_ROTH 0000551) (previously submitted by STA as Ex. I to the Barnes Aff.).  Power-related problems are of many different types and have many different root causes.  *See* Reply to Plaintiff's Statement No. 4, *supra*.  Moreover, the same document cited by the Plaintiff shows that, as of January 2011, the total monthly return rate for all reasons was approximately ██.

### XXXI.  Plaintiff's Statement No. 31

Plaintiff asserts as follows:  "████████████████████████████████████ ████████████████████████ Tufaro Decl. Ex. O."

STA replies as follows:  Samsung did not use the term defined by the Plaintiff as "Random Shut Down Defect."  The percentage figure cited by the Plaintiff refers to the heading "Phone Powers On/Off," which encompasses all power-related problems.  *See* Tufaro Decl., Ex. O (STA_ROTH 0000252).  In addition, the Plaintiff's assertion is misleading, because many of the units that were returned in March 2011 ██████████████████████████████████.

*See* Tufaro Decl., Ex. S, Transcript Ex. 6 (STA_ROTH 0000001) (previously submitted by STA as Ex. F to the Second Rowden Aff.).

**XXXII. Plaintiff's Statement No. 32**

Plaintiff asserts as follows:  "



Tufaro Decl. Ex. P."

STA replies as follows:  Samsung did not use the term defined by the Plaintiff as "Random Shut Down Defect."  The percentage figure cited by the Plaintiff refers to the heading "Phone Powers On/Off," which encompasses all power-related problems.  *See* Tufaro Decl., Ex. P (STA_ROTH 0000471) (previously submitted by STA as Ex. H to the Barnes Aff.).  Power-related problems are of many different types and have many different root causes.  *See* Reply to Plaintiff's Statement No. 4, *supra*.  The same document cited by the Plaintiff states that in July 2011 the total monthly return rate for all reasons was ▮▮▮.  In addition, the Plaintiff's assertion is irrelevant and misleading, because many of the units that were returned in July 2011 ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Tufaro Decl., Ex. S, Transcript Ex. 6 (STA_ROTH 0000001) (previously submitted by STA as Ex. F to the Second Rowden Aff.).

**XXXIII.       Plaintiff's Statement No. 33**

Plaintiff asserts as follows:  "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Tufaro Decl. Ex. Q."

STA replies as follows:  The document cited by the Plaintiff is titled "Total AT&T Returns By Model By Month To STA."  *See* Tufaro Decl., Ex. Q (STA_ROTH 0000467) (previously submitted by STA as Exhibit H to the Barnes Aff.).  The document covers the months March to August 2011.  STA admits that, over these months, according to this document, the number of Captivate devices returned for all reasons totaled ▮▮▮.  Plaintiff does not specify what she means by a "similar model" -- perhaps the Plaintiff is referring to smartphones

manufactured by other companies, or perhaps she is referring to other smartphones manufactured

by Samsung -- and therefore STA denies the remaining portion of Statement No. 33.

Respectfully submitted,

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

By its attorneys,

/s/ *Robert M. Buchanan, Jr.*
Robert M. Buchanan, Jr. (BBO# 545910)
(rbuchanan@choate.com)
Margaret E. Ives (BBO# 668906)
(mives@choate.com)
Jared M. Barnes (BBO# 679342)
(jbarnes@choate.com)
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
Tel: (617) 248-5000

March 31, 2014

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically in redacted form to the registered participants as identified on the Notice of Electronic Filing (NEF) and that unredacted copies will be sent to all counsel via email and overnight mail on March 31, 2014.  STA has filed a motion for leave to submit under seal the unredacted full-text version of this document, and that motion remains pending.

                                           /s/ *Robert M. Buchanan, Jr.*
                                         Robert M. Buchanan, Jr. (BBO# 545910)

6089809